IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 23-198-CJB |
| v. ) | |
| ) | |
| AXION BIOSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM ANDREW C. MAYO**

*Of Counsel:*

David M. Maiorana
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939

Ryan K. Walsh
Geoffrey K. Gavin
Laura M. Kanouse
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
(404) 521-3939

Dated: August 23, 2023

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Axion Biosystems, Inc.*

{01933387;v1 }

Dear Judge Burke:

    Along with Jones Day, we represent defendant Axion Biosystems, Inc. ("Axion") in the above patent infringement and false advertising matter against plaintiff Agilent Technologies, Inc. ("Agilent"). We submit this letter brief at the Court's direction to respectfully ask the Court to resolve the lone outstanding dispute regarding the Proposed Protective Order ("PPO").

- Whether "competitive decision makers" should be expressly prohibited from access to the lowest tier of "Confidential" information in a PPO that provides for three tiers of designations?

### I. Two Axion Employees With Primary Responsibility for This Litigation Should Have Access to the Lowest Tier of Confidential Information.

    There is no legitimate reason to prevent any Axion employee with primary responsibility for this litigation from having access to information designated "Confidential" under the PPO, which the parties agree should include three tiers: (1) Confidential, (2) Highly Confidential – Attorneys' Eyes Only, and (3) Highly Confidential – Attorneys' Eyes Only – Source Code. Notwithstanding these three tiers, Agilent maintains that only employees who are not "competitive decision makers" should have access to even the lowest tier of "Confidential" information.

    Agilent's position is flawed on multiple levels. First, while Agilent is a large, publicly-traded company that employs in-house attorneys, Axion is a small company with no in-house counsel. It is therefore highly likely that Agilent will consider any Axion employee who could reasonably assist outside counsel in this litigation to be a "competitive decision-maker." *Cf. Ferring Pharms., Inc. v. Teva Pharms. USA, Inc.*, No. 1:17-cv-00435-RGA, D.I. 56 at 2 (D. Del. Dec. 11, 2017) (finding that "competitive decision making" involves participation in decisions made in light of information about a competitor).

    Judge Robinson noted the inequities in such a situation in *AutoZone Inc. v. Tri-State Auto Outlet, Inc.*, No. 04-103, D.I. 33, Hrg. Tr. 11:13-12:8 (D. Del. Aug. 5, 2004), attached as Exhibit A. There, Judge Robinson allowed a sole-proprietor, without in-house counsel, access to ***all*** documents, stating:

> [I]t's always been our court's practice to allow someone from the company to have access [to all documents]. Otherwise the client who is responsible for making ultimately the decision of where to go doesn't have the information he or she or it needs to make those important decisions. So we start with the principle that someone from the company needs to have access to almost all the information. Otherwise, the lawyers are running the show and I don't think that is a good idea.

*Id.* Judge Robinson's reasoning is even more compelling here, where the dispute is only about access to the lowest tier of "Confidential" information, as opposed to all documents.

{01933387;v1 }    1

Indeed, disputes over access by "competitive decision makers'" typically arise regarding the upper tiers of a protective order, such as Highly Confidential – Attorneys' Eyes Only.  *See, e.g.*, *Ferring Pharms.*, No. 17-435, D.I. 56 at 2 (dispute over who should have access to Defendant's ANDA and ANDA-related materials); *R.R. Donnelley & Sons Co. v. Quark, Inc.*, No. 06-32-JJF, 2007 WL 61885 at *1-2 (D. Del. Jan. 4, 2007) (dispute over access to "Attorneys' Eyes Only" information).  In contrast, Judges in Delaware routinely grant employees access to confidential information.  *See NEC Corp. v. Our Body Electric, Inc.*, No. 22-986-CJB, D.I. 46 at 4-5 (D. Del. Mar. 30, 2023) (allowing employees assisting in litigation to see confidential information); *The Nielsen Company (US), LLC v. Tvision Insights, Inc.*, No. 22-57-CJB, D.I. 22 at 10-11 (D. Del. May 11, 2022) (same).  Here, the PPO's Prosecution Bar – which only applies to individuals with access to the Highly Confidential and Source Code tiers – further highlights the lower sensitivity of the information in the lowest "Confidential" tier.  PPO § 23.

Second, the PPO provides multiple safeguards to address any legitimate confidentiality concerns.  For example, to the extent it is justified, Agilent can designate information Highly Confidential, restricting access to outside counsel.  Additionally, the Parties may object to any specific employee before that employee gains access to "Confidential" information.  PPO § 5.

Third, Agilent has previously agreed to protective orders that do not prohibit competitive decision makers from access to the lowest tier, even when involving a competitor.  *See Synthego Corp. v. Agilent Techs., Inc.*, No. 5:21-cv-07801, D.I. 125 at 8 (N.D. Cal. Nov. 15, 2022) (protective order allowing "officers, directors, and employees . . . of the receiving party to whom disclosure [was] reasonably necessary for [the] litigation" to access Confidential information in competitor patent case) (attached as Exhibit B); *Enzo Life Sciences Inc. v. Agilent Techs. Inc.*, No. 12-434-LPS, D.I. 36 at 4 (D. Del. Apr. 25, 2013) (protective order allowing "up to four employees of each party, which employees are reasonably involved in the prosecution or defense of these actions" access to Confidential information in competitor patent case) (attached as Exhibit C); *Agilent Techs., Inc., v. Kirkland*, No. 3512-VCS (Del. Ch. Aug. 1, 2008) (protective order allowing "designated directors and officers of the Parties who are assisting the Parties in the Litigation" to access Confidential material in a trade secret case) (attached as Exhibit D).

Axion therefore respectfully requests that the Court approve Axion's proposed language for Section 4(c) of the draft PPO.

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

cc: All Counsel of Record (via electronic mail; w/attachments)