# EXHIBIT A

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   AUTOZONE INC., a Nevada
     corporation, and SPEEDBAR
     INC., a Nevada corporation,    :    CIVIL ACTION

 5                                   :

 6           Plaintiffs,            :

 7           v.                      :

     TRI-STATE AUTO OUTLET, INC.,    :
 8   a Delaware corporation, and    :
     ROBERT MOSEDER, a Delaware     :
 9   citizen,                        :

10           Defendants.            :    NO. 04-103 (SLR)

                                   - - -
11
                      Wilmington, Delaware
12          Tuesday, August 3, 2004 at 4:40 o'clock, p.m.

13                          - - -

14   BEFORE:    HONORABLE SUE L. ROBINSON, CHIEF JUDGE

15
     APPEARANCES:
16
         MONTGOMERY McCRACKEN WALKER & RHOADS
17       BY:  RICHARD MONTGOMERY DONALDSON, ESQ.
              -and-
18       SHAW PITTMAN, LLP
         BY:  ALAN S. COOPER, ESQ., and
19            ALISA KEY, ESQ.
              (Washington, District of Columbia)
20
                   Counsel for Plaintiffs
21
         MORRIS NICHOLS ARSHT & TUNNELL
22       BY:  KAREN JACOBS LOUDEN, ESQ., and
              JAMES W. PARRETT, JR., ESQ.
23
                   Counsel for Defendants
24

25                         Brian P. Gaffigan
```

Page 2

```
 1                    - oOo -

 2           P R O C E E D I N G S

 3        (Proceedings commenced at 4:40 p.m.)

 4        THE COURT:  Hi, counsel.  Thanks for coming in.

 5   I didn't feel like making the attorneys clean up because

 6   we're not done with our suppression hearing yet, so I will be

 7   going back to that when we're done here.

 8        I did get a letter about a couple of issues that

 9   you all want to address so why don't we begin.  I don't know

10   whose issues they are and what does it take.  Who wants to

11   take the lead?

12        MR. COOPER:  The first one, the contention

13   depositions relates to an objection that the defendants

14   have interposed with respect to several paragraphs in a

15   Rule 30(b)(6) notice of taking deposition of the corporate

16   defendant.  Defendants' counsel have been kind enough to

17   provide us with copies of some transcripts of hearing before

18   you, your Honor, and other judges dealing with contention

19   discovery.  However, I really don't believe that this is

20   the type of contention discovery that was being addressed

21   in what appeared to be the patent cases that were involved

22   in those transcripts.

23        We're not asking a lay witness to explain the

24   legal basis or the legal foundation or articulate what the

25   contention means.  What we're really trying to do is find out
```

Page 3

```
 1   what facts there are that support various defenses that the

 2   defendants have asserted.  For example, their second defense

 3   is laches.  One of the elements of laches that they have

 4   the burden of proving is that there is detrimental reliance

 5   or prejudicial reliance on whatever delay has occurred.

 6   Presumably, that is going to be proved at trial through the

 7   testimony of a witness.  I think we're entitled to depose

 8   that witness.

 9        THE COURT:  Don't use that word.  I don't like

10   the word "entitled" because we're really entitled to very

11   little in this life, despite what some of our politicians

12   try to tell us.

13        MR. COOPER:  It's from one of my daughters.

14   But apart from that, it's our position we need to take the

15   deposition to find out what that testimony is going to be at

16   trial and that interrogatories really are not a satisfactory

17   substitute.  I'm not interested in what my learned adversary

18   has to say about what the facts are.  I want to find out

19   what the witness is going to say.  I want to have the ability

20   to ask follow-up questions, to judge what the witness's

21   credibility is going to be at trial.  I think these are all

22   legitimate areas for discovery and can't really be dismissed

23   as contention discovery.

24        They've also asserted as a defense that there

25   is no likelihood of confusion.  It's not -- I mean that is
```

Page 4

```
 1   essentially an argument denial because we have the burden of

 2   proof on that but they have asserted that as a defense, and

 3   I think we're entitled to interrogate a witness about what

 4   facts support that defense.  I have covered the same areas

 5   in their 30(b)(6) notice directed to us, to the plaintiffs.

 6        THE COURT:  Well, first of all, as a judge who

 7   has been on the bench for awhile, you get to the point where

 8   you lay out rules.  You don't want to go back and completely

 9   have to reinvent the rule and draw the line again.  So

10   basically if you both agree to take contention depositions,

11   that's fine.  But generally, I don't believe that contention

12   depositions are the way to go.

13        The way I think you need to go is to go through

14   interrogatories, through which you find out who has these

15   facts, and then you depose those people.  They might in fact

16   be the same people but I just don't believe that I want to

17   be in the business of saying, yes, this is a good contention

18   deposition or this is a bad contention deposition.  I don't

19   have the time for that.

