IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 23-198 (CJB) |
| | ) | |
| v. | ) | **REDACTED - PUBLIC VERSION** |
| | ) | |
| AXION BIOSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AGILENT TECHNOLOGIES, INC.'S OPENING LETTER BRIEF
IN SUPPORT OF COMPELLING RESPONSE TO INTERROGATORY NO. 17
AND REQUESTS FOR PRODUCTION NOS. 133 AND 134**

OF COUNSEL:

Peter J. Chassman
Hallie H. Wimberly
Michael J. Forbes
REED SMITH LLP
1221 McKinney Street, Suite 2100
Houston, TX  77010
(713) 469-3800

Anna M. Targowska
Allison M. Haas
Jacob M. Stone
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
(312) 207-1000

Paul J. McDonnell
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
(412) 288-3131

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiff Agilent Technologies, Inc.*

Original filing date: October 15, 2024
Redacted filing date: October 30, 2024

Dear Judge Burke:

Plaintiff Agilent submits this letter brief in connection with a dispute (D.I. 195) over defendant Axion's (1) failure to supplement its response to Agilent's contention interrogatory on Axion's trade secret misappropriation (Interrogatory ("Rog.") No. 17) (Ex. A), and (2) refusal to produce documents in response to Agilent's Requests for Production ("RFP") 133 and 134 (Ex. B), which are also relevant to Agilent's trade secret misappropriation claims.

**Rog. 17.** This contention interrogatory requests, "[f]or each trade secret identified in Agilent's response to Axion's Rog. No. 13, [Axion shall] state whether Axion contends that it does or does not constitute a trade secret, and state all facts supporting that contention." Agilent's Rog. No. 17 counters Axion's Rog. Nos. 13 (Ex. C), which asks Agilent to identify each trade secret that Agilent contends Axion misappropriated. Axion's response falls far short of the standard adopted in this district for contention interrogatories, where "[t]he adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive." (D.I. 29) at §7(d); *see also Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, D.I. 164 (D. Del. June 25, 2013). Axion insisted that Agilent provide specific identifications of the misappropriated trade secrets that Agilent had identified to date. As Axion's misappropriation of Agilent's strategic plans, confidential acquisition analyses, and technical and customer information were extensive and egregious, Agilent provided a highly detailed response, identifying **43 misappropriated trade secrets**, spanning **15 pages**, and citing **hundreds of documents**. Moreover, Agilent's responses to Axion's Rog. Nos. 14-16 span an **additional 35 pages** with dozens of **additional citations**, and address the reasonable measures taken to protect Agilent's trade secrets, the trade secrets' economic value, and Axion's widespread and blatant misappropriation. Yet, Axion's response to Agilent's Rog. No. 17 amounts to **one and a half pages of boiler plate objections** and fails to specifically or substantively address **any single trade secret** identified by Agilent, simply disputing the elements of a trade secret claim without providing any detail or citation to evidence or law.[1]

Axion's continued refusal to supplement its grossly deficient response is unjustified. During the meet and confer, Axion claimed it needed further discovery, including additional ESI discovery and depositions of Agilent witnesses (none of which have been noticed). Axion cannot withhold its substantive response until it has all "evidence" at hand, especially given Axion's insistence that Agilent provide detailed responses to Axion's interrogatories, which Agilent has provided. The parties produced over 230,000 ESI records between May and June 2024, yet, Axion does **not cite a single document** from either party's production in its response to Agilent's Rog. No. 17. Axion's assertion is further specious because, during various meet and confers related to Axion's Rog. Nos. 13-16, Axion's counsel repeatedly contended that Agilent had no trade secrets. Accordingly, Axion must disclose the factual bases it had for this assertion, and presumably still has after additional discovery.[2]

---

[1] Axion states that Agilent has failed to identify any information in response to Axion's Interrogatory No. 13 with sufficient particularity to constitute a trade secret.
[2] Substantial completion of document production occurred on June 6, 2024. The parties agreed to conduct additional trade secrets related ESI discovery with all non-privileged records produced as of October 15, 2024.