20        So if you have asked what do you base your

21   defense of laches on and who has the information, then, yes,

22   you can go and ask that person what facts they know; but just

23   to go in and say we want a 30(b)(6) deposition, I just won't

24   allow it that way.  So it's a matter of form but it makes

25   my life easier because I don't have of those arguments about
```

Page 5

1 whether it's a good contention deposition or a bad contention
2 deposition. Now, if you are both having contention deposit-
3 ions and that's a whole different point, you can agree to do
4 whatever you want to do. But when you come to me, I have
5 rules. You live with them.
6        MS. JACOBS LOUDEN: Your Honor, we have not
7 opposed contention depositions. Perhaps the easiest way for
8 me to explain it is just to show your Honor the notice which,
9 first, let me show it to you.
10       The first 10 topics are seeking facts and we
11 agreed to provide a witness on those first 10 topics which
12 will go to the underlying factual basis. The topics that we
13 have objections to are, for example, Topic No. 19 which is
14 flagged at the end which asks for the factual basis for the
15 affirmative defense pleaded in the answer, each purported
16 claim alleged therein is barred because there was no like-
17 lihood of confusion. Well, likelihood of confusion is a
18 legal test that involves the application of 10 factors in
19 the Third Circuit.
20       THE COURT: Well, you have won this. I don't
21 want to fight over what I have just given you. I thought the
22 allegation was that you in fact asked for the same sort of
23 information in your 30(b)(6).
24       MS. JACOBS LOUDEN: Yes, that is not correct,
25 judge.

Page 6

1        THE COURT: So if you want to show me your
2 30(b)(6), I'm happy to look at it, but you have won. I know
3 you get paid to talk to me, but really --
4        MR. COOPER: I apologize for not having a clean
5 copy to pass around, but this is the defendants' notice of
6 taking deposition of one of the corporate plaintiffs. I have
7 highlighted paragraphs six, seven, eight, nine and twelve
8 which are directed to the likelihood of confusion factors
9 number of them in the Third Circuit and those factors are
10 all factual in nature. It seems to me that the defendants
11 want the same type of discovery that they're denying us.
12       THE COURT: They just asked in a different way.
13 You asked it generally as what are your facts that support
14 your defense, and they've said give me so someone who can
15 talk about X-Y-Z, et cetera.
16       MR. COOPER: (Nodding yes.)
17       MS. JACOBS LOUDEN: And they have done the same
18 in their topics one to ten, and we're providing a witness on
19 topics one to ten.
20       THE COURT: So, in other words, is this all a
21 matter of semantics, basically?
22       MS. JACOBS LOUDEN: I don't think so, your
23 Honor. If I could? Just for the reason you articulated, we
24 don't want to have to put a witness up who can go through
25 each of the 10 factors and memorize the 10 factors and come

Page 7

1 up with our positions on each of the 10 factors if there are
2 particular issues that both sides have outlined we'll provide
3 a witness and they'll provide a witness.
4        THE COURT: One of the reasons that I have
5 always taken the position that it's not the best way or
6 even a fair way to have a witness is because generally the
7 facts are for more than one witness. To have a corporate
8 representative gather knowledge isn't as good, I believe, as
9 having the people who have the specific areas of information.
10 So this is the matter of semantics, but I think if all you
11 have to do is change it to whatever factual bases they're
12 supposed to have for laches, I would think that they will
13 provide someone to respond to that.
14       MR. COOPER: We can handle it that way. The
15 reason we did not serve interrogatories asking for the
16 identity of a witness, essentially there were two reasons:
17       First, it was our understanding, based on the
18 search we did, that the defendant is a relatively small
19 operation and the individual defendant is the principal
20 and we assumed he is the person who has knowledge. He is
21 the person who has been designated for the other areas.
22       The second is, in my experience, serving
23 interrogatories asking the factual basis isn't going to
24 provide the same kind of information.
25       THE COURT: Well, I'm not sure I'm asking to you

Page 8

1 do that now. What I hear the defendant saying is that if you
2 break down your notice of deposition into the specific facts
3 that you believe the defendant would have to prove, to prove
4 laches, just like this, that they would.
5        MR. COOPER: That's fine. We'll serve an amended
6 notice.
7        THE COURT: It seems to me that covers it.
8        MR. COOPER: I would like to say there are some
9 areas in reviewing our notice that I think are essentially
10 legal issues that I, in the amended notice, I will not
11 pursue. For example, the applicable statute of limitations.
12 In the first place, there isn't one, period, and the second
13 is lack of standing because I don't think that a lay witness
14 is going to be able to provide factual information. So we
15 will handle that a different way.
16       THE COURT: All right. I appreciate that. And
17 actually, I appreciate the fact or the information, the
18 opinion that asking to give me someone who can talk about
19 your defense is different than give me someone who can talk
20 about these facts that you need to prove your defense. I
21 think that is a better way of doing it and easier than asking
22 those sort of interrogatories.
23       MR. COOPER: All right.
24       THE COURT: All right?
25       MR. COOPER: That's fine.

Page 9

1    THE COURT: Is there anything else about
2  contention depositions?
3    MS. JACOBS LOUDEN: I believe that is it, your
4  Honor.
5    THE COURT: The next thing on the agenda that I
6  have is scheduling of depositions.
7    MS. JACOBS LOUDEN: Well, your Honor, we used
8  well the time that you were in hearing to take a visit
9  over to Judge Thynge's courtroom because the difficulty that
10 we were having is we had a mediation date coming up and
11 witnesses were unavailable. Fortunately, Judge Thynge was
12 able, amazingly, to give us a date to resolve that issue.
13   THE COURT: That is amazing.
14   MS. JACOBS LOUDEN: So you can take that off, and
15 we were able to resolve that on our own.
16   THE COURT: And the last issue, on the written
17 agenda anyway, is entry of protective order.
18   MR. PARRETT: I'm happy to speak to that. My
19 name is James Parrett. It's a pleasure to appear before
20 you.
21       The issue we have with the protective order is
22 essentially who can see the documents under the protective
23 order. The plaintiffs proposed a two-tier protective order.
24 We think it's only necessary to have a single-tier confident-
25 ial protective order. Under the system the plaintiffs had

Page 10

1  proposed, their in-house counsel would have access to all
2  the information under both tiers of confidentiality but our
3  client wouldn't be able to get access to that information.
4        Our client is a single proprietor of a car
5  dealership and he just doesn't have any in-house counsel to
6  satisfy that. But we think it's important that our client
7  have access to information so he can provide them with
8  meaningful litigation advice. He is the only person who can
9  make these litigation decisions. He is the person that has
10 to make the call on whether to settle or go forward with the
11 litigation. And to be able to do that, we have to be able to
12 speak with him frankly and realistically about what is going
13 on with the case.
14       We understand they have some concerns over the
15 sensitivity of the information and we don't think there is
16 any competitive concerns here. Our client is a car dealer.
17 The plaintiffs sell auto parts. We think they're not com-
18 petitors to each other. Moreover, our clients agree to be
19 bound by the protective order. So we think it's a fair and
20 necessary that our client have access to the information so
21 he can make real decisions about the case.
22   THE COURT: What kind of information are we
23 talking about?
24   MR. COOPER: We're talking about information
25 that is commercially very sensitive, market research, that

Page 11

1  typically in my experience is not disclosed to nonattorneys
2  for the adversary. We're also talking about settlement
3  agreements in prior litigation where those agreements on
4  their face provide that the existence and the terms of the
5  agreement is to be maintained in confidence.
6        I just don't see how, why it is necessary for non-
7  attorneys to have access to that information. The in-house
8  counsel for the plaintiffs function in a legal capacity.
9  They're part of the attorney's team working on the case,
10 they're not in a management role, and this type of two-tiered
11 approach is what we have typically used in a number of cases
12 without any difficulty.
13   THE COURT: Right. I think the problem is you are
14 dealing with someone who doesn't have any representative of
15 the company because it's always been our court's practice to
16 allow someone from the company to have access. Otherwise, the
17 client who is responsible for making ultimately the decision
18 of where to go doesn't have the information he or she or it
19 needs to make those important decisions.
20       So we start with the principle that someone
21 from the company needs to have access to almost all the
22 information. Otherwise, the lawyers are running the show
23 and I don't think that is a good idea. So the question is
24 whether, rather than drawing a line at the personnel involved,
25 whether we can pick out the most critical sensitive documents

Page 12

1  and decide whether that is one of those, whether that is the
2  kind of information the client needs to know to make the
3  kind of decisions they're going to make. I think that is
4  really the question. And it could be we have to make it
5  on a document-by-document basis rather than taking out the
6  categories. I don't know. Settlement agreements, they're
7  important for what purpose? It's always nice to know what
8  other people settle for to see whether you can play or not.
9    MR. COOPER: The principal concern I have is the
10 settlement agreements impose an obligation to maintain it in
11 confidence. And I don't want to --
12   THE COURT: Right. License agreements are
13 different than settlement agreements, and I'm not confident
14 I'm sure why settlement agreements are going to be shown to
15 anybody, let alone a client. Why are settlement agreements
16 going to be shown as opposed to the ultimate business license
17 that is the result of the settlement agreements?
18   MR. PARRETT: As far as we understand, the
19 settlement agreements are the ultimate business license in
20 the case. That is dispositive of the case.
21   MR. COOPER: See, there is no license aspect to
22 these settlement agreements.
23   MR. PARRETT: Right. As far as I understand, it's
24 prior litigations, and litigations have been done away because
25 of the settlement agreements. I think it's important our

Page 13

1   client have access to these so we can assess the strength of
2   his case vs. similarly situated sorts of defendants.
3         THE COURT:  Sitting here, I'm not confident that
4   makes a lot of -- generally, that kind of information is only
5   appropriate in terms of damages.  I'm thinking more in patent
6   cases where you are trying to do this to establish a license
7   rate.  I'm not confident just because other people have
8   settled that your client is entitled to see what other people
9   have settled for.
10        MS. JACOBS LOUDEN:  Your Honor, in a trademark
11  case, the factors are a little bit different.  There are,
12  first of all, not that these were settlements.  Some are
13  negotiations without litigation.  But in a trademark case, you
14  also get into issues about enforcement efforts because the
15  strength of the mark in part depends on how you enforce the
16  mark and how others acknowledge the mark.
17        THE COURT:  But I'm not sure why your client needs
18  to know that, particularly.  Again, maybe this is something we
19  need to deal with.  We need to start with the principle that
20  the client needs to have access to as much information as we
21  can give them because there is no in-house counsel.
22        MR. COOPER:  I understand.