**RFPs 133 and 134.** These RFPs relate to Axion's misappropriation of Agilent's trade secrets, the value Axion derived from them, and to the calculation of trade secret damages. Specifically, these RFPs call for "valuations of Axion, including but not limited to Documents sufficient to show valuation or appraisal reports by or for Axion of any of Axion's business units [or] product lines" and "documents relating to any past or future, actual or potential, funding rounds or investment in Axion, including the actual or potential purchase price paid and valuation of the company at the time of such funding or investment." Notably, Dr. Ferrick led acquisition activities at Agilent, was hired away by Axion, retained and disseminated Agilent's trade secrets, strategic planning information, and Agilent's acquisition analyses to Axion, where Axion used them in evaluating acquisition opportunities – a key initiative by Axion and its owner, Summa Equity. Axion's use of Agilent's secrets benefitted Axion, and it is vital to Agilent's damages case to understand how the infusion of such trade secrets increased Axion's value and ability to source funding. Axion insists that these RFPs are too broad, but Axion's discovery to date indicates that Axion has increased its merger and acquisition activity, as buyer and seller, specifically to Agilent's competitors. *See, e.g.*, Ex. D; Ex. E at 6, 19–21, and 25; Ex. F at 15; Ex. G.

Moreover, for example, Exhibit E is a PowerPoint presentation about Axion's Strategic Plan for FY22–FY26 that mixes Agilent's misappropriated trade secrets (*e.g.*, slides 36–51, 59–64) with Axion's own strategic plans, including names on various slides identifying individuals responsible for the content of that slide. Slide 14 indicates that Dr. Ferrick was responsible for developing Axion's merger and acquisition activity as a strategic enabler to Axion's mission of "becom[ing] the leading innovator in live cell analysis." Knowing Agilent's trade secrets, ▮▮▮▮▮▮▮▮▮▮ (Trade Secret #1 in Agilent's response to Axion's Rog. No. 17), gave Axion a competitive advantage over Agilent and aided Axion's mission in the cell analysis market, where the parties compete directly. In addition, Axion considers larger competitors of Agilent's as "potential strategic exit partners," indicating it may be positioning itself to be acquired by a competitor of Agilent. *See* Ex. D. Moreover, it is anticipated that the requested documents will reflect how Axion's use of Agilent's trade secrets affected the value of Axion, its business units, and product lines. This is plainly relevant to Agilent's trade secret claim and damages case. *Primesource Bldgs. Prods. v. Felten*, No. 16 CV 11468, 2018 WL 10425599, at *4 (N.D. Ill. Apr. 27, 2018) (finding "financial information, company valuations, communications among Platinum entities and the subpoenaed banks related to the acquisition or divestiture of [plaintiff]" were "relevant to damages because they pertain to the value of the alleged trade secrets.").

**Prejudice.** Axion's failure to timely supplement its response and produce documents is not only contrary to this Court's precedent but is also prejudicial to Agilent. Regarding Rog. No. 17, Axion cannot sandbag its response and withhold responsive information to force Agilent to proceed through fact discovery without knowledge of Axion's contentions. As to RFPs 133 and 134, withholding these documents prevents Agilent from developing its damages case. Moreover, notwithstanding Agilent's service of ten deposition notices, anticipated to commence in the next 30 days, Axion's refusal to comply with its discovery obligations will prohibit Agilent from meaningfully moving forward with these depositions (or parts of a 30(b)(6) deposition), particularly given Axion's position that it will not produce a witness for deposition more than once. A proposed order is attached. *See* Ex. H.

2

                                                  Respectfully,

                                                  */s/ Brian P. Egan*

                                                  Brian P. Egan (#6227)

BPE:lo  
Attachments  
cc:    Clerk of the Court (via hand delivery)  
        All Counsel of Record (via e-mail)