23        THE COURT:  So then we go to what are you
24  seeking access to and what are the objections to that access?
25  If you can't work that out, then we'll have to do it on a

Page 14

1   document-by-document basis.  I think it should be.  So it
2   should be a single tier with respect to who gets access but
3   I think the fights will be over which documents are really
4   critical for your client to know vs. so sensitive that
5   there is a real concern on plaintiffs' part concerning that
6   individual as opposed to in-house counsel.
7         MR. COOPER:  Why don't we try to redraft the
8   protective order to address the concerns that the Court has
9   expressed and see if we can't work up a mechanism for trying
10  to present documents that are really a matter of controversy
11  and do our best to keep it at a minimum as though not to
12  burden the Court?  I would also like to perhaps revise the
13  agreement that would be signed by nonattorneys who have access
14  in there to make it a bit tighter, if they're going to be a
15  broad range of documents that would be disclosed, but I would
16  hope that we could work this out without burdening the Court
17  with a contested motion.
18        THE COURT:  Well, it seems to me that if you
19  generally have concerns about market research and settlement
20  agreements or if there is a category that you disagree
21  on, well, it seems to me it's not a bad idea to work out
22  some general categories first.  It's not always on a
23  document-by-document basis but within those categories, if
24  there are problems.  And I don't necessarily want motion
25  practice, that is, when you send an e-mail, save it for the

Page 15

1   next discovery conference, but I think that is the way to
2   try to work through that, all right?
3         All right.  Is there anything else at this point?
4         MS. JACOBS LOUDEN:  That's all, your Honor.
5         MR. COOPER:  That's it.
6         THE COURT:  Before we leave, I just want to make
7   sure I know who everybody is.  I know this side.
8         This side, you are?
9         MR. COOPER:  Alan Cooper.
10        THE COURT:  Mr. Cooper, Ms. Key, Mr. Donaldson.
11        MR. DONALDSON:  That is right, your Honor.  I'm
12  sorry for not introducing our side.
13        THE COURT:  I know everyone would have done it in
14  a courtroom.  It makes it different when we're a little less
15  formal.
16        MS. JACOBS LOUDEN:  Your Honor, I would like to
17  introduce the person next to you, Ms. Leigh Warren.  She is a
18  summer associate.
19        THE COURT:  Welcome.  You didn't see the typical
20  discovery conference but that is all right.
21        Thank you very much, counsel.  If you have any
22  other problems, my e-mail awaits you at this point.
23        (Conference ends at 5:00 p.m.)
24
25

-and [1]   1:17

00 [1]      15:23

04-103 [1]        1:9

10 [6]    5:10    5:11
5:18    6:25    6:25
7:1

19 [1]    5:13

2004 [1] 1:12

3 [1]     1:12

30 [5]    2:15    4:5
4:23    5:23    6:2

4 [2]     1:12    2:3

40 [2]    1:12    2:3

5 [1]     15:23

6 [5]     2:15    4:5
4:23    5:23    6:2

ability [1]      3:19

able [6]   8:14    9:12
9:15    10:3    10:11
10:11

access [13]          10:1
10:3    10:7    10:20
11:7    11:16    11:21
13:1    13:20    13:24
13:24    14:2    14:13

acknowledge [1]
13:16

ACTION [1]        1:4

address [2]       2:9
14:8

addressed [1]     2:20

adversary [2]    3:17
11:2

advice [1]       10:8

again [2]        4:9
13:18

agenda [2]       9:5
9:17

agree [3] 4:10    5:3
10:18

agreed [1]       5:11

agreement [2]    11:5
14:13

agreements [13] 11:3
11:3    12:6    12:10
12:12    12:13    12:14
12:15    12:17    12:19
12:22    12:25    14:20

Alan [2]   1:18    15:9

ALISA [1]        1:19

allegation [1]   5:22

alleged [1]      5:16

allow [2]        4:24
11:16

almost [1]       11:21

alone [1]        12:15

always [14]      7:5
11:15    12:7    14:22

amazing [1]      9:13

amazingly [1]    9:2

amended [2]      8:5
8:10

answer [1]       5:15

anyway [1]       9:17

apart [1] 3:14

apologize [1]     6:4

appear [1]        9:19

APPEARANCES [1]
1:15

appeared [1]      2:21

applicable [1]    8:11

application [1]   5:18

appreciate [1]    8:16
8:17

approach [1]      11:11

appropriate [1]   13:5

areas [5] 3:22    4:4
7:9    7:21    8:9

argument [1]      4:1

arguments [1]     4:25

ARSHT [1]         1:21

articulate [1]    2:24

articulated [1]   6:23

asks [1] 5:14

aspect [1]        12:21

asserted [3]      3:2
3:24    4:2

assess [1]        13:1

associate [1]     15:18

assumed [1]       7:20

attorney's [1]    11:9

attorneys [2]     2:5
11:7

August [1]        1:12

auto [2]  1:7    10:17

AUTOZONE [1]
1:3

awaits [1]        15:22

away [1] 12:24

awhile [1]        4:7

b [5]     2:15    4:5
4:23    5:23    6:2

bad [3]   4:18    5:1
14:21

barred [1]        5:16

base [1] 4:20

based [1]         7:17

bases [1]         7:11

basis [7] 2:24    5:12
5:14    7:23    12:5
14:1    14:23

begin [1]         2:9

bench [1]         4:7

best [1]  7:5    14:11

better [1]        8:21

bit [2]   13:11    14:14

bound [1]         10:19

break [1]         8:2

Brian [1]         1:25

broad [1]         14:15

burden [3]        3:4
4:1    14:12

burdening [1]     14:16

business [3]      4:17
12:16    12:19

C [1]     2:2

capacity [1]

car [2]   10:4    10:16

case [8]  10:13    10:21
11:9    12:20    12:20
13:2    13:11    13:13

cases [3] 2:21    11:11
13:6

categories [3]    12:6
14:22    14:23

category [1]      14:20

cetera [1]        6:15

change [1]        7:11

CHIEF [1]         1:14

Circuit [2]       5:19
6:9

citizen [1]       1:9

CIVIL [1]         1:4

claim [1]         5:16

clean [2] 2:5     6:4

client [13]       10:3
10:4    10:6    10:16
10:20    11:17    12:2
12:15    13:1    13:8
13:17    13:20    14:4

clients [1]       10:18

Columbia [1]      1:19

com [1]   10:17

coming [2]        2:4
9:10

commenced [1] 2:3

commercially [1]
10:25

company [3]       11:15
11:16    11:21

competitive [1] 10:16

completely [1]    4:8

concern [2]       12:9
14:5

concerning [1]    14:5

concerns [4]      10:14
10:16    14:8    14:19

conference [3]    15:1
15:20    15:25

confidence [1]    11:5
12:11

confident [4]     9:24
12:13    13:3    13:7

confidentiality [1]
10:2

confusion [4]     3:25
5:17    5:17    6:8

contention [14] 2:12
2:18    2:20    2:25
3:23    4:10    4:11
4:17    4:18    5:1
5:1    5:2    5:7
9:2

contested [1]     14:17

controversy [1] 14:14

Cooper [19]       1:18
2:12    3:13    6:4
6:16    7:14    8:5
8:8    8:23    8:25
10:24    12:9    15:5
13:22    14:7    15:5

capacity [1]      15:9    15:9    15:10

copies [1]        2:17

copy [1] 6:5

corporate [3]     2:15
6:6    7:7

corporation [3] 1:4
1:4    1:8

correct [1]       5:24

counsel [10]      1:20
1:23    2:4    2:16
10:1    10:5    11:8
13:21    14:6    15:21

couple [1]        2:8

Court [31]        1:1
2:4    3:9    4:6
5:20    6:1    6:12
6:20    7:4    7:25
8:7    8:16    8:24
9:1    9:5    9:13
9:16    10:22    11:13
12:12    13:3    13:17
13:23    14:8    14:12
14:16    14:18    15:6
15:10    15:13    15:19

court's [1]       11:15

courtroom [1]     9:9
15:14

covered [1]       4:4

covers [1]        8:7

credibility [1]   3:21

critical [2]      11:25
14:4

D [1]     2:2

damages [1]       13:5

date [2]  9:10    9:12

daughters [1]     3:13

deal [1]  13:19

dealer [1]        10:16

dealership [1]    10:5

dealing [2]       2:18
11:14

decide [1]        12:1

decision [1]      11:17

decisions [4]     10:9
10:21    11:19    12:3

defendant [5]     2:16
7:18    7:19    8:1
8:3

defendants [6]    1:10
1:23    2:13    3:2
6:10    13:2

defendants' [2] 2:16
6:5

defense [9]       3:2
3:24    4:2    4:4
4:21    5:15    6:14
8:19    8:20

defenses [1]      3:1

Delaware [4]      1:2
1:8    1:8    1:11

delay [1]         3:5

denial [1]        4:1

denying [1]       6:11

depose [2]        3:7
4:15

deposit [1]       5:2

deposition [9]    2:15
3:15    4:18    4:18
4:23    5:1    5:2
6:6    6:7

depositions [6]   2:13
4:10    4:12    5:7
9:2    9:6

designated [1]    7:21

despite [1]       3:11

detrimental [1]   3:4

different [7]     5:3
6:12    8:15    8:19
12:13    13:11    15:14

difficulty [1]    9:9
11:12

directed [1]      4:5
6:8

disagree [1]      14:20

disclosed [2]     11:1
14:15

discovery [7]     2:19
2:20    3:22    3:23
6:11    15:1    15:20

dismissed [1]     3:22

dispositive [1] 12:20

District [3]      1:1
1:2    1:19

document-by-document
[3]     12:5    14:1
14:23

documents [5]     9:22
11:25    14:3    14:10
14:15

doesn't [1]       10:5
11:14    11:18

Donaldson [3]    1:17
15:10    15:11

done [5]  2:6     2:7
6:17    12:24    15:13

down [1]          8:2

draw [1] 4:9

drawing [1]       11:24

E [2]     2:2     2:2

e-mail [1]        14:25
15:22

easier [2]        4:25
8:21

easiest [1]       5:7

efforts [1]       13:14

eight [1] 6:7

elements [1]      3:3

end [1]   5:14

ends [1] 15:23

enforce [1]       13:15

enforcement [1]
13:14

entitled [5]      3:7
3:10    3:10    4:3
13:8

entry [1] 9:17

ESQ [5]   1:17    1:18
1:19    1:22    1:22

essentially [4]   4:17
7:16    8:9    9:22

**protective** [7]   9:17
9:21   9:22   9:23
9:25   10:19   14:8
**prove** [3]   8:3
8:3   8:20
**proved** [1]   3:6
**provide** [9]   2:17
5:11   7:2   7:3
7:13   7:24   8:14
10:7   11:4
**providing** [1]   6:18
**proving** [1]   3:4
**purported** [1]   5:15
**purpose** [1]   12:7
**pursue** [1]   8:11
**put** [1]   6:24
**questions** [1]   3:20
**R** [1]   2:2
**range** [1]   14:15
**rate** [1]   13:7
**rather** [2]   11:24
12:5
**real** [2]   10:21   14:5
**realistically** [1] 10:12
**really** [9]   2:19
2:25   3:10   3:16
3:22   6:3   12:4
14:3   14:10
**reason** [2]   6:23
7:15
**reasons** [2]   7:4
7:16
**redraft** [1]   14:7
**reinvent** [1]   4:9
**relates** [1]   2:13
**relatively** [1]   7:18
**reliance** [2]   3:4
3:5
**representative** [2]
7:8   11:14
**research** [2]   10:25
14:19
**resolve** [2]   9:12
9:15
**respect** [2]   2:14
14:2
**respond** [1]   7:13
**responsible** [1] 11:17
**result** [1]   12:17
**reviewing** [1]   8:9
**revise** [1]   14:12
**RHOADS** [1]   1:16
**RICHARD** [1]   1:17
**right** [10]   8:16
8:23   8:24   11:13
12:12   12:23   15:2
15:3   15:11   15:20
**ROBERT** [1]   1:16
**ROBINSON** [1]
1:14
**role** [1]   11:10
**rule** [2]   2:15   4:9
**rules** [2] 4:8   5:5

**running** [1]   11:22
**S** [2]   1:18   2:2
**satisfactory** [1] 3:16
**satisfy** [1]   10:6
**save** [1] 14:25
**scheduling** [1]   9:6
**search** [1]   7:18
**second** [3]   3:2
7:22   8:12
**see** [7]   9:22   11:6
12:8   12:21   13:8
14:9   15:19
**seeking** [2]   5:10
13:24
**sell** [1]   10:17
**semantics** [1]   6:21
7:10
**send** [1] 14:25
**sensitive** [3]   10:25
11:25   14:4
**sensitivity** [1]   10:15
**serve** [2] 7:15   8:5
**serving** [1]   7:22
**settle** [1]   10:10
12:8
**settled** [2]   13:8
13:9
**settlement** [11]   11:2
12:6   12:10   12:13
12:14   12:15   12:17
12:19   12:22   12:25
14:19
**settlements** [1]   13:12
**seven** [1]   6:7
**several** [1]   2:14
**SHAW** [1]   1:18
**show** [4] 5:8   5:9
6:1   11:22
**shown** [2]   12:14
12:16
**side** [3]   15:7   15:8
15:12
**sides** [1] 7:2
**signed** [1]   14:13
**similarly** [1]   13:2
**single** [2]   10:4
14:2
**single-tier** [1]   9:24
**Sitting** [1]   13:3
**situated** [1]   13:2
**six** [1]   6:7
**SLR** [1]   1:9
**small** [1]   7:18
**someone** [7]   6:14
7:13   8:18   8:19
11:14   11:16   11:20
**sorry** [1] 15:12
**sort** [2]   5:22   8:22
**sorts** [1] 13:2
**speak** [2]   9:18
10:12
**specific** [2]   7:9
8:2

**SPEEDBAR** [1]
1:4
**standing** [1]   8:13
**start** [2] 11:20   13:19
**STATES** [1]   1:1
**statute** [1]   8:11
**strength** [2]   13:1
13:15
**substitute** [1]   3:17
**SUE** [1] 1:14
**summer** [1]   15:18
**support** [3]   3:1
4:4   6:13
**supposed** [1]   7:12
**suppression** [1] 2:6
**system** [1]   9:25
**taking** [3]   2:15
6:6   12:5
**team** [1] 11:9
**ten** [2]   6:18   6:19
**terms** [2]   11:4
13:5
**test** [1]   5:18
**testimony** [2]   3:7
3:15
**Thank** [1]   15:21
**Thanks** [1]   2:4
**therein** [1]   5:16
**they've** [2]   3:24
6:14
**thinking** [1]   13:5
**Third** [2]   5:19
6:9
**thought** [1]   5:21
**through** [5]   3:6
4:13   4:14   6:24
15:2
**Thynge** [1]   9:11
**Thynge's** [1]   9:9
**tier** [1]   14:2
**tiers** [1] 10:2
**tighter** [1]   14:14
**Topic** [1]   5:13
**topics** [5]   5:10
5:11   5:12   6:18
6:19
**trademark** [2]   13:10
13:13
**transcripts** [2]   2:17
2:22
**TRI-STATE** [1]
1:7
**trial** [3]   3:6   3:16
3:21
**try** [3]   3:12   14:7
15:2
**trying** [3]   2:25
13:6   14:9
**Tuesday** [1]   1:12
**TUNNELL** [1] 1:21
**twelve** [1]   6:7
**two** [1]   7:16
**two-tier** [1]   9:23

**two-tiered** [1]   11:10
**type** [3]   2:20   6:11
11:10
**typical** [1]   15:19
**typically** [2]   11:1
11:11
**ultimate** [2]   12:16
12:19
**ultimately** [1]   11:17
**unavailable** [1] 9:11
**under** [3]   9:22
9:25   10:2
**underlying** [1]   5:12
**understand** [4]   10:14
12:18   12:23   13:22
**UNITED** [1]   1:1
**up** [5]   2:5   6:24
7:1   9:10   14:9
**used** [2] 9:7   11:11
**v** [1]   1:6
**various** [1]   3:1
**visit** [1] 9:8
**vs** [2]   13:2   14:4
**W** [1]   1:22
**WALKER** [1]   1:16
**wants** [1]   2:10
**Warren** [1]   15:17
**Washington** [1] 1:19
**Welcome** [1]   15:19
**whole** [1]   5:3
**Wilmington** [1] 1:11
**within** [1]   14:23
**without** [3]   11:12
13:13   14:16
**witness** [14]   2:23
3:7   3:8   3:19
4:3   5:11   6:18
6:24   7:3   7:3
7:6   7:7   7:16
8:13
**witness's** [1]   3:20
**witnesses** [1]   9:11
**won** [2]   5:20   6:2
**word** [2] 3:9   3:10
**words** [1]   6:20
**written** [1]   9:16
**X-Y-Z** [1]   6:15
**yet** [1]   2:6

"

"

"

# GZJ KDKV'D"

EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff/Counter-Defendant
SYNTHEGO CORPORATION

Denise M. De Mory (SBN 168076)
Richard Lin (SBN 209233)
Aaron Hand (SBN 245755)
Brenda Entzminger (SBN 226760)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
rlin@bdiplaw.com
ahand@bdiplaw.com
bentzminger@bdiplaw.com

Attorneys for Defendant/Counter-Claimant
AGILENT TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTHEGO CORPORATION, | Case No. 5:21-cv-07801-EJD |
| Plaintiff/Counter-Defendant, | **JOINT STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| v. | |
| AGILENT TECHNOLOGIES, INC., | |
| Defendant/Counter-Claimant. | District Judge: Edward J. Davila<br>Magistrate Judge: Susan van Keulen |

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      **DEFINITIONS**

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      [*RESERVED*]

2.5      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    [*RESERVED*]

2.10    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" []) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

1  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3       Transcripts containing Protected Material shall have an obvious legend on the title page

4  that the transcript contains Protected Material, and the title page shall be followed by a list of all

5  pages (including line numbers as appropriate) that have been designated as Protected Material and

6  the level of protection being asserted by the Designating Party. The Designating Party shall

7  inform the court reporter of these requirements. Any transcript that is prepared before the

8  expiration of a 21-day period for designation shall be treated during that period as if it had been

9  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

10  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

11  actually designated.

12       (c) <u>for information produced in some form other than documentary and for any other</u>

13  <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container

14  or containers in which the information or item is stored the legend "CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" []. If only a portion or portions of

16  the information or item warrant protection, the Producing Party, to the extent practicable, shall

17  identify the protected portion(s) and specify the level of protection being asserted.

18       5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

19  designate qualified information or items does not, standing alone, waive the Designating Party's

20  right to secure protection under this Order for such material. Upon timely correction of a

21  designation, the Receiving Party must make reasonable efforts to assure that the material is

22  treated in accordance with the provisions of this Order.

23  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24       6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

25  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

26  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

27  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

28

1  challenge a confidentiality designation by electing not to mount a challenge promptly after the

2  original designation is disclosed.

3        6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

4  process by providing written notice of each designation it is challenging and describing the basis

5  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

6  notice must recite that the challenge to confidentiality is being made in accordance with this

7  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

8  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

9  forms of communication are not sufficient) within 14 days of the date of service of notice. In

10 conferring, the Challenging Party must explain the basis for its belief that the confidentiality

11 designation was not proper and must give the Designating Party an opportunity to review the

12 designated material, to reconsider the circumstances, and, if no change in designation is offered,

13 to explain the basis for the chosen designation. A Challenging Party may proceed to the next

14 stage of the challenge process only if it has engaged in this meet and confer process first or

15 establishes that the Designating Party is unwilling to participate in the meet and confer process in

16 a timely manner.

17       6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

18 intervention, the Designating Party shall file and serve a motion to retain confidentiality under

19 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

20 of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

21 process will not resolve their dispute, whichever is earlier.  Each such motion must be

22 accompanied by a competent declaration affirming that the movant has complied with the meet

23 and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

24 make such a motion including the required declaration within 21 days (or 14 days, if applicable)

25 shall automatically waive the confidentiality designation for each challenged designation. In

26 addition, the Challenging Party may file a motion challenging a confidentiality designation at any

27 time if there is good cause for doing so, including a challenge to the designation of a deposition

28 transcript or any portions thereof. Any motion brought pursuant to this provision must be

1  accompanied by a competent declaration affirming that the movant has complied with the meet

2  and confer requirements imposed by the preceding paragraph.

3      The burden of persuasion in any such challenge proceeding shall be on the Designating

4  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

5  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

6  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

7  file a motion to retain confidentiality as described above, all parties shall continue to afford the

8  material in question the level of protection to which it is entitled under the Producing Party's

9  designation until the court rules on the challenge.

10 **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

11     7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

12 produced by another Party or by a Non-Party in connection with this case only for prosecuting,

13 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

14 the categories of persons and under the conditions described in this Order. When the litigation has

15 been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

16 DISPOSITION).

17     Protected Material must be stored and maintained by a Receiving Party at a location and

18 in a secure manner that ensures that access is limited to the persons authorized under this Order.

19     7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

20 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21 information or item designated "CONFIDENTIAL" only to:

22     (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

23 of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

24 for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

25 is attached hereto as Exhibit A;

26     (b) the officers, directors, and employees (including House Counsel) of the Receiving

27 Party to whom disclosure is reasonably necessary for this litigation and who have signed the

28 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **<u>unless otherwise agreed by the Designating Party or ordered by the court</u>**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

<u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" []</u> <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in

connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

**8.      PROSECUTION BAR [RESERVED]**

**9.      SOURCE CODE [RESERVED]**

**10.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [] before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" []. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    [RESERVED]

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

1   Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

2   Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5

3   unless otherwise instructed by the court.

4          14.5    Entry of this protective order is without prejudice to the parties seeking

5   modifications in the future, including if and when the stay is vacated.

6   **15.    FINAL DISPOSITION**

7          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

8   Receiving Party must return all Protected Material to the Producing Party or destroy such

9   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

10  compilations, summaries, and any other format reproducing or capturing any of the Protected

11  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

12  submit a written certification to the Producing Party (and, if not the same person or entity, to the

13  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

14  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

15  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

16  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

17  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

18  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

19  product, and consultant and expert work product, even if such materials contain Protected

20  Material. Any such archival copies that contain or constitute Protected Material remain subject to

21  this Protective Order as set forth in Section 4 (DURATION).

22

23

24

25

26

27

28

1     **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3     Dated: November 15, 2022          WEIL, GOTSHAL & MANGES LLP

4
                                         By: */s/ Edward R. Reines*
5                                            Edward R. Reines

6                                        Attorneys for Plaintiff/Counter-Defendant
                                         SYNTHEGO CORPORATION
7     Dated: November 15, 2022          BUNSOW DE MORY LLP

8                                        By: */s/ Denise De Mory*
9                                            Denise De Mory

10                                       Attorneys for Defendant/Counter-Claimant
                                         AGILENT TECHNOLOGIES INC.
11    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

12

13    DATED: November_____, 2022      _____

14                                       Judge Susan van Keulen
                                         Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

     I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of Synthego Corporation v. Agilent Technologies, Inc., Case No. 5:21-cv-07801-EJD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

     I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                 [printed name]


Signature: _____
              [signature]

1

## <u>ATTESTATION</u>

2

3      I, Denise De Mory, am the ECF User whose ID and password are being used to file this

4   Joint Stipulated Proposed Order.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest

5   that concurrence in the filing of this document has been obtained from the signatory for

6   Synthego.

    Dated: November 15, 2022

7                                                          By: */s/ Denise M. De Mory*
                                                              Denise M. De Mory

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENZO LIFE SCIENCES, INC.,

    Plaintiff,

      v.

ABBOTT LABORATORIES, and
ABBOTT MOLECULAR INC.,

    Defendants,

and

LUMINEX CORPORATION,

    Intervening Defendant.

Civil Action No. 12-274-LPS

JURY TRIAL DEMANDED

---

ENZO LIFE SCIENCES, INC.,

    Plaintiff,

      v.

BECTON, DICKINSON AND COMPANY;
    BECTON DICKINSON DIAGNOSTICS,
    INC.; and GENEOHM SCIENCES, INC.,

    Defendants.

Civil Action No. 12-275-LPS

JURY TRIAL DEMANDED

---

ENZO LIFE SCIENCES, INC.,

    Plaintiff,

      v.

HOLOGIC, INC.,

    Defendant.

Civil Action No. 12-276-LPS

JURY TRIAL DEMANDED

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | |
| Plaintiff, | Civil Action No. 12-104-LPS |
| v. | |
| GEN-PROBE, INCORPORATED, | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | |
| Plaintiff, | Civil Action No. 12-105-LPS |
| v. | |
| LIFE TECHNOLOGIES CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC. | |
| Plaintiff, | |
| v. | Civil Action No. 12-106-LPS |
| ROCHE MOLECULAR SYSTEMS, INC., ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS OPERATIONS, INC., and ROCHE NIMBLEGEN, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 12-433-LPS |
| AFFYMETRIX, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | |
| Plaintiff, | Civil Action No. 12-434-LPS |
| v. | |
| AGILENT TECHNOLOGIES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | |
| Plaintiff, | Civil Action No. 12-435-LPS |
| v. | |
| ILLUMINA, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | |
| Plaintiff, | Civil Action No. 12-505-LPS |
| v. | |
| SIEMENS HEALTHCARE DIAGNOSTICS INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY

Pursuant to Federal Rule of Civil Procedure 26(c), all parties to these lawsuits have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order on Confidentiality (the "Protective Order").

This Protective Order shall govern disclosures, production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, testimony at hearings or trial, pleadings, exhibits, and other information exchanged by the parties, produced by third parties, or filed with the Court in these actions (collectively, "Exchanged Information").

In support of this Order, the Court finds that:

## DISCLOSURE OF CONFIDENTIAL INFORMATION

1.        Any party or non-party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Exchanged Information that contains sensitive trade secret, marketing, customer, financial, research, product-development, or other information protectable under Federal Rule of Civil Procedure 26(c)(1)(G) (collectively "Confidential Information").

2.        Confidential Information of the disclosing party shall be used by receiving parties solely for purposes of these actions.

3.        Confidential Information shall be produced only to counsel of record in these actions, each of whom is bound by this Protective Order.  Counsel of record may also disclose the respective categories of Confidential Information to the following persons for use solely in these actions under the conditions set forth in this Protective Order:

(a)        Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

(1)     counsel of record in these actions, including all attorneys, paralegals, law students, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services, litigation support (including document imaging), and database/coding services retained by counsel, except that information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to persons who are currently involved in, or will be involved in for a period of three (3) years from the termination of these actions, the prosecution of domestic or foreign patent applications with claims directed to (i) compositions of non-radioactively labeled nucleic acids or uses of non-radioactively labeled nucleic acids for detecting complementary nucleic acids; and/or (ii) compositions of nucleic acids immobilized to solid supports or arrays or uses of nucleic acids immobilized to solid supports or arrays for detecting complementary nucleic acids;

(2)     for each party, up to two in-house attorneys who are neither currently involved in, nor will be involved in for a period of three (3) years from the termination of these actions(including any appeals), competitive decision making (as defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984)), nor the prosecution nor acquisition (other than through settlement of litigation) of domestic or foreign patents or  applications with claims directed to (i) compositions of non-radioactively labeled nucleic acids or uses of non-radioactively labeled nucleic acids for detecting complementary nucleic acids; (ii) compositions of nucleic acids immobilized to solid supports or arrays or uses of nucleic acids immobilized to solid supports or arrays for detecting complementary nucleic acids; and/or (iii) nucleic acid synthesis on solid supports or arrays.  Each such in-house attorney shall be designated in writing to all other parties in advance of receipt of any Confidential Information along with a current curriculum vitae and a description of the individual's responsibilities with the party.  Each other

2

party may, within seven (7) business days object to the designation in writing, specifying the reasons for the objection. The parties agree to discuss the objection in good faith; but if the objection is not resolved, the designating party may apply to the Court for a determination of eligibility;

(3)     any expert or consultant, not an employee of a party, who is retained to assist in preparation of these actions for trial, and clerical employees of such experts, with disclosure only to the extent necessary to perform such work;

(4)     the Court, under seal or with other suitable precautions calculated to maintain confidentiality;

(5)     court reporters present in their official capacity at a hearing, deposition, or other proceeding in these actions; and

(6)     graphics or design consultants retained to prepare demonstratives or other exhibits for use in this action.

(7)     Any information produced by any Defendant in any above-captioned action designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any other Defendant in any above-captioned action without express permission by the producing Defendant.

(b)     Information designated as "CONFIDENTIAL":

(1)     those persons described in paragraph 3(a), except that the prosecution bar contained in paragraphs 3(a)(1) and (2) shall not apply to persons accessing only information designated "CONFIDENTIAL;" and

3

(2)    up to four employees of each party, which employees are reasonably involved in the prosecution or defense of these actions and who first agree to be bound by this Protective Order.

(3)    Any information produced by any Defendant in any above-captioned action designated "CONFIDENTIAL" shall not be disclosed to any other Defendant in any above-captioned action without prior, express permission by the producing Defendant.

4.    Prior to the disclosure of any Confidential Information to those persons described in paragraph 3(a)(2), (3), and (6) and 3(b)(2), each of those persons must read this Protective Order and sign the Declaration (Attachment A hereto).  A copy of such signed Declaration must be retained by outside counsel for the party disclosing the Confidential Information under the terms of this Protective Order until the termination of these actions (including any appeals).

## DEFINITION OF CONFIDENTIAL INFORMATION

5.    Criteria for Classification:

(a)    a party or non-party may designate Confidential Information as "CONFIDENTIAL" if the party or non-party reasonably believes that the information contains or discloses trade secrets or other non-public technical or commercial information, or contains or discloses information protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy;

(b)    a party or non-party may designate Confidential Information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such information (i) satisfies the criteria for designation as CONFIDENTIAL, under paragraph 5(a) above, and (ii) discloses information relating to:  manufacturing, processing, and/or developing used by the party or non-party of any products or product-candidates (including, but not limited to, sensitive research materials,

4

development materials and strategic plans), scientific research, customers, or pricing and sales information.  Subject to the foregoing, such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may include without limitation:  trade secrets; technical information; technical practices, methods, or other know-how; minutes of Board meetings; pricing data; financial data; sales information; customer-confidential information; agreements or relationships with third parties; market projections or forecasts; strategic business plans, selling or marketing strategies; new product development; testing; manufacturing costs; or information regarding employees.

## EXPERTS

6.     The name, address, occupation, curriculum vitae, and signed Declaration (Attachment A hereto) of any person proposed to be designated pursuant to Paragraph 3(a)(3) shall be provided to all attorneys of record for the other parties.  Unless counsel for the party that produced the Confidential Information notifies the proposing attorney in writing of an objection to the proposed designee within five (5) business days of receipt of notification, such designee shall be deemed qualified to receive Confidential Information.  In the event of an objection, the parties shall first informally try to resolve the objection in good faith.  If the objection cannot be resolved, the party challenging the proposed designee may request appropriate relief from the Court.  Failure of the objecting party to seek such relief from the Court within ten (10) business days after receipt of notification shall be deemed a waiver of the objection.  The burden of proving that the designated person should not be designated is on the objecting party.  Filing of a motion objecting to disclosure of Confidential Information to the proposed designee within ten (10) business days after receipt of notification precludes disclosure of the information until the Court rules on the motion.

## DESIGNATION AND USE OF CONFIDENTIAL INFORMATION

7.      Persons receiving Confidential Information are prohibited from disclosing it, or any information derived therefrom, to any person except in conformance with this Protective Order.

8.      The recipient of any Confidential Information agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9.      The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care, but no less than a reasonable degree of care, with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

10.     Parties shall designate Confidential Information as follows:

(a)      In the case of produced documents, designation shall be made by placing the following legends on each page of such document prior to production; "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." For pleadings and discovery responses, such marking need only appear on the first page of the document. Any Confidential Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party within a reasonable amount of time after disclosure.

(b)      To the extent that a party initially produces documents for inspection (i.e., prior to making copies), no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Highly

Confidential – Attorneys' Eyes Only Information.  After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are produced to the receiving party.

(c)     In the case of depositions, designation of the portion of the final deposition transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose Confidential Information the deponent has had access.  Such designation shall be provided to opposing counsel within fourteen (14) business days after counsel's receipt of the final deposition transcript.  Unless otherwise agreed by the parties in writing or on the record at the deposition, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" from the date of the deposition until the end of such fourteen (14)-day period.

(d)     Confidential Information must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

11.     A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge.  In the event that any party to these actions disagrees at any stage of the proceedings with a confidentiality designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to informally resolve such dispute in good faith.  If the dispute cannot be resolved within ten (10) days of the written notice, the party challenging the designation may request appropriate relief from the Court in accordance with the procedures set forth in Paragraph 3(i) of the Court's November 21, 2012

Scheduling Order. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Notwithstanding any dispute as to the confidentiality of information, such information shall nevertheless be treated as Confidential Information in accordance with the provisions of this Protective Order unless and until such designation is removed by order of the Court or by written consent of the designating party.

### INADVERTENT DISCLOSURES

12. Inadvertent disclosures by the producing party of Confidential Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the producing party shall promptly upon discovery of the inadvertent disclosure notify the receiving party in writing that the information is Confidential Information and was inadvertently disclosed. Such notification shall constitute a designation of the information as Confidential Information. Upon such notification, counsel shall reasonably cooperate to restore the confidentiality of the Confidential Information to the extent possible.

13. Should any Confidential Information be disclosed, through inadvertence or otherwise, by a receiving party to any person not duly authorized to receive such information under this Protective Order, the receiving party responsible for such disclosure shall promptly notify opposing counsel of all pertinent facts and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the unauthorized recipient(s) thereof and requesting that each such recipient execute the attached

declaration (Attachment A). Such individuals shall not be subject to the restrictions placed on prosecution described in 3(a)(1) or 3(a)(2) solely as a result of such unauthorized disclosure.

14.     Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502(b), and this Protective Order shall constitute an Order pursuant to Federal Rule of Evidence 502(d). Specifically, inadvertent disclosure of material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of applicable privilege in this case or in any other Federal or State proceeding. Upon request by the Producing Party, the Receiving Party shall immediately return or destroy any and all copies of such inadvertently produced document(s), including any and all copies distributed to others (e.g., experts, consultants, vendors), and shall immediately destroy or sequester any notes or memoranda that disclose or discuss the contents of such documents. The Receiving Party shall immediately inform the Producing Party if the Receiving Party has sequestered any notes or memoranda. The Producer must preserve any inadvertently produced document(s) until all disputes regarding the discoverability of the document(s) have been resolved. If the Receiving Party has sequestered any notes or memoranda pursuant to this paragraph, then the Receiving Party shall destroy all sequestered notes and memoranda within five days of a court order determining that the inadvertently produced material is privileged. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

### USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS AND FORMAL PROCEEDINGS

15. In the event that any Confidential Information is used in any Court proceeding in connection with these actions, the parties shall take all steps reasonably required to protect its confidentiality during such use.

16. The protections afforded to Confidential Information at trial will be determined by the Court upon an application by any party.

17. Attendance at depositions at which Confidential Information is to be used shall be governed by D. Del. L.R. 30.3.

## **MISCELLANEOUS**

18. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of certain information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. The restrictions provided for herein shall not terminate upon the conclusion of these actions but shall continue until further order of this Court, provided that this Protective Order shall not be construed to: (a) prevent any party or its counsel from making use of information that was lawfully in its possession prior to its disclosure by the producing party; (b) apply to information that appears in issued patents or printed publications or otherwise becomes publicly known without fault of any party; or (c) apply to information that any party or

its counsel has, since disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information.

20.    Nothing in this Protective Order shall preclude any party to these actions or their attorneys from:  (a) showing a document designated as Confidential Information to an individual who either prepared or reviewed the document prior to the filing of these actions; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Confidential Information. Confidential Information may be disclosed to a witness at a deposition if:  (a) the witness is an officer, director, or employee of the party that produced such Confidential Information; (b) the witness was formerly an officer, director, or employee of the party that produced such Confidential Information, and the information existed during the period of his or her employment; or (c) the witness is an expert designated under paragraph 3(a)(3).

21.    Nothing in this Protective Order shall bar or otherwise restrict any counsel from providing legal advice to his or her client solely with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided that, in providing such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information or information derived therefrom to any person not entitled to have access to it.

22.    Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

23. In the event that a party seeks discovery from a non-party to this litigation, the non-party may invoke the terms of this Protective Order by advising all parties to this litigation in writing.

24. Within ninety (90) days of the termination of these actions (including any appeals), all Confidential Information, all documents describing or summarizing any Confidential Information, and all copies thereof (including without limitation electronic records of documents or information, document coding databases, and other database information), shall, at the election of the receiving party, be returned to the party that produced the same or destroyed. If a receiving party elects to destroy Confidential Information and all copies and summaries thereof, the party shall certify in writing that destruction has taken place within the ninety (90) day time period. Notwithstanding the foregoing, outside counsel may retain an archival copy of any materials filed with the Court, correspondence, deposition transcripts, and/or attorney work product which contains Confidential Information. Such archival documents shall be retained and treated in accordance with this Protective Order.

25. This Protective Order is without prejudice to the right of any party, to seek relief from the Court from any of its provisions, or to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of Confidential Information.

26. This Protective Order may be amended as need may arise by written agreement of the parties, subject to court approval.

SO STIPULATED:

Date: April 25, 2013

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0336
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
Xiao Li (admitted *pro hace vice*)
Joseph C. Akalski (admitted *pro hac vice*)
Lauren M. Nowierski (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com
xli@desmaraisllp.com
jakalski@desmaraisllp.com
lnowierski@desmaraisllp.com

*Attorneys for Plaintiff Enzo Life Sciences, Inc.*

Respectfully submitted,

POTTER ANDERSON & CORROON, LLP

David E.Moore
Richard L. Horwitz (Bar No. 2246)
David Ellis Moore (Bar No. 3983)
Bindu A. Palapura (Bar No. 5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

James F. Hurst (admitted *pro hac vice*)
Maureen Rurka (admitted *pro hac vice*)
Elizabeth Thompson (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jhurst@winston.com
mrurka@winston.com
ejthompson@winston.com

Melinda Lackey (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2671
Facsimile: (713) 651-2700
mlackey@winston.com

*Attorneys for Defendants Abbott Laboratories
and Abbott Molecular Inc.*

13

DLA Piper LLP (US)

/s/ Denise S. Kraft
Denise S. Kraft (Bar No. 2778)
Aleine M. Porterfield (Bar No. 5053)
Brian A. Biggs (Bar No. 5591)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-468-5700
Facsimile: 302-394-2341
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com
brian.biggs@dlapiper.com

John Guaragna (*pro hac vice*)
DLA Piper LLP (US)
401 Congress Avenue
Suite 2500
Austin, TX 78701-3799
Telephone:(512) 457-7125
Facsimile: (512) 721-2325
john.guaragna@dlapiper.com

Stanley Panikowski (*pro hac vice*)
Erica Pascal (*pro hac vice*)
DLA Piper LLP (US)
401 B Street
Suite 1700
San Diego, CA 92101-4297
Telephone:(619) 699-2700
Facsimile: (619) 699-2701
stanley.panikowski@dlapiper.com
erica.pascal@dlapiper.com

*Attorneys for Luminex Corporation*

RICHARDS, LAYTON & FINGER, PA

/s/ Elizabeth Rui He
Frederick L. Cottrell, III (Bar No. 2555)
Elizabeth Rui He (Bar No. 5345)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
he@rlf.com

Sadaf R. Abdullah
Jamie T. Wisz
Gregory P. Teran
William G. McElwain
Jane M. Love
William W. Kim
Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
sadafabdullah@wilmerhale.com
robert.gunther@wilmerhale.com
william.kim@wilmerhale.com
jane.love@wilmerhale.com
william.mcelwain@wilmerhale.com
gregory.teran@wilrnerhale.com
jamie.wisz@wilmerhale.com

*Attorneys for Becton Dickinson and Company,
Becton Dickinson Diagnostics Inc., Geneohm
Sciences Inc., Roche Diagnostics Corporation,
Roche Diagnostics Operations Inc., Roche
Molecular Systems Inc. Roche NimbleGen, Inc.*

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

/s/ Karen L. Pascale
Karen L. Pascale (Bar No. 2903)
Pilar G. Kraman (Bar No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
kpascale@ycst.com
pkraman@ycst.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (Bar No. 2881)
Michael J. Flynn (Bar No. 5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Jennifer A. Sklenar
Matthew M. Wolf
Wallace W. Wu
ARNOLD & PORTER LLP
jennifer.sklenar@aporter.com
matthew.wolf@aporter.com
wallace.wu@aporter.com

*Attorneys for Hologic Inc. and Gen-Probe
Incorporated*

jblumenfeld@mnat.com
klouden@rnnat.com
mflynn@mnat.com

Nicholas P. Groombridge
Eric Alan Stone
Jennifer H. Wu
Allison M. Lucier
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Katherine Nolan-Stevaux
LIFE TECHNOLOGIES CORP.
850 Lincoln Centre Dr.
Foster City, CA 94404
(650) 554-3584

*Attorneys for Life Technologies Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek J. Fahnestock
Jack B. Blumenfeld (Bar No. 1014)
Maryellen Noreika (Bar No. 3208)
Derek J. Fahnestock (Bar No. 4705)
Paul Saindon (Bar No. 5110)
1201 North Market Street P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@rnnat.com
dfahnestock@mnat.com
psaindon@mnat.com

Sean M. Boyle
Stephen C. Holmes
Michael J. Malecek
Peter E. Root
KAYE SCHOLER LLP
sean.boyle@kayescholer.com
stephen.holmes@kayescholer.com
michael.malecek@kayescholer.com
peter.root@kayescholer.com

ASHBY & GEDDES

/s/ Lauren E. Maguire
Steven J. Balick (Bar No. 2114)
Lauren E. Maguire (Bar No. 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com

Kevin M. Flowers
Mark H. Izraelewicz
Cullen N. Pendleton
Amanda K. Antons
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive, Suite 6300
Chicago, IL 60606
(312) 474-6300

*Counsel for Defendants/Counter-claimants
Illumina, Inc.*

15

*Attorneys for Affymetrix Inc. and Agilent
Technologies Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek J. Fahnestock
Jack B. Blumenfeld (Bar No. 1014)
Maryellen Noreika (Bar No. 3208)
Derek J. Fahnestock (Bar No. 4705)
1201 North Market Street P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com
dfahnestock@mnat.com

Deepali Brahmbhatt
Steven M. Hanle
Nagendra Setty
SHEPPARD MULLIN RICHTER & HAMPTON LLP
dbrahmbhatt@sheppardmullin.corn
shanle@sheppardmullin.corn
nsetty@sheppardmullin.com

*Attorneys for Siemens Healthcare Diagnostics
Inc.*

SO ORDERED:

United States District Court, District of Delaware

Dated: _____, 2013

_____
Hon. Leonard P. Stark
United States District Judge

16

## ATTACHMENT A

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | Civil Action No. 12-274-LPS |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ABBOTT LABORATORIES, and ABBOTT MOLECULAR INC., | |
| Defendants. | |
| and | |
| LUMINEX CORPORATION, | |
| Intervening Defendant. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | Civil Action No. 12-275-LPS |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| BECTON, DICKINSON AND COMPANY; BECTON DICKINSON DIAGNOSTICS, INC.; and GENEOHM SCIENCES, INC., | |
| Defendants. | |

| | |
|---|---|
| ENZO LIFE SCIENCES, INC., | Civil Action No. 12-276-LPS |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| HOLOGIC, INC., | |
| Defendant. | |

17

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.,** | Civil Action No. 12-104-LPS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **GEN-PROBE, INCORPORATED,** | |
| Defendant. | |
| **ENZO LIFE SCIENCES, INC.,** | Civil Action No. 12-105-LPS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **LIFE TECHNOLOGIES CORPORATION,** | |
| Defendant. | |
| **ENZO LIFE SCIENCES, INC.,** | Civil Action No. 12-106-LPS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **ROCHE MOLECULAR SYSTEMS, INC., ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS OPERATIONS, INC., and ROCHE NIMBLEGEN, INC.,** | |
| Defendants. | |
| **ENZO LIFE SCIENCES, INC.,** | Civil Action No. 12-433-LPS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **AFFYMETRIX, INC.,** | |
| Defendant. | |

18

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.,** | |
| Plaintiff, | Civil Action No. 12-434-LPS |
| v. | **JURY TRIAL DEMANDED** |
| **AGILENT TECHNOLOGIES, INC.,** | |
| Defendant. | |
| **ENZO LIFE SCIENCES, INC.,** | |
| Plaintiff, | Civil Action No. 12-435-LPS |
| v. | **JURY TRIAL DEMANDED** |
| **ILLUMINA, INC.,** | |
| Defendant. | |
| **ENZO LIFE SCIENCES, INC.,** | |
| Plaintiff, | Civil Action No. 12-505-LPS |
| v. | **JURY TRIAL DEMANDED** |
| **SIEMENS HEALTHCARE DIAGNOSTICS INC.,** | |
| Defendant. | |

## <u>DECLARATION REGARDING PROTECTIVE ORDER ON CONFIDENTIALITY</u>

In consideration of the disclosure to me of certain information which is subject to the Protective Order on Confidentiality of this Court (the "Protective Order"), I declare and state under penalty of perjury as follows:

1.    I have read the Protective Order and I agree to be bound by its terms and to comply with all of its provisions.

2.     I understand that if I violate the terms of the Protective Order, I will be in violation of a court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

3.     I agree to submit myself to the personal jurisdiction of this Court in connection with any proceeding concerning the Protective Order.


Dated: _____, 20___          By:_____

                                            Name:_____

                                            Address:_____

                                            _____

                                            _____

"

"

"

# GZJ KDKV'F

EFiled:  Aug  1 2008  2:08PM EDT
Transaction ID 20897177
Case No. 3512-VCS

**GRANTED**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 3512-VCS |
| | ) | |
| JOSEPH J. KIRKLAND, JOSEPH J. DESTEFANO, TIMOTHY J. LANGLOIS, and ADVANCED MATERIALS TECHNOLOGY, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ADVANCED MATERIALS TECHNOLOGY, INC., | ) ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

ORDER
GOVERNING THE PROTECTION AND
EXCHANGE OF CONFIDENTIAL MATERIAL

WHEREAS, discovery proceedings in the above-captioned action (the "Litigation") will necessarily involve the production of certain information which the parties to the Litigation (the "Parties") believe to be confidential and sensitive technical, commercial, financial or business information;

IT IS HEREBY ORDERED, this __ day of August, 2008, pursuant to Court of Chancery Rule 5(g), that the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to the Litigation in

connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

1. Any party or non-party who provides or has provided Discovery Material to any party in connection with this Litigation (a "Producing Party") may designate such Discovery Material as "Confidential" under the terms of this Order if counsel for the Producing Party believes in good faith that such Discovery Material contains non-public, proprietary or trade secret information or other confidential financial or business information ("Confidential Discovery Material").  A Producing Party may also designate Discovery Material as "Highly Confidential" under the terms of this Order if counsel for the Producing Party believes in good faith that such Discovery Material contains non-public, proprietary or trade secret information or other confidential financial or business information and otherwise falls within the provisions of paragraph 3 below ("Highly Confidential Discovery Material").

2. For purposes of this Order, information considered to be Confidential Discovery Material includes all non-public materials containing information related to, but not limited to: (i) trade secrets, know how, and proprietary technical information; (ii) product research, development, and planning; (iii) financial or business plans or projections; (iv) studies or analyses by internal or outside experts or consultants if based upon non-public confidential information; (v) customer lists, bids, solicitations and information; (vi) competitive analyses; (vii) personnel files or data; (viii) non-public financial or accounting results or data; (ix) personal financial, tax or employment information; (x) business, management and marketing plans and strategies; (xi) costs or pricing of goods and services; (xii) contracts or agreements with customers, employees, affiliates or partners; (xiii) tax returns; and (xiv) complaints, disputes, litigation, mediation or arbitration with customers, employees, affiliates or partners.

3.      For purposes of this Order, information considered to be Highly Confidential Discovery Material shall include, but shall not be limited to, any Confidential Discovery Material as defined in paragraph 2 above which also includes extremely sensitive, highly confidential non-public information constituting either trade secrets or other highly confidential business, financial, technical or strategic information, the disclosure of which would be likely to cause competitive or business injury to the Producing Party.

4.      Discovery Material designated as "Confidential" or "Highly Confidential," or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

5.      For purposes of this Order, any Producing Party may apply, pursuant to Court of Chancery Rule 5(g)(3) and upon short notice, for an Order to supplement the foregoing categories of Confidential Discovery Material or Highly Confidential Discovery Material.

6.      The designation of Confidential Discovery Material or Highly Confidential Discovery Material for purposes of this Order shall be made in the following manner by any Producing Party:

a.      in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material or "Highly Confidential" to each page containing Highly Confidential Discovery Material, provided that the failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document by providing written notice to all other parties together with properly designated copies of said document, with the effect that such document

- 3 -

shall be subject to the protections of this Order as of the time that such designation is communicated to the Receiving Party;

b.      in the case of depositions or other pretrial testimony:  (i) by a statement on the record, by counsel, at or before the conclusion of the deposition or other pretrial testimony; or (ii) by written notice, sent by counsel to all parties within seven (7) days after the receipt of the preliminary transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" or "Highly Confidential" shall be so deemed.  If no designation as provided for in subparagraph 5(b)(i) is made at or before the conclusion of the deposition or other pretrial testimony, such deposition or other pretrial testimony shall be treated in a manner consistent with a designation of Highly Confidential until seven (7) days from the receipt by counsel of the preliminary transcript, after which such deposition or pretrial testimony shall be treated in accordance with its designation, if any.  The parties may modify this procedure for any particular deposition or pretrial testimony, through agreement on the record at such deposition or pretrial testimony, without further order of the Court; and

c.      in the case of Confidential Discovery Material or Highly Confidential Discovery Material which is disclosed or produced in a non-paper medium (*e.g.*, DVD, CD, videotape, audiotape, computer disks, etc.), by affixing the legend "Confidential" or "Highly Confidential" on the medium, if possible, and its container, if any, so as to give notice of the designation.  If any Confidential Discovery Material or Highly Confidential Discovery Material produced in a non-paper medium is printed out by a receiving party, the receiving party must mark each page of the printed version with the "Confidential" or "Highly Confidential" designation.

7.     Except as specifically provided for in this or subsequent Court orders, Confidential Discovery Material shall not be revealed, disclosed, summarized, characterized, or otherwise made known to persons, directly or indirectly, other than the following:

a.     Outside and designated inside counsel who represent the parties, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation for use in accordance with this Order;

b.     Experts or consultants necessary to assist counsel for parties that have appeared in this Litigation, subject to the provisions of paragraph 10 below;

c.     Defendants Joseph J. Kirkland, Timothy J. Langlois and Joseph J. DeStefano and designated directors and officers of the Parties who are assisting the Parties in the Litigation, or who appear as witnesses or deponents;

d.     Witnesses or deponents (other than the individuals referred to in subparagraph (c)), and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in the Litigation but only if such witness or deponent had access to such information or is indicated on the Confidential Discovery Material as the author, recipient or a copy of such information;

e.     The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom; and

f.     Any other person, only upon order of the Court or upon stipulation of the Producing Party.

8.     Except as specifically provided for in this or subsequent Court orders, Highly Confidential Discovery Material shall not be revealed, disclosed, summarized, characterized, or otherwise made known to persons, directly or indirectly, other than the following:

a.     Morris, Nichols, Arsht & Tunnell, LLP ("MNAT"), for so long as MNAT represents plaintiff in the Litigation, and Potter, Anderson & Corroon LLP ("PAC"), for so long as PAC represents defendants in the Litigation, regular and temporary employees and service vendors of MNAT or PAC (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation for use in accordance with this Order;

b.     Hajime Tada, for as long as he serves as in-house counsel for plaintiff, upon the execution of an Undertaking in the form attached hereto as Exhibit A;

c.     Experts or consultants necessary to assist MNAT or PAC in this Litigation, subject to the provisions of paragraph 10 below;

d.     The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom; and

e.     Any other person, only upon order of the Court or upon stipulation of the Producing Party.

9.     Where Joseph J. Kirkland, Joseph J. DeStefano or Timothy J. Langlois (the "individual defendants") appears as an author or addressee on the face of Highly Confidential Discovery Material, that Material may be disclosed to the individual defendant(s) appearing on the Material, and any Highly Confidential Discovery Material that plaintiff cites in any discovery response as having been misappropriated or otherwise improperly used or

disclosed by the individual defendants may be disclosed to an individual defendant, provided that he was employed by plaintiff as of the date the Highly Confidential Discovery Material was created.  Any other Highly Confidential Discovery Material may only be disclosed to any of the individual defendants after written permission is obtained from counsel for plaintiff.  Such written permission shall be either granted or denied by plaintiff within 3 business days of plaintiff's receipt of the request from defendants' counsel pursuant to this paragraph.  In considering a request for written permission made under this paragraph, plaintiff shall attempt to confirm that the individual defendant(s) seeking such permission had access to the Material in question while employed by plaintiff (or a predecessor) and shall permit the disclosure of any such Material to the individual defendant(s).  Any disclosure of Highly Confidential Discovery Material under this paragraph may be made upon the individual defendant's execution of an Undertaking in the form attached hereto as Exhibit A.

10.    a. Prior to disclosure of Confidential Discovery Material or Highly Confidential Discovery Material to any person pursuant to paragraphs 7(b) or 8(c) above, such person shall be fully identified to counsel of record for the Producing Party and a copy provided of his or her curriculum vitae and executed written assurance in the form attached as Exhibit A. If the Producing Party objects to the disclosure of Confidential Discovery Material or Highly Confidential Discovery Material to such person within five (5) business days after receiving such notice, no disclosure shall be made to that person without prior approval of the Court or the Producing Party.  The Producing Party shall have the burden of establishing the need for excluding such person from access to Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Order.

b. Prior to disclosure of Confidential Discovery Material to any designated in-house counsel or designated directors or officers pursuant to paragraphs 7(a) or 7(c) above or disclosure of Highly Confidential Discovery Material to Hajime Tada or any individual defendant pursuant to paragraph 8(b) or 9 above, such person shall provide to counsel of record for the Producing Party his or her executed written assurance in the form attached as Exhibit A. If the Producing Party objects to the disclosure of Confidential Discovery Material to such designated in-house counsel or designated director or officer within five (5) business days after receiving such notice, no disclosure shall be made to that person without prior approval of the Court or the Producing Party.  The Producing Party shall have the burden of establishing the need for excluding such person from access to Confidential Discovery Material under the terms of this Order.

11.   At least 48 hours prior to the commencement of a deposition, counsel for the party taking the deposition must identify in writing to counsel for the deponent any Highly Confidential Discovery Material that it may disclose to the deponent at the deposition, to the extent that the deponent has not already been given access to such Highly Confidential Discovery Material under this Order.  Counsel for the deponent may disclose that Highly Confidential Discovery Material to the deponent, upon the deponent's execution of an Undertaking in the form attached hereto as Exhibit A.  To the extent that any party intends to disclose to a witness at trial of this matter Highly Confidential Discovery Material such witness has not already been given access to under this Order, that party must identify in writing such Highly Confidential Discovery Material to counsel for the witness no later than 10 days prior to the commencement of trial.  Counsel for such witness may disclose such Highly Confidential

Discovery Material to such witness upon the witness's execution of an Undertaking in the form attached hereto as Exhibit A.

12.    Counsel for the Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, the reporter, and videographer (if any), who is not authorized by this Order to receive documents or information designated "Confidential" or "Highly Confidential."  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which is designated "Confidential" or "Highly Confidential."

13.    Before a party or its counsel may show or disclose Discovery Material designated as "Confidential" to any person listed in paragraph 7(d) above (to the extent such persons are not covered by paragraphs 7(a), (b), (c), (e) or (f)), that person shall be advised that the Confidential Discovery Material is disclosed pursuant to this Order and may not be disclosed other than pursuant to its terms.  All persons listed in paragraph 7(d) above (to the extent such persons are not covered by paragraphs 7(a), (b), (c), (e) or (f)), who are given access to Confidential Discovery Material shall be required to confirm their understanding and agreement to abide by the terms of this Order by signing a confidentiality statement in the form attached hereto as Exhibit A, which shall be maintained by counsel for the party who received the Confidential Discovery Material and who seeks to disclose such Confidential Discovery Material.

14.    Any person having custody of any Confidential or Highly Confidential Discovery Material pursuant to paragraphs 7(a)-(d), 8(a)-(b), 9 or 11 shall maintain it securely in a manner that limits access only to persons qualified to receive such information under this Order.

15.    All documents of any nature, including briefs, all or part of which have been designated as "Confidential" or "Highly Confidential" and that are filed with the Court, shall be filed under seal in accordance with the provisions of Chancery Court Rules 5(g) and 79.1 and the Administrative Directive of the Chancellor of the Court of Chancery of the State of Delaware, Amended, No. 2003-1, dated October 10, 2003, regarding eFile Administrative Procedures (the "Administrative Directive"), which shall be accomplished by submitting documents formatted with a footer stating the following:

> THIS DOCUMENT IS CONFIDENTIAL [or HIGHLY CONFIDENTIAL, as the case may be] AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.

In addition, all documents shall be submitted with a cover page in the format set forth in the Administrative Directive.  All such documents so filed shall be released from confidential treatment by the Register in Chancery only as provided by Chancery Court Rule 5(g)(7) or upon further order of the Court.

16.    The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Order shall comply with the provisions of Rule 5(g)(4)–(7), including without limitation the provisions governing the filing of a copy of the Filing for public inspection that omits only the information the party believes should continue to be sealed for good cause.

17.    In accordance with the provisions of Rule 5(g), any party to the Litigation who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of that Rule or this Order shall give written notice of his or her objection to the Producing Party.  To the extent that the Producing Party seeks to continue the

restriction on public access to documents filed with the Register in Chancery, that party shall file an application with the Court within the period mandated by Rule 5(g) for a judicial determination as to whether good cause exists for continued restricted access to the document. Any party who seeks the continued sealing of any portion of a Filing shall file the certification required by Rule 5(g)(5).

18.    Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

a.    operate as an admission by any party that any particular Confidential Discovery Material or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

b.    prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Highly Confidential Discovery Material;

c.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

d.    prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Order;

e.    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

f.      prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

g.      be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

19.    This Order has no effect upon, and shall not apply to, the Parties' use of their own respective Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

20.    Nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any Confidential or Highly Confidential Discovery Material, provided that the contents of the Confidential or Highly Confidential Discovery Material shall not be disclosed.

21.    If a party in possession of Confidential Discovery Material or Highly Confidential Discovery Material receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of such Discovery Material, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclose a copy of the subpoena or other compulsory process.  If the Producing Party timely

seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material or Highly Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material is produced to the non-party, such material shall still be treated in accordance with the designation as "Confidential" or "Highly Confidential" by the Parties.

22.    All those to whom Confidential Discovery Material or Highly Confidential Discovery Material is disclosed pursuant hereto shall protect, safeguard and otherwise respect the confidential nature of such information; shall not disclose it to any person other than those identified herein; shall not use it for any other purpose except as may be necessary for the good faith conduct of the Litigation; and shall maintain all documents and things that are or contain Confidential Discovery Material or Highly Confidential Discovery Material in a secure place where unauthorized disclosure cannot reasonably be expected to occur; except that the obligations of this paragraph shall cease as to any Confidential Discovery Material or Highly Confidential Discovery Material that is publicly disclosed by the Producing Party or that otherwise becomes publicly available without violation of this Stipulation.

23.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.

24.    Non-parties who produce documents pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms with respect to materials produced by them, if they agree in writing to be bound hereby.

25.     The parties agree to be bound by the terms of this Order pending the entry of this Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order has been entered by the Court.

26.     Subject to the requirements of Rules 5(g)(7) and 5(g)(8), and any applicable rule of the Delaware Supreme Court, the provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

27.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall make a good faith effort either to return to counsel for the Producing Party, or at the direction of the Producing Party destroy, all such Discovery Material and all copies thereof (including summaries and excerpts) and certify that all such material has been returned or destroyed as the case may be.  However, outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party.

28.     The following procedures shall apply to any disputes arising from the designation of discovery materials pursuant to this Order:

      a.      If a party in good faith disagrees with another party's designation, it shall inform counsel for the designating party of the objection, in writing, served by e-mail, hand delivery, or any other means otherwise agreed to, which shall describe the documents or information at issue and shall state the grounds for objection.

      b.      Within five (5) business days of the service of any written objection, the objecting party and the designating party shall meet and confer in an effort to resolve any continuing dispute regarding the designation at issue.

      c.      If the objection is not resolved, the objecting party shall, within three (3) business days of the date of the meet and confer, file a motion challenging the designation of the Discovery Material at issue.

      d.      The designating party shall respond to any motion filed pursuant to subparagraph (c) above within three (3) business days, at which point the motion shall be fully briefed for the Court's review.

      e.      If the objecting party does not file an appropriate motion for a protective order within three (3) business days of the meet and confer, the Discovery Material at issue shall continue to be treated as designated by the designating party.

      f.      If a discovery dispute is raised under this paragraph, the Discovery Material subject to dispute shall be treated as designated until the dispute is resolved.

      g.      The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

      29.      In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Discovery Material shall not lose its "Confidential" or "Highly Confidential"

designation.   Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

SO ORDERED this _____ day of _____, 2008.

_____
                                                    Vice Chancellor

2433572

| This document constitutes a ruling of the court and should be treated as such. |
| --- |

| | |
| --- | --- |
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Leo E Strine |
| **File & Serve Transaction ID:** | 20890239 |
| **Current Date:** | Aug 01, 2008 |
| **Case Number:** | 3512-VCS |
| **Case Name:** | SEALED ANSWER Agilent Technologies Inc vs Joseph J Kirkland |

**/s/ Judge Leo E Strine**