# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 23-198-CJB |
| v. | ) | |
| | ) | |
| AXION BIOSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AXION BIOSYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF AGILENT TECHNOLOGIES, INC.'S SECOND SET OF
INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Axion Biosystems, Inc. ("Axion") states the following objections and responses ("Responses") to Plaintiff Agilent Technologies, Inc.'s ("Plaintiff" or "Agilent") Second Set of Interrogatories (the "Interrogatories") dated August 9, 2024. These objections and responses are based on Axion's investigation to date, and Axion may supplement or amend these objections and responses to the extent necessary and permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Axion has made specific objections to the extent the Interrogatories seek information protected from disclosure by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Axion will not disclose any information so protected. The inadvertent disclosure or identification of any such information is not intended as, and will not constitute, a waiver of such privilege or immunity.

Axion reserves the right to amend or supplement its Responses to the Interrogatories from time to time as appropriate.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

1.    Axion objects to the definitions of "Axion," "You," or "Your" as vague, overbroad, unduly burdensome and, as used in the Interrogatories, calling for materials not relevant to claims or defenses of either party to this action to the extent that they purport to include parent or subsidiary organizations, predecessors, divisions, successors, associated organizations, and joint ventures that are not parties to this action, or otherwise to the extent this definition and use improperly expands the scope of discovery by seeking information that is not currently in the possession, custody, or control of Axion.  Axion further objects to this definition and its use as overly broad, unduly burdensome, legally incorrect, and irrelevant to the extent it purports to include within its scope all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, in any country, acting on Axion's behalf.  Axion further objects to this definition as unduly burdensome to the extent it requires Axion to seek information from all of their employees and consultants because the substantial burden and cost of doing so outweighs any likely benefit.  Axion will interpret this term as referring only to Axion, and its responses are limited accordingly.

2.    Axion objects to the definition of "Agilent Affiliate" as vague, overbroad, unduly burdensome and, as used in the Interrogatories, calling for materials not relevant to claims or defenses of either party to this action to the extent that it purports to include past and present affiliates, parents, subsidiaries, predecessors, divisions, successors, associated organizations, and joint ventures that are not parties to this action.

3.    Axion further objects to the definition of "Former Agilent Employee" as vague, overbroad, and unduly burdensome, as used in the Interrogatories, calling for material not relevant to claims or defenses of either party to this action, to the extent this definition and use improperly expands the scope of discovery by seeking information that is not currently in the possession,

custody, or control of Axion.  Axion further objects to this definition and its use as overly broad, unduly burdensome, and irrelevant to the extent it purports to include within its scope all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, in any country.  Axion further objects to this definition as vague and ambiguous, as it assumes Axion can identify any and all Agilent and/or Agilent Affiliate's present and former officers, directors, trustees, employees, staff members, agents, or other representatives, in any country. Axion will interpret this term as referring only to David Ferrick, Deborah Hurtado, Alp Aras, Beth Nigh, James Guo, and William Deacon, and its responses are limited accordingly.

4.    Axion objects to the definitions of "Accused Product" and "Accused Products" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Axion further objects to this definition because it attempts, in essence, to reverse Plaintiff's burden of proof in this case.  Plaintiff has the burden of identifying allegedly infringing products but attempts to make Axion do so.  Axion will interpret "Accused Product" and "Accused Products" to refer only to products expressly accused in Agilent's October 20, 2023 Infringement Contentions and respond accordingly.

5.    Axion objects to the definitions of "Axion Machine" and "Axion Machines" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Axion further objects to this definition because it attempts, in essence, to reverse Plaintiff's burden of proof in this case. Plaintiff has the burden of identifying allegedly infringing products but attempts to make Axion do so. Axion will interpret "Axion Machine" and "Axion Machines" to refer only to Maestro Edge, Maestro Pro, Maestro Z, Maestro ZHT, and Maestro TrayZ and respond accordingly.

6.      Axion objects to the definitions of "Axion Plate" and "Axion Plates" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Axion further objects to this definition because it attempts, in essence, to reverse Plaintiff's burden of proof in this case. Plaintiff has the burden of identifying allegedly infringing products but attempts to make Axion do so. Axion will interpret "Axion Plate" and "Axion Plates" to refer only to CytoView-Z 96-well plates and CytoView-Z 384-well plates and respond accordingly.

7.      Axion objects to the definition of "Axion Software" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Axion further objects to this definition because it attempts, in essence, to reverse Plaintiff's burden of proof in this case. Plaintiff has the burden of identifying allegedly infringing products but attempts to make Axion do so. Axion will interpret "Axion Software" to refer to all versions of the AxIS Z software and the following modules, "Impedance," "GxP Impedance," and "Impedance Automation," and respond accordingly.

8.      Axion objects to the definitions of "Agilent Document" and "Agilent Documents" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Axion further objects to this definition because it attempts, in essence, to reverse Plaintiff's burden of proof in this case. Plaintiff has the burden of identifying its alleged trade secret(s) but attempts to make Axion do so. Axion will interpret "Agilent Document" and "Agilent Documents" to refer only to such documents that have been produced by both parties with the "BRG" prefix.

9.      Axion objects to the definition of "Documents" to the extent this term calls for production of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost, and/or to the extent that the term calls for production of electronic messages and attachments associated with electronic mail (collectively "Email") beyond the scope of the ESI Order and search terms agreed to by the parties. Axion further objects to the definition to the extent that it calls for information protected from disclosure under the

attorney-client privilege, the work product doctrine, or any other legally recognized privilege, immunity or exemption from discovery.

10.     Axion objects to the definition of "Communications" as unduly burdensome to the extent that it is unlimited as to time. Axion further objects to the definition to the extent it includes communications protected from disclosure by the attorney-client, work-product, joint defense, common interest, or other applicable privilege or doctrine, and/or to the extent it calls for production of Email beyond the scope of the ESI Order and search terms agreed to by the parties.

11.     Axion objects to the definitions of "Identify" to the extent they seek to impose obligations to provide information greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, the parties' ESI Order, or any other applicable law.

12.     Axion objects to the definition of "Describe" the extent it seeks to impose an obligation to provide information greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, the parties' ESI Order, or any other applicable law.

13.     Axion objects to Instruction No. 1, instructing Axion to furnish all available information including "all information available to Axion, its attorneys, accountants, investigators, representatives, agents or any other person acting on Axion's behalf" as vague, overbroad, and unduly burdensome to the extent it seeks to impose burdens or obligations on Axion that are broader than, inconsistent with, or not authorized under the Applicable Rules. Axion further objects to Instruction No. 1 to the extent it purports to include communications protected from disclosure by the attorney-client, work-product, joint defense, common interest, or other applicable privilege or doctrine, and/or to the extent it calls for production of Email beyond the scope of the ESI Order and search terms agreed to by the parties.

14.     Axion objects to Instruction No. 2 to the extent it seeks to impose an obligation to provide information greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, or any other applicable law.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO.17:**  For each trade secret identified in Agilent's response to Axion's Interrogatory No. 13, state whether Axion contends that it does or does not constitute a trade secret, and state all facts supporting that contention.

**RESPONSE:**

In addition to its Objections to Plaintiff's Definitions and Instruction, Axion objects to this interrogatory to the extent it seeks material protected by the attorney-client privilege, common interest doctrine, and/or the attorney work-product doctrine.  Axion further objects to this Interrogatory to the extent that it seeks a legal conclusion or is objectionable, burdensome, oppressive and premature at this stage of the action, as discovery is ongoing.  Axion further objects to this interrogatory because it attempts, in essence, to reverse Plaintiff's burden of proof in this case.  Plaintiff has the burden of establishing its information constitutes a trade secret(s) but attempts to make Axion do so.  Axion further objects that Agilent only recently produced a list of what it contends to be trade secrets.

Subject to and without waiving the foregoing Objections to Plaintiff's Definitions and Instructions and specific objections, Axion responds as follows:

Axion's investigation into information responsive to this Interrogatory is ongoing as the parties are only at the beginning stages of exchanging ESI related to Agilent's alleged trade secrets, and Axion has yet to receive the majority of discovery related to Agilent's recently identified alleged trade secrets.  Axion reserves the right to supplement its response to this Interrogatory, including any expert opinions, in accordance with the discovery schedule entered in this case. Notwithstanding the foregoing, Axion states that Agilent has failed to identify any information in

response to Axion's Interrogatory No. 13 with sufficient particularity to constitute a trade secret.

Further, the information identified in response to Axion's Interrogatory No. 13 constitutes

information that has been made public, including in Agilent's public annual reports, investor

reports, and scientific publications.   The information identified in response to Axion's

Interrogatory No. 13 also constitutes information that is readily ascertainable by proper means

such as a general market analysis.  In addition, Agilent has failed to establish that Agilent has taken

reasonable measures to maintain the secrecy of the alleged trade secrets identified in response to

Axion's Interrogatory No. 13.  Further, Agilent has failed to establish that Agilent derives

economic value from the alleged trade secrets identified in response to Axion's Interrogatory No.

13 not being generally known or that Axion has obtained economic value from the disclosure or

use of any alleged trade secret identified in response to Axion's Interrogatory No. 13.

**<u>INTERROGATORY NO.18:</u>**  Identify all Third-Party products, including Agilent's or ACEA's
xCELLigence systems, that You contend compete with the Accused Products.

**<u>RESPONSE:</u>**

In addition to its Objections to Plaintiff's Definitions and Instructions, Axion objects to

this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this

case to the extent it seeks information not relevant to any party's claim or defense in this case and

does not identify or otherwise limit the time frame for which it seeks information.  Axion also

objects to this topic because the term "compete" is vague and ambiguous.

Subject to and without waiving the foregoing Objections to Plaintiff's Definitions and

Instructions and specific objections, Axion responds as follows:

Axion's investigation into information responsive to this Interrogatory is ongoing.  Axion

states that its competitors in the impedance-based cell analysis market include at least:

- Agilent's xCELLigence RTCA platform;

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 23-198-CJB |
| v. | ) | |
| | ) | |
| AXION BIOSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AXION BIOSYSTEMS, INC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S
FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Axion BioSystems, Inc. ("Axion") states the following objections and responses ("Responses") to Plaintiff Agilent Technologies, Inc.'s ("Plaintiff" or "Agilent") Fourth Set of Requests for Production of Documents and Things (the "Requests") dated August 16, 2024.

Axion has made specific objections to the extent the Requests seek information protected from disclosure by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Axion will not disclose any information so protected. The inadvertent disclosure or identification of any such information is not intended as, and will not constitute, a waiver of such privilege, doctrine, or immunity.

To the extent Axion indicates it will answer a request, such response means only that Axion will conduct a reasonable search for responsive information that is within Axion's possession, custody, or control and will answer, subject to any objections, with such non-privileged, responsive information that it may find, and is not a representation that any such responsive information exists. Likewise, where Axion indicates that an answer is made subject

to a specific objection on the grounds of vagueness, ambiguity, and/or overbreadth, this means that Axion limits its answer in accordance with the terms of the objection.

Axion reserves the right to amend or supplement its Responses to the Requests from time to time as appropriate.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

1.    Axion objects to the date noticed for production (30 days) as unduly burdensome and failing to allow Axion reasonable time to respond to Plaintiff's Requests. Axion will produce, in accordance with the E-Discovery Order (Dkt. 41) entered in this case, relevant documents responsive to Plaintiff's Requests that are not subject to any applicable privilege or immunity or otherwise objectionable in accord with Axion's Objections to Plaintiff's Definitions and Instructions and with Axion's specific objections noted below.

2.    Axion objects to the definitions of "Axion," "you," and "your" as vague, overbroad, unduly burdensome and, as used in the Requests, calling for materials not relevant to claims or defenses of either party to this action, to the extent that they purport to include parent or subsidiary organizations which are not parties to this action, or otherwise to the extent this definition and use improperly expands the scope of discovery by seeking information that is not currently in the possession, custody, or control of Axion. Axion further objects to this definition and its use as overly broad, unduly burdensome, legally incorrect, and irrelevant to the extent it purports to include within its scope all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, in any country, acting on Axion's behalf. Axion further objects to this definition as unduly burdensome to the extent it requires Axion to seek information from all of its employees and consultants because the substantial burden and cost of doing so outweighs any likely benefit. Axion will interpret this term as referring only to Axion, and its responses are limited accordingly.

     3.      Axion objects to the definition of "Former Agilent Employee" as vague, overbroad, and unduly burdensome, as used in the Requests, calling for materials not relevant to claims or defenses of either party to this action, to the extent this definition and use improperly expands the scope of discovery by seeking information that is not currently in the possession, custody, or control of Axion.  Axion further objects to this definition and its use as overly broad, unduly burdensome, and irrelevant to the extent it purports to include within its scope all present and former officers, directors, trustees, employees, staff members, agents, or other representatives, in any country.  Axion further objects to this definition as vague and ambiguous, as it assumes Axion can identify any and all Agilent and/or Agilent Affiliate's present and former officers, directors, trustees, employees, staff members, agents, or other representatives, in any country.  Axion will interpret this term as referring only to David Ferrick, Beth Nigh, James Guo, Deborah Hurtado, Alp Aras, and William Deacon, and its responses are limited accordingly.

     4.      Axion objects to the definitions of "Accused Product" and "Accused Products" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Axion will interpret "Accused Product" and "Accused Products" to refer only to products expressly accused in Agilent's October 20, 2023 Initial Infringement Contentions.

5.     Axion objects to the definitions of "Axion Machine" and "Axion Machines" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Axion will interpret "Axion Machine" and "Axion Machines" to refer only to Maestro Edge, Maestro Pro, Maestro Z, Maestro ZHT, and Maestro TrayZ and respond accordingly.

6.     Axion objects to the definitions of "Axion Plate" and "Axion Plates" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Axion will interpret "Axion Plate" and "Axion Plates" to refer only to CytoView-Z 96-well plates and CytoView-Z 384-well plates and respond accordingly.

7.     Axion objects to the definition of "Axion Software" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Axion will interpret "Axion Software" to refer only to all versions of the AxIS Z software and the following modules, "Impedance," "GxP Impedance," and "Impedance Automation," and respond accordingly.

8.      Axion objects to the definitions of "Agilent Document" and "Agilent Documents" as overly broad, unduly burdensome, vague, ambiguous, and as inquiring into matters that are neither relevant to the subject matter of this action, any claim or defense at issue, nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Axion will interpret "Agilent Document" and "Agilent Documents" to refer only to such documents that have been produced by both parties with the "BRG" prefix.

9.      Axion objects to the definition of "Documents" to the extent this term calls for production of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost, and/or to the extent that the term calls for production of electronic messages and attachments associated with electronic mail (collectively "Email") beyond the scope of the ESI Order and search terms agreed to by the parties.  Axion further objects to the definition to the extent it calls for information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery.

10.     Axion objects to Instruction No. 11 as premature as the parties have not yet discussed or agreed on the requirements for any privilege log that may be exchanged during this

litigation.  Axion further objects to Instruction No. 11 to the extent it seeks to impose an

obligation to provide information greater than that required by the Federal Rules of Civil

Procedure, the Local Rules of the District of Delaware, or any other applicable law.

     11.     Axion objects to the Instructions as overbroad, unduly burdensome, calling for

materials not relevant to claims or defenses of either party to this action, and thus

disproportionate to the needs of this case, to the extent that they are unlimited as to time.  Unless

stated otherwise, Axion will limit its search for documents to the six years preceding the filing of

the original Complaint in this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 128:**

     All sections of Axion's organizational index as referenced in AXION-0343466, and any

similar updated versions of the same.

**RESPONSE TO REQUEST NO. 128:**

     In addition to its Objections to Agilent's Definitions and Instructions, Axion objects to

this request to the extent it seeks material protected by the attorney-client privilege, the attorney

work product doctrine, the common legal interest doctrine, and/or any other privilege or doctrine.

Axion further objects to this request as overly broad and unduly burdensome to the extent it does

not identify or otherwise limit the time frame for which it seeks information and seeks

documents that are neither relevant to this action nor reasonably calculated to lead to the

discovery of admissible evidence.  Axion objects to this Request because it characterizes

AXION-0343466 as an "organizational index" and seeks other "similar updated versions."

AXION-0343466 is not an organizational index, and instead is related to materials prepared for

Summa during Summa's acquisition of Axion.

Accused Products, and thus is disproportionate to the needs of this case. Axion also objects to this request as duplicative of Request Nos. 26, 27, 45, and 46, in addition to the sales information produced in accordance with the original Scheduling Order (D.I. 29) and the sales information that will be produced pursuant to the parties' agreement to supplement financial information at the end of fact discovery.

**REQUEST FOR PRODUCTION NO. 133:**

All valuations of Axion, including but not limited to Documents sufficient to show valuation or appraisal reports by or for Axion of any of Axion's business units, product lines, and any of its intellectual property.

**RESPONSE TO REQUEST NO. 133:**

In addition to its Objections to Agilent's Definitions and Instructions, Axion objects to this request to the extent it seeks material protected by the attorney-client privilege, the attorney work product doctrine, the common legal interest doctrine, and/or any other privilege or doctrine. Axion objects to this request as overly broad and unduly burdensome because it seeks "[a]ll valuations of Axion" and is not limited in time. Axion further objects to this request as overly broad and unduly burdensome because it seeks documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Axion objects to this Request because it seeks information not in Axion's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 134:**

All documents relating to any past or future, actual or potential, funding rounds or investment in Axion, including the actual or potential purchase price paid and valuation of the company at the time of such funding or investment.

**RESPONSE TO REQUEST NO. 134:**

In addition to its Objections to Agilent's Definitions and Instructions, Axion objects to this request to the extent it seeks material protected by the attorney-client privilege, the attorney work product doctrine, the common legal interest doctrine, and/or any other privilege or doctrine. Axion objects to this request as overly broad and unduly burdensome because it seeks "[a]ll documents" and is not limited in time. Axion further objects to this request as overly broad and unduly burdensome because it seeks documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Axion objects to this Request because it seeks information not in Axion's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 135:**

All documents relating to any future potential acquisitions of Axion by a third party or any future potential acquisitions of a third party by Axion.

**RESPONSE TO REQUEST NO. 135:**

In addition to its Objections to Agilent's Definitions and Instructions, Axion objects to this request to the extent it seeks material protected by the attorney-client privilege, the attorney work product doctrine, the common legal interest doctrine, and/or any other privilege or doctrine. Axion objects to this request as overly broad and unduly burdensome because it seeks "[a]ll documents." Axion further objects to this request as overly broad and unduly burdensome because it seeks documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Axion objects to this Request because it seeks information not in Axion's possession, custody, or control.

Subject to and without waiving the foregoing Objections to Agilent's Definitions and Instructions and specific objections, Axion will produce non-privileged, responsive documents related to Axion's acquisition activity found after a reasonable search.

EXHIBIT C

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AGILENT TECHNOLOGIES, INC.,                    )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )    C.A. No. 23-198 (CJB)
                                               )
AXION BIOSYSTEMS, INC.,                        )
                                               )
                Defendant.                     )

**AGILENT TECHNOLOGIES, INC.'S THIRD AMENDED OBJECTIONS
AND RESPONSES TO AXION BIOSYSTEMS, INC.'S
INTERROGATORIES NOS. 13-18**

In accordance with Federal Rules of Civil Procedure 26 and 33, plaintiff, Agilent Technologies, Inc. ("Agilent"), by and through its counsel, hereby serves the following Third Amended Objections and Response to Defendant Axion BioSystems, Inc.'s ("Axion's") Interrogatories Nos. 13-18.

**STATEMENT AND GENERAL OBJECTIONS TO AXION'S
DEFINITIONS AND INSTRUCTIONS**

1.      Agilent asserts the following General Objections. Each individual response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth. Although specific objections also are interposed in response to individual Interrogatories, in part for clarity, omission of any part of these General Objections shall not be construed as a waiver of any General Objection.

2.      Agilent objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Rules adopted by the Court and applicable Orders from the Court, including to the extent that the discovery sought is not relevant to the issues in the

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

pending action and is not proportional to the needs of this case. Unless expressly stated, Agilent does not accept Axion's "Definitions" other than to the extent they aid in understanding what Axion means.

3.      Agilent objects to the Interrogatories to the extent that they are premature in that discovery is ongoing and information that may be relevant has yet to be produced by Axion and/or may be in the possession, custody, or control of a third party.  The Interrogatories are premature to the extent that they seek final answers at a time when Agilent has not yet had a complete opportunity to review and digest all of Axion's production, including ESI production.

4.      Agilent objects to the Interrogatories as premature to the extent that they call for discovery, including expert discovery, before it is due under the Scheduling Order in this case (D.I. 29) and to the extent that discovery and investigation are ongoing in this case. To the extent that any interrogatory conflicts with the Scheduling Order or other applicable rule, statute, or order, Agilent will follow the dates established in the Scheduling Order and/or other applicable statute, rule, or order.

5.      Agilent objects to the Interrogatories to the extent that they seek information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine relating to trial preparation materials or is otherwise privileged and/or immune from discovery. This objection includes, but is not limited to, information requested by Axion that relates to mental impressions, conclusions, opinions or legal theories of any attorney or representative of Agilent, and such information available subsequent to the events upon which this lawsuit is based and during or in anticipation of litigation.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

6.      Agilent objects to the Interrogatories to the extent they seek information already in the possession, custody, or control of Axion, equally accessible to Axion, and/or available to Axion in the public domain.

7.      Agilent objects to the Interrogatories to the extent that they contain unwarranted factual and legal conclusions. A response by Agilent shall not be construed as an admission by Agilent that any factual or legal conclusion or assertion contained in Axion's Interrogatories is true or accurate. Agilent's responses are not intended to be, and shall not be construed as, an agreement or concurrence with Axion's characterization of any facts or circumstances contained in those Interrogatories.

8.      Agilent objects to the Interrogatories to the extent they invade the legitimate privacy rights of third parties, including Agilent's employees and/or they seek information that is subject to an obligation of confidentiality to a third party that has not waived such obligation.

9.      Agilent objects to the Interrogatories to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost, including, to the extent they exist, backup media, storage media from legacy systems, audio recordings, and telephone records.

10.      Agilent objects to the Interrogatories to the extent they seek electronically stored information that is otherwise subject to the Electronically Stored Information ("ESI") protocol; adopted in this case. To the extent not otherwise superseded by the ESI protocol in this case, Agilent objects to the Interrogatories to the extent they seek electronically stored information, the burden or expense of which outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

11.    Agilent objects to the Interrogatories to the extent they seek information originated by entities other than Agilent.

12.    To the extent Agilent is required to provide a response, Agilent will undertake a reasonable effort to provide the information requested, to the extent the requested information is not subject to an objection.

13.    Agilent objects to the Interrogatories to the extent they require production of information beyond the scope of what is reasonably available to Agilent.

14.    By making the accompanying responses and objections to Axion's Interrogatories, Agilent does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses and/or documents into evidence in this action, or in any other proceedings, and on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Agilent makes the responses and objections herein without in any way implying that it considers the Interrogatories and its responses to the Interrogatories to be relevant or material to the subject matter of this action.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Agilent objects to the definition of "you," "your," "Plaintiff," and "Agilent" to the extent such definition purports to require Agilent to produce information beyond that within Agilent's possession, custody or control. Agilent further objects to this definition as overly broad and unduly burdensome because it purports to include "all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, investors, representatives, directors, agents, consultants, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing." Agilent will respond to all requests based on information within Agilent Technologies, Inc.'s possession,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

custody, and control. In some responses, "Agilent" may additionally refer to predecessor companies ACEA and/or Seahorse, where applicable.

2.      Agilent objects to the definition of "Patents-in-Suit" as vague and ambiguous to the extent it includes "any other patent that may in the future be asserted in this lawsuit." Agilent will respond as to the patents asserted in the operative complaint. For the avoidance of doubt, Agilent interprets the term "Patents-in-Suit" to include only U.S. Patent Nos. 7,192,752, 7,468,255, and 8,026,080.

3.      Agilent objects to the definition of "Predecessor-in-Title" to the extent such definition purports to require Agilent to produce information beyond that within Agilent's possession, custody or control. Agilent further objects to this definition as overly broad and unduly burdensome because it purports to include "any person that is a predecessor in right, title, or interest of any of the Patents-in-Suit, including, for example, the inventors, any companies that have previously held any of the Patents-in-Suit, and all predecessors (merged, acquired, or otherwise), current and former directors, officers, agents, employees, attorneys, and other persons acting on behalf of any such persons." Agilent will respond to all requests based on information within Agilent Technologies, Inc.'s possession, custody, and control.

4.      Agilent objects to the definition of "Prior Art" as vague and ambiguous to the extent it provides that the phrase encompasses "industry standards, systems, ideas, conceptions." Agilent further objects to this definition as vague and ambiguous to the extent it provides that the term encompasses documents that are "potentially relevant under any subsection of 35 U.S.C. §§ 102 and 103." Agilent further objects to this definition to the extent it seeks documents unrelated to any party's claim or defense and not proportional to the needs of the case.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## SPECIFIC OBJECTIONS AND RESPONSES TO
## AXION'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 13:**

Identify separately and with specificity each and every trade secret that Agilent contends Axion misappropriated, including without limitation for each alleged trade secret referenced in the paragraphs 95, 103, 112, 192, and 195 in the SAC, including by identifying (by Bates number) each document describing, comprising, or otherwise evidencing each trade secret.

**AGILENT'S RESPONSE TO INTERROGATORY NO. 13:**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case to the extent it seeks identification of "each document describing, comprising, or otherwise evidencing each trade secret" for "each and every trade secret". Agilent objects to this interrogatory as vague and ambiguous at least as to the meaning of the phrase "otherwise evidencing each trade secret." Agilent further objects to this interrogatory as seeking information that is beyond the possession, custody, and control of Agilent and may be in the possession of Axion and/or Dr. Ferrick. Agilent further objects to this interrogatory as premature in that discovery has not been completed.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion, through the actions of Dr. Ferrick, improperly acquired, disseminated, and accessed Agilent internal documents which disclose and contain Agilent trade secrets and other privileged and confidential information, including descriptions of 

- 6 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 13 (June 11, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case to the extent it seeks identification of

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

"each document describing, comprising, or otherwise evidencing each trade secret" for "each and every trade secret." Agilent objects to this interrogatory as vague and ambiguous at least as to the meaning of the phrase "otherwise evidencing each trade secret." Agilent further objects to this interrogatory as seeking information that is beyond the possession, custody, and control of Agilent and may be in the possession and knowledge of Axion and/or Dr. Ferrick. Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion, through the actions of Dr. Ferrick, improperly acquired, disseminated, and accessed Agilent internal documents containing Agilent's trade secrets. Axion's misappropriation of Agilent's trade secrets is widespread and spans hundreds of pages of documents reflecting Agilent's trade secret information, including but not limited to the following categories of trade secret information, which is subject to further revision and expansion given the early stages of discovery:



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION-001115, BRG-AXION-001116, BRG-AXION-001258, BRG-AXION-006755, BRG-

AXION-006756, BRG-AXION-006757, BRG-AXION-006758, BRG-AXION-006759, BRG-

AXION-006760, BRG-AXION-006761, BRG-AXION-006762, BRG-AXION-006763, BRG-

AXION-006764, BRG-AXION-006766, BRG-AXION-006767, BRG-AXION-006769, BRG-

AXION-006770, BRG-AXION-006771, BRG-AXION-006772, BRG-AXION-006773, BRG-

AXION-006774, BRG-AXION-006775, BRG-AXION-006776, BRG-AXION-006777, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-006778, BRG-AXION-006779, BRG-AXION-006780, BRG-AXION-006781, BRG-AXION-006782, BRG-AXION-006783, BRG-AXION-006784, BRG-AXION-007609, BRG-AXION-007611, BRG-AXION-007613, BRG-AXION-007616, BRG-AXION-007677, BRG-AXION-007678, BRG-AXION-007679, BRG-AXION-007697, BRG-AXION-007717, BRG-AXION-007742, BRG-AXION-007749, BRG-AXION-007768, BRG-AXION-007971, BRG-AXION-007972, BRG-AXION-007977, BRG-AXION-007992, BRG-AXION-008005, BRG-AXION-008006, BRG-AXION-008015, BRG-AXION-008017, and BRG-AXION-008022.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

000890; BRG-AXION-001115; BRG-AXION-001116; BRG-AXION-001258; BRG-AXION-

001261; BRG-AXION-001504; BRG-AXION-001523; BRG-AXION-001524; BRG-AXION-

001581; BRG-AXION-001895; BRG-AXION-001896; BRG-AXION-001897; BRG-AXION-

001898; BRG-AXION-001899; BRG-AXION-001900; BRG-AXION-001901; BRG-AXION-

001902; BRG-AXION-001903; BRG-AXION-001904; BRG-AXION-001905; BRG-AXION-

001906; BRG-AXION-001907; BRG-AXION-001908; BRG-AXION-001909; BRG-AXION-

001910; BRG-AXION-001911; BRG-AXION-001912; BRG-AXION-001913; BRG-AXION-

001914; BRG-AXION-001915; BRG-AXION-001916; BRG-AXION-001917; BRG-AXION-

001918; BRG-AXION-001919; BRG-AXION-001920; BRG-AXION-001921; BRG-AXION-

001922; BRG-AXION-001923; BRG-AXION-001924; BRG-AXION-001925; BRG-AXION-

001926; BRG-AXION-001927; BRG-AXION-001928; BRG-AXION-001929; BRG-AXION-

001930; BRG-AXION-001931; BRG-AXION-001932; BRG-AXION-001933; BRG-AXION-

001934; BRG-AXION-001935; BRG-AXION-001936; BRG-AXION-001937; BRG-AXION-

001938; BRG-AXION-001939; BRG-AXION-001940; BRG-AXION-001941; BRG-AXION-

001942; BRG-AXION-001943; BRG-AXION-001944; BRG-AXION-001945; BRG-AXION-

001946; BRG-AXION-001947; BRG-AXION-001948; BRG-AXION-001949; BRG-AXION-

001950; BRG-AXION-001951; BRG-AXION-001952; BRG-AXION-001953; BRG-AXION-

001954; BRG-AXION-001955; BRG-AXION-001956; BRG-AXION-001959; BRG-AXION-

001967; BRG-AXION-002007; BRG-AXION-002519; BRG-AXION-006698; BRG-AXION-

006755; BRG-AXION-006756; BRG-AXION-006757; BRG-AXION-006758; BRG-AXION-

006759; BRG-AXION-006760; BRG-AXION-006761; BRG-AXION-006762; BRG-AXION-

006763; BRG-AXION-006764; BRG-AXION-006766; BRG-AXION-006767; BRG-AXION-

006769; BRG-AXION-006770; BRG-AXION-006771; BRG-AXION-006772; BRG-AXION-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

006773; BRG-AXION-006774; BRG-AXION-006775; BRG-AXION-006776; BRG-AXION-006777; BRG-AXION-006778; BRG-AXION-006779; BRG-AXION-006780; BRG-AXION-006781; BRG-AXION-006782; BRG-AXION-006783; BRG-AXION-006784; BRG-AXION-006792; BRG-AXION-007609; BRG-AXION-007611; BRG-AXION-007613; BRG-AXION-007616; BRG-AXION-007677; BRG-AXION-007678; BRG-AXION-007679; BRG-AXION-007697; BRG-AXION-007700; BRG-AXION-007702; BRG-AXION-007717; BRG-AXION-007742; BRG-AXION-007749; BRG-AXION-007757; BRG-AXION-007768; BRG-AXION-007971; BRG-AXION-007972; BRG-AXION-007977; BRG-AXION-007992; BRG-AXION-008005; BRG-AXION-008006; BRG-AXION-008015; BRG-AXION-008017; BRG-AXION-008019; and BRG-AXION-008022.

Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced ESI, which Agilent's counsel is in the process of ingesting and which Agilent has not had an opportunity to review. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 13 (July 12, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

evidence and neither relevant nor proportional to the needs of this case to the extent it seeks identification of "each document describing, comprising, or otherwise evidencing each trade secret" for "each and every trade secret." Agilent objects to this interrogatory as vague and ambiguous at least as to the meaning of the phrase "otherwise evidencing each trade secret." Agilent further objects to this interrogatory as seeking information that is beyond the possession, custody, and control of Agilent and may be in the possession and knowledge of Axion and/or its current or former personnel, including, but not limited to Dr. Ferrick. Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to complete its review of Axion's belated and incomplete production of ESI or to take complete discovery of Axion (including depositions), its personnel, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion, through the actions of former personnel of Agilent or predecessor companies Seahorse and ACEA, including but not limited to Dr. Ferrick, Jay Teich, Will Deacon, Deborah Hurtado, James Guo, and Alp Aras improperly acquired, disseminated, accessed, and used Agilent's trade secrets. While the full extent of Axion's misappropriation of Agilent's trade secrets is not yet known, it is clear that Axion's misappropriation occurred via thousands of pages of documents (at least in the form of electronic documents and e-mails, attachments, and linked

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AGILE3437546 (same); AGILE1673018 at slides 13, 51; AGILE1673132 (same); AGILE1673139; (same); AGILE0928556-AGILE0928593 at slides 12 , 38; AGILE_BRG-AXION_0006057-AGILE_BRG-AXION_0006132 at slide 5; AGILE_BRG-AXION_0005989-AGILE_BRG-AXION_0006056 (same); AGILE_BRG-AXION_0005873-AGILE_BRG-AXION_0005930 at slide 3; AGILE_BRG-AXION_0005931-AGILE_BRG-AXION_0005988 (same).

(6)    Agilent's proprietary highest priority targets for growth opportunities in the gene and cell therapy market. *See, e.g.*, AGILE_BRG-AXION_0005783-AGILE_BRG-AXION_0005844 at slides 17, 23 , 28 , 34.

(7)    Agilent's identification of its proprietary challenges and opportunities in the development of analytical tools for cell therapy. *See, e.g.*, AGILE_BRG-AXION_0005783-AGILE_BRG-AXION_0005844 at slides 22-26.

(8)    Agilent's proprietary research, rationale, and strategy related to its planned creation and expansion of a bioreagent division. *See, e.g.*, AGILE_BRG-AXION_0000275-AGILE_BRG-AXION_0000310 at slides 3, 7-9, 12-25, 29-36.

(9)    Agilent's proprietary strategy related to investments in cell manufacturing and engineering. *See, e.g.*, AXION-0193035 ("This is a fundamental barrier we must invest in. I know for a fact Agilent is doing this in cell manufacturing and engineering. Meaning we need to prove a functional test can provide measures biomarkers can't with equivalent performance/qualities of a biomarker assay in terms of linearity, repeatability, cost, efficiency, etc.").

(10)    Agilent's proprietary strategic priority of developing larger scale vessels for pacing cardiomyocytes using its ePacer machine. *See, e.g.*, AXION-0114517 ("At ACEA they were very closed to new ideas, but one thing I know was being worked on was the idea of larger scale vessels

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION_0000002; AGILE_BRG-AXION_0002922-AGILE_BRG-AXION_0002927; AGILE_BRG-AXION_0002954-AGILE_BRG-AXION_0002956; AGILE_BRG-AXION_0002970-AGILE_BRG-AXION_0002973; AGILE_BRG-AXION_0002988-AGILE_BRG-AXION_0002998; AGILE_BRG-AXION_0003077-AGILE_BRG-AXION_0003146; AGILE_BRG-AXION_0003180-AGILE_BRG-AXION_0003186; AGILE_BRG-AXION_0003328-AGILE_BRG-AXION_0003329; AGILE_BRG-AXION_0003338-AGILE_BRG-AXION_0003339; AGILE_BRG-AXION_0003393-AGILE_BRG-AXION_0003395; AGILE_BRG-AXION_0003430-AGILE_BRG-AXION_0003441; AGILE_BRG-AXION_0003489-AGILE_BRG-AXION_0003500;

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AGILE_BRG-AXION_0003548-AGILE_BRG-AXION_0003558;                    AGILE_BRG-AXION_0003606-AGILE_BRG-AXION_0003615;            AGILE_BRG-AXION_0004263-AGILE_BRG-AXION_0004266;              AGILE_BRG-AXION_0004285-AGILE_BRG-AXION_0004296;           AGILE_BRG-AXION_0004345-AGILE_BRG-AXION_0004357; AGILE_BRG-AXION_0004406-AGILE_BRG-AXION_0004418;                    AGILE_BRG-AXION_0004467-AGILE_BRG-AXION_0004481;            AGILE_BRG-AXION_0004508-AGILE_BRG-AXION_0004515;              AGILE_BRG-AXION_0004558-AGILE_BRG-AXION_0004571;           AGILE_BRG-AXION_0004619-AGILE_BRG-AXION_0004633; AGILE_BRG-AXION_0004681-AGILE_BRG-AXION_0004693;                    AGILE_BRG-AXION_0004720-AGILE_BRG-AXION_0004724;            AGILE_BRG-AXION_0004756-AGILE_BRG-AXION_0004771;              AGILE_BRG-AXION_0004819-AGILE_BRG-AXION_0004831;           AGILE_BRG-AXION_0004982-AGILE_BRG-AXION_0004992; AGILE_BRG-AXION_0004999-AGILE_BRG-AXION_0004999;                    AGILE_BRG-AXION_0005081-AGILE_BRG-AXION_0005082;            AGILE_BRG-AXION_0005198-AGILE_BRG-AXION_0005209;              AGILE_BRG-AXION_0005214-AGILE_BRG-AXION_0005218;           AGILE_BRG-AXION_0005254-AGILE_BRG-AXION_0005256; AGILE_BRG-AXION_0005292-AGILE_BRG-AXION_0005295;                    AGILE_BRG-AXION_0005328-AGILE_BRG-AXION_0005331;            AGILE_BRG-AXION_0005671-AGILE_BRG-AXION_0005682;              AGILE_BRG-AXION_0005720-AGILE_BRG-AXION_0005720; AGILE_BRG-AXION_0005729-AGILE_BRG-AXION_0005731.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION_0005387; AGILE_BRG-AXION_0005388-AGILE_BRG-AXION_0005389;

AGILE_BRG-AXION_0005390-AGILE_BRG-AXION_0005392; AGILE_BRG-

AXION_0005393-AGILE_BRG-AXION_0005395; AGILE_BRG-AXION_0005396-

AGILE_BRG-AXION_0005399; AGILE_BRG-AXION_0005400-AGILE_BRG-

AXION_0005403; AGILE_BRG-AXION_0005404-AGILE_BRG-AXION_0005415;

AGILE_BRG-AXION_0005416; AGILE_BRG-AXION_0005417-AGILE_BRG-

AXION_0005419; AGILE_BRG-AXION_0005429-AGILE_BRG-AXION_0005434;

AGILE_BRG-AXION_0005435-AGILE_BRG-AXION_0005440; AGILE_BRG-

AXION_0005441-AGILE_BRG-AXION_0005444; AGILE_BRG-AXION_0005445-

AGILE_BRG-AXION_0005448; AGILE_BRG-AXION_0005449-AGILE_BRG-

AXION_0005454; AGILE_BRG-AXION_0005461-AGILE_BRG-AXION_0005463;

AGILE_BRG-AXION_0005464-AGILE_BRG-AXION_0005478; AGILE_BRG-

AXION_0005479-AGILE_BRG-AXION_0005493; AGILE_BRG-AXION_0005494-

AGILE_BRG-AXION_0005508; AGILE_BRG-AXION_0005509-AGILE_BRG-

AXION_0005524; AGILE_BRG-AXION_0005525-AGILE_BRG-AXION_0005540.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION_0000022-AGILE_BRG-AXION_0000039;          AGILE_BRG-AXION_0000275-

AGILE_BRG-AXION_0000310;          AGILE_BRG-AXION_0001165-AGILE_BRG-

AXION_0001171;          AGILE_BRG-AXION_0001190-AGILE_BRG-AXION_0001213;

AGILE_BRG-AXION_0002916;          AGILE_BRG-AXION_0002922-AGILE_BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION_0002927; AGILE_BRG-AXION_0002954-AGILE_BRG-AXION_0002956; AGILE_BRG-AXION_0002970-AGILE_BRG-AXION_0002973; AGILE_BRG-AXION_0002988-AGILE_BRG-AXION_0002998; AGILE_BRG-AXION_0003180-AGILE_BRG-AXION_0003186; AGILE_BRG-AXION_0003328-AGILE_BRG-AXION_0003329; AGILE_BRG-AXION_0003338-AGILE_BRG-AXION_0003339; AGILE_BRG-AXION_0003393-AGILE_BRG-AXION_0003395; AGILE_BRG-AXION_0003430-AGILE_BRG-AXION_0003441; AGILE_BRG-AXION_0003489-AGILE_BRG-AXION_0003500; AGILE_BRG-AXION_0003548-AGILE_BRG-AXION_0003558; AGILE_BRG-AXION_0004263-AGILE_BRG-AXION_0004266; AGILE_BRG-AXION_0004285-AGILE_BRG-AXION_0004296; AGILE_BRG-AXION_0004345-AGILE_BRG-AXION_0004357; AGILE_BRG-AXION_0004406-AGILE_BRG-AXION_0004418; AGILE_BRG-AXION_0004467-AGILE_BRG-AXION_0004481; AGILE_BRG-AXION_0004508-AGILE_BRG-AXION_0004515; AGILE_BRG-AXION_0004558-AGILE_BRG-AXION_0004571; AGILE_BRG-AXION_0004619-AGILE_BRG-AXION_0004633; AGILE_BRG-AXION_0004681-AGILE_BRG-AXION_0004693; AGILE_BRG-AXION_0004720-AGILE_BRG-AXION_0004724; AGILE_BRG-AXION_0004756-AGILE_BRG-AXION_0004771; AGILE_BRG-AXION_0004819-AGILE_BRG-AXION_0004831; AGILE_BRG-AXION_0004982-AGILE_BRG-AXION_0004992; AGILE_BRG-AXION_0004999; AGILE_BRG-AXION_0005081-AGILE_BRG-AXION_0005082; AGILE_BRG-AXION_0005198-AGILE_BRG-AXION_0005209; AGILE_BRG-AXION_0005214-AGILE_BRG-AXION_0005218; AGILE_BRG-AXION_0005254-AGILE_BRG-AXION_0005256; AGILE_BRG-AXION_0005292-AGILE_BRG-AXION_0005295;

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AGILE_BRG-AXION_0005328-AGILE_BRG-AXION_0005331;                AGILE_BRG-
AXION_0005404-AGILE_BRG-AXION_0005415;          AGILE_BRG-AXION_0005416;
AGILE_BRG-AXION_0005429-AGILE_BRG-AXION_0005434;                AGILE_BRG-
AXION_0005435-AGILE_BRG-AXION_0005440;          AGILE_BRG-AXION_0005441-
AGILE_BRG-AXION_0005444;          AGILE_BRG-AXION_0005445-AGILE_BRG-
AXION_0005448;          AGILE_BRG-AXION_0005449-AGILE_BRG-AXION_0005454;
AGILE_BRG-AXION_0005455-AGILE_BRG-AXION_0005460;                AGILE_BRG-
AXION_0005461-AGILE_BRG-AXION_0005463;          AGILE_BRG-AXION_0005464-
AGILE_BRG-AXION_0005478;          AGILE_BRG-AXION_0005479-AGILE_BRG-
AXION_0005493;          AGILE_BRG-AXION_0005494-AGILE_BRG-AXION_0005508;
AGILE_BRG-AXION_0005509-AGILE_BRG-AXION_0005524;                AGILE_BRG-
AXION_0005525-AGILE_BRG-AXION_0005540;          AGILE_BRG-AXION_0005671-
AGILE_BRG-AXION_0005682;       AGILE_BRG-AXION_0005720;       AGILE_BRG-
AXION_0005729-AGILE_BRG-AXION_0005731;          AGILE_BRG-AXION_0005755-
AGILE_BRG-AXION_0005782;          AGILE_BRG-AXION_0005783-AGILE_BRG-
AXION_0005844;          AGILE_BRG-AXION_0005989-AGILE_BRG-AXION_0006056;
AGILE_BRG-AXION_0000121-AGILE_BRG-AXION_0000130;                AGILE_BRG-
AXION_0000335-AGILE_BRG-AXION_0000348;          AGILE_BRG-AXION_0001141-
AGILE_BRG-AXION_0001147;          AGILE_BRG-AXION_0003235-AGILE_BRG-
AXION_0003264;          AGILE_BRG-AXION_0003606-AGILE_BRG-AXION_0003615;
AGILE_BRG-AXION_0005396-AGILE_BRG-AXION_0005399;                AGILE_BRG-
AXION_0006057-AGILE_BRG-AXION_0006132;    BRG-AXION-000806;    BRG-AXION-
000890; BRG-AXION-001115; BRG-AXION-001116; BRG-AXION-001258; BRG-AXION-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

001261; BRG-AXION-001504; BRG-AXION-001523; BRG-AXION-001524; BRG-AXION-

001581; BRG-AXION-001895; BRG-AXION-001896; BRG-AXION-001897; BRG-AXION-

001898; BRG-AXION-001899; BRG-AXION-001900; BRG-AXION-001901; BRG-AXION-

001902; BRG-AXION-001903; BRG-AXION-001904; BRG-AXION-001905; BRG-AXION-

001906; BRG-AXION-001907; BRG-AXION-001908; BRG-AXION-001909; BRG-AXION-

001910; BRG-AXION-001911; BRG-AXION-001912; BRG-AXION-001913; BRG-AXION-

001914; BRG-AXION-001915; BRG-AXION-001916; BRG-AXION-001917; BRG-AXION-

001918; BRG-AXION-001919; BRG-AXION-001920; BRG-AXION-001921; BRG-AXION-

001922; BRG-AXION-001923; BRG-AXION-001924; BRG-AXION-001925; BRG-AXION-

001926; BRG-AXION-001927; BRG-AXION-001928; BRG-AXION-001929; BRG-AXION-

001930; BRG-AXION-001931; BRG-AXION-001932; BRG-AXION-001933; BRG-AXION-

001934; BRG-AXION-001935; BRG-AXION-001936; BRG-AXION-001937; BRG-AXION-

001938; BRG-AXION-001939; BRG-AXION-001940; BRG-AXION-001941; BRG-AXION-

001942; BRG-AXION-001943; BRG-AXION-001944; BRG-AXION-001945; BRG-AXION-

001946; BRG-AXION-001947; BRG-AXION-001948; BRG-AXION-001949; BRG-AXION-

001950; BRG-AXION-001951; BRG-AXION-001952; BRG-AXION-001953; BRG-AXION-

001954; BRG-AXION-001955; BRG-AXION-001956; BRG-AXION-001959; BRG-AXION-

001967; BRG-AXION-002007; BRG-AXION-002519; BRG-AXION-006698; BRG-AXION-

006755; BRG-AXION-006756; BRG-AXION-006757; BRG-AXION-006758; BRG-AXION-

006759; BRG-AXION-006760; BRG-AXION-006761; BRG-AXION-006762; BRG-AXION-

006763; BRG-AXION-006764; BRG-AXION-006766; BRG-AXION-006767; BRG-AXION-

006769; BRG-AXION-006770; BRG-AXION-006771; BRG-AXION-006772; BRG-AXION-

006773; BRG-AXION-006774; BRG-AXION-006775; BRG-AXION-006776; BRG-AXION-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

006777; BRG-AXION-006778; BRG-AXION-006779; BRG-AXION-006780; BRG-AXION-006781; BRG-AXION-006782; BRG-AXION-006783; BRG-AXION-006784; BRG-AXION-006792; BRG-AXION-007609; BRG-AXION-007611; BRG-AXION-007613; BRG-AXION-007616; BRG-AXION-007677; BRG-AXION-007678; BRG-AXION-007679; BRG-AXION-007697; BRG-AXION-007700; BRG-AXION-007702; BRG-AXION-007717; BRG-AXION-007742; BRG-AXION-007749; BRG-AXION-007757; BRG-AXION-007768; BRG-AXION-007971; BRG-AXION-007972; BRG-AXION-007977; BRG-AXION-007992; BRG-AXION-008005; BRG-AXION-008006; BRG-AXION-008015; BRG-AXION-008017; BRG-AXION-008019; and BRG-AXION-008022.

Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of ingesting and which Agilent has not had a full opportunity to review. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 13 (July 30, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case to the extent it seeks

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

identification of "each document describing, comprising, or otherwise evidencing each trade secret" for "each and every trade secret."  Agilent objects to this interrogatory as vague and ambiguous at least as to the meaning of the phrase "otherwise evidencing each trade secret." Agilent further objects to this interrogatory as seeking information that is beyond the possession, custody, and control of Agilent and may be in the possession and knowledge of Axion and/or its current or former personnel, including, but not limited to Dr. Ferrick.  Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to complete its review of Axion's belated and incomplete production of ESI or to take complete discovery of Axion (including depositions), its personnel, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion, through the actions of former personnel of Agilent or predecessor companies Seahorse and ACEA, including but not limited to Dr. Ferrick, Jay Teich, Will Deacon, Deborah Hurtado, James Guo, Alp Aras, and Beth Nigh improperly acquired, disseminated, accessed, and used Agilent's trade secrets. While the full extent of Axion's misappropriation of Agilent's trade secrets is not yet known, it is clear that Axion's misappropriation occurred via thousands of pages of documents (at least in the form of electronic documents and e-mails, attachments, and linked

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION_0000002;          AGILE_BRG-AXION_0002922-AGILE_BRG-AXION_0002927;

AGILE_BRG-AXION_0002954-AGILE_BRG-AXION_0002956;          AGILE_BRG-

AXION_0002970-AGILE_BRG-AXION_0002973;          AGILE_BRG-AXION_0002988-

AGILE_BRG-AXION_0002998;          AGILE_BRG-AXION_0003077-AGILE_BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION_0003146; AGILE_BRG-AXION_0003180-AGILE_BRG-AXION_0003186;

AGILE_BRG-AXION_0003328-AGILE_BRG-AXION_0003329; AGILE_BRG-

AXION_0003338-AGILE_BRG-AXION_0003339; AGILE_BRG-AXION_0003393-

AGILE_BRG-AXION_0003395; AGILE_BRG-AXION_0003430-AGILE_BRG-

AXION_0003441; AGILE_BRG-AXION_0003489-AGILE_BRG-AXION_0003500;

AGILE_BRG-AXION_0003548-AGILE_BRG-AXION_0003558; AGILE_BRG-

AXION_0003606-AGILE_BRG-AXION_0003615; AGILE_BRG-AXION_0004263-

AGILE_BRG-AXION_0004266; AGILE_BRG-AXION_0004285-AGILE_BRG-

AXION_0004296; AGILE_BRG-AXION_0004345-AGILE_BRG-AXION_0004357;

AGILE_BRG-AXION_0004406-AGILE_BRG-AXION_0004418; AGILE_BRG-

AXION_0004467-AGILE_BRG-AXION_0004481; AGILE_BRG-AXION_0004508-

AGILE_BRG-AXION_0004515; AGILE_BRG-AXION_0004558-AGILE_BRG-

AXION_0004571; AGILE_BRG-AXION_0004619-AGILE_BRG-AXION_0004633;

AGILE_BRG-AXION_0004681-AGILE_BRG-AXION_0004693; AGILE_BRG-

AXION_0004720-AGILE_BRG-AXION_0004724; AGILE_BRG-AXION_0004756-

AGILE_BRG-AXION_0004771; AGILE_BRG-AXION_0004819-AGILE_BRG-

AXION_0004831; AGILE_BRG-AXION_0004982-AGILE_BRG-AXION_0004992;

AGILE_BRG-AXION_0004999-AGILE_BRG-AXION_0004999; AGILE_BRG-

AXION_0005081-AGILE_BRG-AXION_0005082; AGILE_BRG-AXION_0005198-

AGILE_BRG-AXION_0005209; AGILE_BRG-AXION_0005214-AGILE_BRG-

AXION_0005218; AGILE_BRG-AXION_0005254-AGILE_BRG-AXION_0005256;

AGILE_BRG-AXION_0005292-AGILE_BRG-AXION_0005295; AGILE_BRG-

AXION_0005328-AGILE_BRG-AXION_0005331; AGILE_BRG-AXION_0005671-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AGILE_BRG-AXION_0005682; AGILE_BRG-AXION_0005720-AGILE_BRG-AXION_0005720; AGILE_BRG-AXION_0005729-AGILE_BRG-AXION_0005731; AXION-0643295.

███████████████████████████████████████████

AGILE_BRG-AXION_0005460; AGILE_BRG-AXION_0005384-AGILE_BRG-AXION_0005387; AGILE_BRG-AXION_0005388-AGILE_BRG-AXION_0005389; AGILE_BRG-AXION_0005390-AGILE_BRG-AXION_0005392; AGILE_BRG-AXION_0005393-AGILE_BRG-AXION_0005395; AGILE_BRG-AXION_0005396-AGILE_BRG-AXION_0005399; AGILE_BRG-AXION_0005400-AGILE_BRG-AXION_0005403; AGILE_BRG-AXION_0005404-AGILE_BRG-AXION_0005415; AGILE_BRG-AXION_0005416; AGILE_BRG-AXION_0005417-AGILE_BRG-AXION_0005419; AGILE_BRG-AXION_0005429-AGILE_BRG-AXION_0005434; AGILE_BRG-AXION_0005435-AGILE_BRG-AXION_0005440; AGILE_BRG-AXION_0005441-AGILE_BRG-AXION_0005444; AGILE_BRG-AXION_0005445-AGILE_BRG-AXION_0005448; AGILE_BRG-AXION_0005449-AGILE_BRG-AXION_0005454; AGILE_BRG-AXION_0005461-AGILE_BRG-AXION_0005463; AGILE_BRG-AXION_0005464-AGILE_BRG-AXION_0005478; AGILE_BRG-AXION_0005479-AGILE_BRG-AXION_0005493; AGILE_BRG-AXION_0005494-AGILE_BRG-AXION_0005508; AGILE_BRG-AXION_0005509-AGILE_BRG-AXION_0005524; AGILE_BRG-AXION_0005525-AGILE_BRG-AXION_0005540.

███████████████████████████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY





HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



**INTERROGATORY NO. 14:**

For each and every alleged trade secret identified in response to Interrogatory No. 13, identify and describe the facts supporting or refuting Your contention that Agilent took reasonable steps to maintain the secrecy of each alleged trade secret, including by identifying (by Bates number) each document that supports or refutes your contention and the three persons most knowledgeable regarding the facts you intend to proffer in response to this Interrogatory.

**AGILENT'S RESPONSE TO INTERROGATORY NO. 14:**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case.   The trade secrets that Axion has

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

misappropriated cover a wide range of subject matter, and an interrogatory recitation of every step that Agilent took concerning every trade secret would be unduly burdensome.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Agilent has taken reasonable steps to maintain the secrecy of its trade secrets. Agilent has taken deliberate steps and implemented specific security policies to prevent inadvertent or improper disclosure of its trade secrets, including through physical security, electronic security, and personnel policies and restrictions. Access to Agilent's physical locations is limited to a need-only basis. Agilent's remote workers must use Agilent-issued laptops which are connected securely to Agilent's networks through a VPN. Any computer or phone used to connect to Agilent systems has specific login and password requirements to access Agilent information. Specific locations at Agilent's facilities require electronic badge access, restricting physical access only to appropriate Agilent employees and contractors.

In addition to this physical and electronic security, Agilent has taken and continues to take



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments and exhibits thereto. Additionally, and pursuant to Rule 33(d), Agilent identifies the following documents as responsive to this interrogatory: AGILE0073819; AGILE0073867.

Agilent also identifies Xiaobo Wang as a person with knowledge of the measures Agilent takes to maintain the secrecy of its trade secrets.

Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 14 (June 11, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. The trade secrets that Axion has misappropriated cover a wide range of subject matter, and an interrogatory recitation of every step that Agilent took concerning every trade secret would be unduly burdensome. Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Agilent has taken reasonable steps to maintain the secrecy of its trade secrets. Agilent has taken deliberate steps and implemented specific security policies to prevent inadvertent or improper disclosure of its trade secrets, including through physical security, electronic security, and personnel policies and restrictions. Access to Agilent's physical locations is limited to a need-only basis. Agilent's remote workers must use Agilent-issued laptops which are connected securely to Agilent's networks through a VPN. Any computer or phone used to connect to Agilent systems has specific login and password requirements to access Agilent information. Specific locations at Agilent's facilities require electronic badge access, restricting physical access only to appropriate Agilent employees and contractors.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments
and exhibits thereto. Agilent also identifies Xiaobo Wang as a person with knowledge of the
measures Agilent has taken to maintain the secrecy of its trade secrets.

Upon information and belief, Axion is in possession of additional documents, knowledge
and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's
investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend
or supplement its response to this interrogatory. For example, Axion has recently produced ESI,
which Agilent's counsel is in the process of ingesting and which Agilent has not had an opportunity
to review. As another example, Agilent has not yet had the opportunity to take depositions in this
case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing
documents preserved from Dr. Ferrick.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 14 (July 12, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and
Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple
parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks
information protected by the attorney-client privilege, the work product doctrine, and/or any other
applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly
broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible
evidence and neither relevant nor proportional to the needs of this case. The trade secrets that
Axion has misappropriated cover a wide range of subject matter, and an interrogatory recitation of
every step that Agilent took concerning every trade secret would be unduly burdensome. Agilent
further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to

- 50 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

complete its review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Agilent has taken reasonable steps to maintain the secrecy of its trade secrets. Agilent has taken deliberate steps and implemented specific security policies to prevent inadvertent or improper disclosure of its trade secrets, including through physical security, electronic security, and personnel policies and restrictions. Access to Agilent's physical locations is limited to a need-only basis. Agilent's remote workers must use Agilent-issued laptops which are connected securely to Agilent's networks through a VPN. Any computer or phone used to connect to Agilent systems has specific login and password requirements to access Agilent information. Specific locations at Agilent's facilities require electronic badge access, restricting physical access only to appropriate Agilent employees and contractors.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AGILE_BRG-AXION_0000048; AGILE_BRG-AXION_0000049; AGILE_BRG-AXION_0003162-AGILE_BRG-AXION_0003164; AGILE_BRG-AXION_0003165-AGILE_BRG-AXION_0003167; AGILE_BRG-AXION_0003168-AGILE_BRG-AXION_0003170; AGILE_BRG-AXION_0003171-AGILE_BRG-AXION_0003173; AGILE_BRG-AXION_0003174-AGILE_BRG-AXION_0003176; AGILE_BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION_0003177-AGILE_BRG-AXION_0003179;        AGILE_BRG-AXION_0003320-AGILE_BRG-AXION_0003323;        AGILE_BRG-AXION_0003324-AGILE_BRG-AXION_0003327;        AGILE_BRG-AXION_0005541-AGILE_BRG-AXION_0005542; AGILE_BRG-AXION_0005555-AGILE_BRG-AXION_0005556;        AGILE_BRG-AXION_0005557-AGILE_BRG-AXION_0005558;        AGILE_BRG-AXION_0005559-AGILE_BRG-AXION_0005560;        AGILE_BRG-AXION_0005561-AGILE_BRG-AXION_0005562;        AGILE_BRG-AXION_0005563-AGILE_BRG-AXION_0005564; AGILE_BRG-AXION_0005565-AGILE_BRG-AXION_0005566

One or more of the measures identified above apply to each and every trade secret identified in Agilent's response to Interrogatory 13.

Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments and exhibits thereto. Agilent also identifies Xiaobo Wang and David Tugwell as persons with knowledge of the measures Agilent has taken to maintain the secrecy of its trade secrets.

Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are

in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 14 (July 30, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. The trade secrets that Axion has misappropriated cover a wide range of subject matter, and an interrogatory recitation of every step that Agilent took concerning every trade secret would be unduly burdensome. Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to complete its review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Agilent has taken reasonable steps to maintain the secrecy of its trade secrets. Agilent has taken deliberate steps and implemented specific security policies to prevent inadvertent or improper disclosure of its trade secrets, including through physical security, electronic security, and personnel policies and restrictions. Access to Agilent's physical locations is limited to a need-only basis. Agilent's remote workers must use Agilent-issued laptops which are connected securely to Agilent's networks through a VPN. Any computer or phone used to connect to Agilent

- 54 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

systems has specific login and password requirements to access Agilent information. Specific locations at Agilent's facilities require electronic badge access, restricting physical access only to appropriate Agilent employees and contractors. These measures relate to and apply to at least trade secret nos. 1-30, 32, 34-39, and 41 identified in Agilent's response to Interrogatory 13.



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AGILE_BRG-AXION_0000048;        AGILE_BRG-AXION_0000049;        AGILE_BRG-AXION_0003162-AGILE_BRG-AXION_0003164;        AGILE_BRG-AXION_0003165-AGILE_BRG-AXION_0003167;        AGILE_BRG-AXION_0003168-AGILE_BRG-AXION_0003170;        AGILE_BRG-AXION_0003171-AGILE_BRG-AXION_0003173;        AGILE_BRG-AXION_0003174-AGILE_BRG-AXION_0003176;        AGILE_BRG-AXION_0003177-AGILE_BRG-AXION_0003179;        AGILE_BRG-AXION_0003320-AGILE_BRG-AXION_0003323;        AGILE_BRG-AXION_0003324-AGILE_BRG-AXION_0003327;        AGILE_BRG-AXION_0005541-AGILE_BRG-AXION_0005542;        AGILE_BRG-AXION_0005555-AGILE_BRG-AXION_0005556;        AGILE_BRG-AXION_0005557-AGILE_BRG-AXION_0005558;        AGILE_BRG-AXION_0005559-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AGILE_BRG-AXION_0005560;                    AGILE_BRG-AXION_0005561-AGILE_BRG-

AXION_0005562;              AGILE_BRG-AXION_0005563-AGILE_BRG-AXION_0005564;

AGILE_BRG-AXION_0005565-AGILE_BRG-AXION_0005566

Agilent has taken reasonable steps and enforced reasonable protection measures to

maintain the secrecy of each and every trade secret identified in Agilent's response to Interrogatory

13.

Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments

and exhibits thereto. Agilent also identifies Xiaobo Wang and David Tugwell as persons with

knowledge of the measures Agilent has taken to maintain the secrecy of its trade secrets.

Upon information and belief, Axion is in possession of additional documents, knowledge

and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's

investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend

or supplement its response to this interrogatory. For example, Axion has recently produced

voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example,

Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are

in the process of agreeing on a protocol for accessing and reviewing documents preserved from

Dr. Ferrick.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 15:**

For each and every alleged trade secret identified in response to Interrogatory No. 13, describe in detail the independent economic value of each alleged trade secret, including without limitation the amount of time, effort, and costs of developing each alleged trade secret and the value, actual or potential, from not being generally known to ascertainably by another person, and identify (by Bates number) the documents, knowledgeable persons, and any other evidence relating thereto.

**AGILENT'S RESPONSE TO INTERROGATORY NO. 15:**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. The trade secrets that Axion has misappropriated cover a wide range of subject matter, and an interrogatory of every aspect of the economic value of each trade secret would be unduly burdensome. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery").

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments and exhibits thereto.

Agilent's investigation is ongoing and will provide, pursuant to Rule 33(d), documents responsive to this interrogatory. Agilent further identifies the documents subject to ESI discovery as responsive to this interrogatory.

Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 15 (June 11, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. The trade secrets that

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Axion has misappropriated cover a wide range of subject matter, and an interrogatory of every aspect of the economic value of each trade secret would be unduly burdensome. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion, through its misappropriation of Agilent's trade secrets. Axion's misappropriation of at least all four categories of Agilent's trade secrets (as specified in Agilent's response to Interrogatory No. 13) undermines the competitive advantage Agilent spent years establishing through its growth in the marketplace and reputation and goodwill with its customer base. Each of these categories trade secrets has inherent value in remaining secret and unknown to the public and out of the hands of Agilent's direct competitors. Agilent provides at least the following additional information concerning the independent economic value of these categories of Agilent trade secrets.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced ESI, which Agilent's counsel is in the process of ingesting and which Agilent has not had an opportunity to review. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 15 (July 12, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. The trade secrets that Axion has misappropriated cover a wide range of subject matter, and an interrogatory of every aspect of the economic value of each trade secret would be unduly burdensome. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case. Agilent further objects to this interrogatory as overly burdensome on the grounds that Axion requests Agilent separate the value and harm of misappropriation for each individual trade secret, particularly at such an early stage of this case. *See Dasso Int'l v. Moso N. Am.*, No. 17-1574-RGA, 2021 U.S. Dist. LEXIS 146485 (D. Del. July 25, 2021) ("Moreover, to the extent defendants aver that Mr. Newman must apportion damages by 'individual trade secret or bad act,' this is one of defendants' myriad assertions lacking citation to supporting case law."); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-GBW-CJB, 2023 U.S. Dist. LEXIS 164136 (D. Del. Sep. 13, 2023) ("Additionally, Defendants' attack of McDuff's opinion as being useless for failing to 'isolate what portion' of damages are attributable to the 'purported trade secrets[,]' is not availing. … "experts are not required to 'apportion damages among different trade secrets.'").

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Each of Agilent's trade secrets (as specified in Agilent's response to Interrogatory No. 13) has independent economic value as Axion's misappropriation of each trade secret undermines the competitive advantage Agilent spent years establishing through its growth in the marketplace and reputation and goodwill with its customer base. Each of the trade secrets has inherent value in remaining secret and unknown to the public and out of the hands of Agilent's direct competitors. Agilent provides at least the following additional information concerning the independent economic value of Agilent trade secrets.



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this and other interrogatories. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

## THIRD AMENDED RESPONSE TO INTERROGATORY NO. 15 (July 30, 2024):

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. The trade secrets that Axion has misappropriated cover a wide range of subject matter, and an interrogatory of every aspect of the economic value of each trade secret would be unduly burdensome. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case. Agilent further objects to this interrogatory as overly burdensome on the grounds that

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Axion requests Agilent separate the value and harm of misappropriation for each individual trade secret, particularly at such an early stage of this case. *See Dasso Int'l v. Moso N. Am.*, No. 17-1574-RGA, 2021 U.S. Dist. LEXIS 146485 (D. Del. July 25, 2021) ("Moreover, to the extent defendants aver that Mr. Newman must apportion damages by 'individual trade secret or bad act,' this is one of defendants' myriad assertions lacking citation to supporting case law."); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-GBW-CJB, 2023 U.S. Dist. LEXIS 164136 (D. Del. Sep. 13, 2023) ("Additionally, Defendants' attack of McDuff's opinion as being useless for failing to 'isolate what portion' of damages are attributable to the 'purported trade secrets[,]' is not availing. … "experts are not required to 'apportion damages among different trade secrets.'").

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Each of Agilent's trade secrets (as specified in Agilent's response to Interrogatory No. 13) has independent economic value as Axion's misappropriation of each trade secret undermines the competitive advantage Agilent spent years establishing through its growth in the marketplace and reputation and goodwill with its customer base. Each of the trade secrets has inherent value in remaining secret and unknown to the public and out of the hands of Agilent's direct competitors. Agilent provides at least the following additional information concerning the independent economic value of Agilent trade secrets.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this and other interrogatories. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**<u>INTERROGATORY NO. 16:</u>**

State the facts supporting your contention that Axion misappropriated any of your trade secrets (broken down by each trade secret), including the facts broken down by each trade secret, supporting the contention that Axion wrongfully acquired such trade secrets by improper means or that Axion used or disclosed such trade secrets.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**AGILENT'S RESPONSE TO INTERROGATORY NO. 16:**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent further objects to this interrogatory on the grounds that information related to the extent of Axion's activities is in Axion's possession and is the subject of Agilent' ongoing investigation and discovery. Agilent objects to this interrogatory as premature and seeking information that is outside of Agilent's possession, custody, or control, in that it seeks information that will be the subject of discovery to be produced by at least Axion in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion acquired Agilent trade secrets through improper means via Dr. Ferrick, permitted the ingestion of Agilent's confidential information, and operated a system that permitted the widespread access by Axion personnel to Agilent's trade secrets and confidential information. Axion has turned over documents evidencing its possession of and access to documents containing Agilent trade secrets that were found on Axion's systems and accessed by Axion personnel.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 16 (June 11, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity.  Agilent further objects to this interrogatory on the grounds that information related to the extent of Axion's activities is in Axion's possession and knowledge, and is the subject of Agilent' ongoing investigation and discovery.  Agilent objects to this interrogatory as premature and seeking information that is outside of Agilent's possession, custody, or control, in that it seeks information that will be the subject of discovery to be produced by at least Axion in this case. Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Subject to and without waiving any of the foregoing General and Specific Objections,

Agilent responds as follows:



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION-008079; AGILE_BRG-AXION_0000001-AGILE_BRG-AXION0006200; AXION-
0078008-AXION-0078009). *See also, e.g.*, AGILE_BRG-AXION_0006057-AGILE_BRG-
AXION_0006132, AGILE_BRG-AXION_0001141-AGILE_BRG-AXION_0001147, BRG-
AXION-001908, BRG-AXION-001895, AGILE_BRG-AXION_0005396-AGILE_BRG-
AXION_0005399 (category (1) documents); AGILE_BRG-AXION_0003235-AGILE_BRG-
AXION_0003264 (category (2) documents); AGILE_BRG-AXION_0000121-AGILE_BRG-
AXION_0000130, AGILE_BRG-AXION_0000335-AGILE_BRG-AXION_0000348,
AGILE_BRG-AXION_0003606-AGILE_BRG-AXION_0003615, BRG-AXION-000806, BRG-
AXION-001115, BRG-AXION-001116, BRG-AXION-001258, BRG-AXION-006755, BRG-
AXION-006756, BRG-AXION-006757, BRG-AXION-006758, BRG-AXION-006759, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-006760, BRG-AXION-006761, BRG-AXION-006762, BRG-AXION-006763, BRG-

AXION-006764, BRG-AXION-006766, BRG-AXION-006767, BRG-AXION-006769, BRG-

AXION-006770, BRG-AXION-006771, BRG-AXION-006772, BRG-AXION-006773, BRG-

AXION-006774, BRG-AXION-006775, BRG-AXION-006776, BRG-AXION-006777, BRG-

AXION-006778, BRG-AXION-006779, BRG-AXION-006780, BRG-AXION-006781, BRG-

AXION-006782, BRG-AXION-006783, BRG-AXION-006784, BRG-AXION-007609, BRG-

AXION-007611, BRG-AXION-007613, BRG-AXION-007616, BRG-AXION-007677, BRG-

AXION-007678, BRG-AXION-007679, BRG-AXION-007697, BRG-AXION-007717, BRG-

AXION-007742, BRG-AXION-007749, BRG-AXION-007768, BRG-AXION-007971, BRG-

AXION-007972, BRG-AXION-007977, BRG-AXION-007992, BRG-AXION-008005, BRG-

AXION-008006, BRG-AXION-008015, BRG-AXION-008017, BRG-AXION-008022, BRG-

AXION-001261 (category (3) documents); and AGILE_BRG-AXION_0000121-AGILE_BRG-

AXION_0000130,        AGILE_BRG-AXION_0000335-AGILE_BRG-AXION_0000348,

AGILE_BRG-AXION_0001141-AGILE_BRG-AXION_0001147,        AGILE_BRG-

AXION_0003235-AGILE_BRG-AXION_0003264,        AGILE_BRG-AXION_0003606-

AGILE_BRG-AXION_0003615,        AGILE_BRG-AXION_0005396-AGILE_BRG-

AXION_0005399,    AGILE_BRG-AXION_0006057-AGILE_BRG-AXION_0006132,    BRG-

AXION-000806, BRG-AXION-000890, BRG-AXION-001115, BRG-AXION-001116, BRG-

AXION-001258, BRG-AXION-001261, BRG-AXION-001504, BRG-AXION-001523, BRG-

AXION-001524, BRG-AXION-001581, BRG-AXION-001895, BRG-AXION-001896, BRG-

AXION-001897, BRG-AXION-001898, BRG-AXION-001899, BRG-AXION-001900, BRG-

AXION-001901, BRG-AXION-001902, BRG-AXION-001903, BRG-AXION-001904, BRG-

AXION-001905, BRG-AXION-001906, BRG-AXION-001907, BRG-AXION-001908, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-001909, BRG-AXION-001910, BRG-AXION-001911, BRG-AXION-001912, BRG-

AXION-001913, BRG-AXION-001914, BRG-AXION-001915, BRG-AXION-001916, BRG-

AXION-001917, BRG-AXION-001918, BRG-AXION-001919, BRG-AXION-001920, BRG-

AXION-001921, BRG-AXION-001922, BRG-AXION-001923, BRG-AXION-001924, BRG-

AXION-001925, BRG-AXION-001926, BRG-AXION-001927, BRG-AXION-001928, BRG-

AXION-001929, BRG-AXION-001930, BRG-AXION-001931, BRG-AXION-001932, BRG-

AXION-001933, BRG-AXION-001934, BRG-AXION-001935, BRG-AXION-001936, BRG-

AXION-001937, BRG-AXION-001938, BRG-AXION-001939, BRG-AXION-001940, BRG-

AXION-001941, BRG-AXION-001942, BRG-AXION-001943, BRG-AXION-001944, BRG-

AXION-001945, BRG-AXION-001946, BRG-AXION-001947, BRG-AXION-001948, BRG-

AXION-001949, BRG-AXION-001950, BRG-AXION-001951, BRG-AXION-001952, BRG-

AXION-001953, BRG-AXION-001954, BRG-AXION-001955, BRG-AXION-001956, BRG-

AXION-001959, BRG-AXION-001967, BRG-AXION-002007, BRG-AXION-002519, BRG-

AXION-006698, BRG-AXION-006755, BRG-AXION-006756, BRG-AXION-006757, BRG-

AXION-006758, BRG-AXION-006759, BRG-AXION-006760, BRG-AXION-006761, BRG-

AXION-006762, BRG-AXION-006763, BRG-AXION-006764, BRG-AXION-006766, BRG-

AXION-006767, BRG-AXION-006769, BRG-AXION-006770, BRG-AXION-006771, BRG-

AXION-006772, BRG-AXION-006773, BRG-AXION-006774, BRG-AXION-006775, BRG-

AXION-006776, BRG-AXION-006777, BRG-AXION-006778, BRG-AXION-006779, BRG-

AXION-006780, BRG-AXION-006781, BRG-AXION-006782, BRG-AXION-006783, BRG-

AXION-006784, BRG-AXION-006792, BRG-AXION-007609, BRG-AXION-007611, BRG-

AXION-007613, BRG-AXION-007616, BRG-AXION-007677, BRG-AXION-007678, BRG-

AXION-007679, BRG-AXION-007697, BRG-AXION-007700, BRG-AXION-007702, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-007717, BRG-AXION-007742, BRG-AXION-007749, BRG-AXION-007757, BRG-AXION-007768, BRG-AXION-007971, BRG-AXION-007972, BRG-AXION-007977, BRG-AXION-007992, BRG-AXION-008005, BRG-AXION-008006, BRG-AXION-008015, BRG-AXION-008017, BRG-AXION-008019, and BRG-AXION-008022 (category (4) documents).



numbers including but not limited to: BRG-AXION-001895, BRG-AXION-001896, BRG-AXION-001897, BRG-AXION-001898, BRG-AXION-001899, BRG-AXION-001900, BRG-AXION-001901, BRG-AXION-001902, BRG-AXION-001903, BRG-AXION-001904, BRG-AXION-001905, BRG-AXION-001906, BRG-AXION-001907, BRG-AXION-001908, BRG-AXION-001909, BRG-AXION-001910, BRG-AXION-001911, BRG-AXION-001912, BRG-AXION-001913, BRG-AXION-001914, BRG-AXION-001915, BRG-AXION-001916, BRG-AXION-001917, BRG-AXION-001918, BRG-AXION-001919, BRG-AXION-001920, BRG-AXION-001921, BRG-AXION-001922, BRG-AXION-001923, BRG-AXION-001924, BRG-AXION-001925, BRG-AXION-001926, BRG-AXION-001927, BRG-AXION-001928, BRG-AXION-001929, BRG-AXION-001930, BRG-AXION-001931, BRG-AXION-001932, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-001933, BRG-AXION-001934, BRG-AXION-001935, BRG-AXION-001936, BRG-AXION-001937, BRG-AXION-001938, BRG-AXION-001939, BRG-AXION-001940, BRG-AXION-001941, BRG-AXION-001942, BRG-AXION-001943, BRG-AXION-001944, BRG-AXION-001945, BRG-AXION-001946, BRG-AXION-001947, BRG-AXION-001948, BRG-AXION-001949, BRG-AXION-001950, BRG-AXION-001951, BRG-AXION-001952, BRG-AXION-001953, BRG-AXION-001954, BRG-AXION-001955, BRG-AXION-001956, BRG-AXION-001959, and BRG-AXION-001967. The sheer number of copies and variants of these materials indicate extensive use and, upon information and belief, widespread copying throughout Axion.



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



are found at least at the following BATES numbers BRG-AXION-000806, BRG-AXION-001115,

BRG-AXION-001116,  BRG-AXION-001258,  BRG-AXION-001261,  BRG-AXION-006755,

BRG-AXION-006756,  BRG-AXION-006757,  BRG-AXION-006758,  BRG-AXION-006759,

BRG-AXION-006760,  BRG-AXION-006761,  BRG-AXION-006762,  BRG-AXION-006763,

BRG-AXION-006764,  BRG-AXION-006766,  BRG-AXION-006767,  BRG-AXION-006769,

BRG-AXION-006770,  BRG-AXION-006771,  BRG-AXION-006772,  BRG-AXION-006773,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

BRG-AXION-006774, BRG-AXION-006775, BRG-AXION-006776, BRG-AXION-006777,

BRG-AXION-006778, BRG-AXION-006779, BRG-AXION-006780, BRG-AXION-006781,

BRG-AXION-006782, BRG-AXION-006783, BRG-AXION-006784, BRG-AXION-007609,

BRG-AXION-007611, BRG-AXION-007613, BRG-AXION-007616, BRG-AXION-007677,

BRG-AXION-007678, BRG-AXION-007679, BRG-AXION-007697, BRG-AXION-007717,

BRG-AXION-007742, BRG-AXION-007749, BRG-AXION-007768, BRG-AXION-007971,

BRG-AXION-007972, BRG-AXION-007977, BRG-AXION-007992, BRG-AXION-008005,

BRG-AXION-008006, BRG-AXION-008015, BRG-AXION-008017, and BRG-AXION-008022.



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. As such, and because Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced ESI, which Agilent's counsel is in the process of ingesting and which Agilent has not had an opportunity to review.  As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 16 (July 12, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity.  Agilent further objects to this interrogatory on the grounds that

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

information related to the extent of Axion's activities is in Axion's possession and knowledge, and

is the subject of Agilent' ongoing investigation and discovery.  Agilent objects to this interrogatory

as premature and seeking information that is outside of Agilent's possession, custody, or control,

in that it seeks information that will be the subject of discovery to be produced by at least Axion

in this case. Agilent further objects to this interrogatory as premature in that Agilent has not yet

had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr.

Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections,

Agilent responds as follows:

As further detailed below, Axion misappropriated the trade secrets of Agilent identified in

the foregoing interrogatory responses at least because:



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION-001897, BRG-AXION-001898, BRG-AXION-001899, BRG-AXION-001900, BRG-

AXION-001901, BRG-AXION-001902, BRG-AXION-001903, BRG-AXION-001904, BRG-

AXION-001905, BRG-AXION-001906, BRG-AXION-001907, BRG-AXION-001908, BRG-

AXION-001909, BRG-AXION-001910, BRG-AXION-001911, BRG-AXION-001912, BRG-

AXION-001913, BRG-AXION-001914, BRG-AXION-001915, BRG-AXION-001916, BRG-

AXION-001917, BRG-AXION-001918, BRG-AXION-001919, BRG-AXION-001920, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-001921, BRG-AXION-001922, BRG-AXION-001923, BRG-AXION-001924, BRG-

AXION-001925, BRG-AXION-001926, BRG-AXION-001927, BRG-AXION-001928, BRG-

AXION-001929, BRG-AXION-001930, BRG-AXION-001931, BRG-AXION-001932, BRG-

AXION-001933, BRG-AXION-001934, BRG-AXION-001935, BRG-AXION-001936, BRG-

AXION-001937, BRG-AXION-001938, BRG-AXION-001939, BRG-AXION-001940, BRG-

AXION-001941, BRG-AXION-001942, BRG-AXION-001943, BRG-AXION-001944, BRG-

AXION-001945, BRG-AXION-001946, BRG-AXION-001947, BRG-AXION-001948, BRG-

AXION-001949, BRG-AXION-001950, BRG-AXION-001951, BRG-AXION-001952, BRG-

AXION-001953, BRG-AXION-001954, BRG-AXION-001955, BRG-AXION-001956, BRG-



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

The documents cited above show Axion and its personnel had possession of, knowledge of, access to, and use of Agilent's trade secrets. Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. As such, and because Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 16 (July 30, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity.  Agilent further objects to this interrogatory on the grounds that information related to the extent of Axion's activities is in Axion's possession and knowledge, and is the subject of Agilent' ongoing investigation and discovery.  Agilent objects to this interrogatory as premature and seeking information that is outside of Agilent's possession, custody, or control, in that it seeks information that will be the subject of discovery to be produced by at least Axion

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

in this case. Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

As further detailed below, Axion misappropriated the trade secrets of Agilent identified in the foregoing interrogatory responses at least because:



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



AXION-001897, BRG-AXION-001898, BRG-AXION-001899, BRG-AXION-001900, BRG-

AXION-001901, BRG-AXION-001902, BRG-AXION-001903, BRG-AXION-001904, BRG-

AXION-001905, BRG-AXION-001906, BRG-AXION-001907, BRG-AXION-001908, BRG-

AXION-001909, BRG-AXION-001910, BRG-AXION-001911, BRG-AXION-001912, BRG-

AXION-001913, BRG-AXION-001914, BRG-AXION-001915, BRG-AXION-001916, BRG-

AXION-001917, BRG-AXION-001918, BRG-AXION-001919, BRG-AXION-001920, BRG-

AXION-001921, BRG-AXION-001922, BRG-AXION-001923, BRG-AXION-001924, BRG-

AXION-001925, BRG-AXION-001926, BRG-AXION-001927, BRG-AXION-001928, BRG-

AXION-001929, BRG-AXION-001930, BRG-AXION-001931, BRG-AXION-001932, BRG-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AXION-001933, BRG-AXION-001934, BRG-AXION-001935, BRG-AXION-001936, BRG-

AXION-001937, BRG-AXION-001938, BRG-AXION-001939, BRG-AXION-001940, BRG-

AXION-001941, BRG-AXION-001942, BRG-AXION-001943, BRG-AXION-001944, BRG-

AXION-001945, BRG-AXION-001946, BRG-AXION-001947, BRG-AXION-001948, BRG-

AXION-001949, BRG-AXION-001950, BRG-AXION-001951, BRG-AXION-001952, BRG-

AXION-001953, BRG-AXION-001954, BRG-AXION-001955, BRG-AXION-001956, BRG-

AXION-001959, and BRG-AXION-001967. An illustrative example of Axion's misappropriation

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



The documents cited above show Axion and its personnel had possession of, knowledge of, access to, and use of Agilent's trade secrets. Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. As such, and because Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to further amend or supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example, Agilent has not yet had the opportunity

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol

for accessing and reviewing documents preserved from Dr. Ferrick.


**INTERROGATORY NO. 17:**

Identify all forms of harm and monetary damage you contend was caused by Axion's alleged
misappropriation of trade secrets and the amount of such harm or damage, broken down by
category, including without limitation, lost profits damages, loss or harm to customer, vendor,
seller relationships, out of pocket loss or damages, compensatory damages, unjust enrichment or
any other form or harm, loss or monetary damages you contend was caused by Axion's alleged
misappropriation of trade secrets.

**AGILENT'S RESPONSE TO INTERROGATORY NO. 17:**

Agilent incorporates by reference its General Objections and Objections to Definitions and

Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple

parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P.

33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine,

privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor

proportional to the needs of this case. Agilent further objects to this interrogatory as premature and

untimely because it seeks expert opinions prior to the date or time required by the Scheduling

Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF,

2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention]

interrogatories until the end of discovery").

Subject to and without waiving any of the foregoing General and Specific Objections,

Agilent responds as follows: Agilent incorporates by reference Agilent's Complaint, and any

subsequent amendments and exhibits thereto.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Agilent was harmed by Axion's acquisition, access, and use of Agilent's trade secrets and confidential information. Axion's misappropriation led to the widespread access of Agilent's trade secrets and confidential information by a direct competitor. The harm includes, but is not limited to, loss of sales of Agilent's products, the advancement of Axion's Maestro products and related business in competition with Agilent's business, lost royalties, furtherance of sales of Axion's Maestro product line in competition with Agilent's xCELLigence product line, and Agilent's costs incurred in pursuing and remedying Axion's conduct.

Agilent's investigation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 17 (June 11, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. Agilent further objects to this interrogatory as premature and untimely because Agilent has not received and/or had an opportunity to review complete discovery in this case and, further, because this interrogatory seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects

- 133 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows: Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments and exhibits thereto.

Agilent was harmed by Axion's acquisition, access, and use of Agilent's trade secrets and confidential information. Axion's misappropriation led to the widespread access of Agilent's trade secrets and confidential information by a direct competitor. The harm includes, but is not limited to, loss of sales of Agilent's products, the advancement of Axion's Maestro products and related business in competition with Agilent's business, lost royalties, furtherance of sales of Axion's Maestro product line in competition with Agilent's xCELLigence product line, loss of reputation and goodwill amongst Agilent's customers, and Agilent's costs incurred in pursuing and remedying Axion's conduct. Upon information and belief, Axion made sales to customers who otherwise would have purchased from Agilent.

Additionally, Agilent identifies at least the following documents evidencing Agilent's loss of sales and Axion's growth in sales: AGILE0066164; AXION-0002493; AXION-0002495; AXION-0002497; and AXION-0002499.

Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation into the scope of harm resulting from Axion's misappropriation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory. For example, Axion has recently produced ESI, which Agilent's counsel is in the process of

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

ingesting and which Agilent has not had an opportunity to review.  As another example, Agilent

has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the

process of agreeing on a protocol for accessing and reviewing documents preserved from Dr.

Ferrick. Without discovery from Axion, the full extent of the harm remains to be determined.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 17 (July 12, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and

Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple

parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P.

33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine,

privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor

proportional to the needs of this case. Agilent further objects to this interrogatory as premature and

untimely because Agilent has not received and/or had an opportunity to review complete discovery

in this case and, further, because this interrogatory seeks expert opinions prior to the date or time

required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil

Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding

"a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects

to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI

produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this

case. Agilent further objects to this interrogatory as overly burdensome on the grounds that Axion

requests Agilent separate the value and harm of misappropriation for each individual trade secret,

particularly at such an early stage of this case. *See Dasso Int'l v. Moso N. Am.*, No. 17-1574-RGA,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2021 U.S. Dist. LEXIS 146485 (D. Del. July 25, 2021) ("Moreover, to the extent defendants aver that Mr. Newman must apportion damages by 'individual trade secret or bad act,' this is one of defendants' myriad assertions lacking citation to supporting case law."); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-GBW-CJB, 2023 U.S. Dist. LEXIS 164136 (D. Del. Sep. 13, 2023) ("Additionally, Defendants' attack of McDuff's opinion as being useless for failing to 'isolate what portion' of damages are attributable to the 'purported trade secrets[,]' is not availing. … "experts are not required to 'apportion damages among different trade secrets.'").

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows: Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments and exhibits thereto.

Agilent was harmed by Axion's acquisition, access, dissemination, disclosure, and use of Agilent's trade secrets and confidential information. Axion's misappropriation led to the widespread access of Agilent's trade secrets and confidential information by a direct competitor. The harm includes, but is not limited to, loss of sales of Agilent's products, the advancement of Axion's Maestro products and related business in competition with Agilent's business, lost royalties, furtherance of sales of Axion's Maestro product line in competition with Agilent's xCELLigence product line, loss of reputation and goodwill amongst Agilent's customers, and Agilent's costs incurred in pursuing and remedying Axion's conduct. Upon information and belief,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation into the scope of harm resulting from Axion's misappropriation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing.  As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick. Without discovery from Axion, the full extent of the harm remains to be determined.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 17 (July 30, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. Agilent further objects to this interrogatory as premature and untimely because Agilent has not received and/or had an opportunity to review complete discovery in this case and, further, because this interrogatory seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case. Agilent further objects to this interrogatory as overly burdensome on the grounds that Axion requests Agilent separate the value and harm of misappropriation for each individual trade secret, particularly at such an early stage of this case. *See Dasso Int'l v. Moso N. Am.*, No. 17-1574-RGA, 2021 U.S. Dist. LEXIS 146485 (D. Del. July 25, 2021) ("Moreover, to the extent defendants aver that Mr. Newman must apportion damages by 'individual trade secret or bad act,' this is one of defendants' myriad assertions lacking citation to supporting case law."); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-GBW-CJB, 2023 U.S. Dist. LEXIS 164136 (D. Del. Sep. 13, 2023) ("Additionally, Defendants' attack of McDuff's opinion as being useless for failing to 'isolate what portion' of damages are attributable to the 'purported trade secrets[,]' is not availing. … "experts are not required to 'apportion damages among different trade secrets.'").

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows: Agilent incorporates by reference Agilent's Complaint, and any subsequent amendments and exhibits thereto.

Agilent was harmed by Axion's acquisition, access, dissemination, disclosure, and use of Agilent's trade secrets and confidential information. Axion's misappropriation led to the widespread access of Agilent's trade secrets and confidential information by a direct competitor. The harm includes, but is not limited to, loss of sales of Agilent's products, the advancement of Axion's Maestro products and related business in competition with Agilent's business, lost royalties, furtherance of sales of Axion's Maestro product line in competition with Agilent's xCELLigence product line, loss of reputation and goodwill amongst Agilent's customers, and Agilent's costs incurred in pursuing and remedying Axion's conduct. Upon information and belief,



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation into the scope of harm resulting from Axion's misappropriation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing.  As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick. Without discovery from Axion, the full extent of the harm remains to be determined.

**INTERROGATORY NO. 18:**

For each category of harm or damage you identified in Interrogatory No. 17, describe how you calculated the amount of harm or damage and all facts supporting your calculation, including without limitation, identifying (by Bates number) the documents supporting your calculations and identifying all witnesses who have knowledge of the facts you set forth supporting your calculations of harm or damage.

**AGILENT'S RESPONSE TO INTERROGATORY NO. 18:**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery").

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows: Agilent is willing to meet and confer regarding this interrogatory.

### FIRST AMENDED RESPONSE TO INTERROGATORY NO. 18 (June 11, 2024):

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion's inappropriate acquisition, access, and use of Agilent's trade secrets and confidential information led to direct harm to Agilent, including but not limited to, loss of sales of Agilent's products, the advancement of Axion's Maestro products and related business in competition with Agilent's business, lost royalties, furtherance of sales of Axion's Maestro product line in competition with Agilent's xCELLigence product line, loss of reputation and goodwill amongst Agilent's customers, and Agilent's costs incurred in pursuing and remedying Axion's conduct. Axion's misappropriation led to the widespread access of Agilent's trade secrets and confidential information by a direct competitor damaging Agilent's market positioning. Without discovery from Axion, the full extent of the harm remains to be determined.

Additionally, Agilent identifies at least the following documents as evidencing Agilent's loss of sales and Axion's growth in sales: AGILE0066164; AXION-0002493; AXION-0002495; AXION-0002497; and AXION-0002499.



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 18 (July 12, 2024):**

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case. Agilent further objects to this interrogatory as overly burdensome on the grounds that Axion requests Agilent separate the value and harm of misappropriation for each individual trade secret, particularly at such an early stage of this case. *See Dasso Int'l v. Moso N. Am.*, No. 17-1574-RGA, 2021 U.S. Dist. LEXIS 146485 (D. Del. July 25, 2021) ("Moreover, to the extent defendants aver that Mr. Newman must apportion damages by 'individual trade secret or bad act,' this is one of defendants' myriad assertions lacking citation to supporting case law."); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-GBW-CJB, 2023 U.S. Dist. LEXIS 164136 (D. Del. Sep. 13, 2023) ("Additionally, Defendants' attack of McDuff's opinion as being useless for failing to 'isolate what

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation into the scope of harm resulting from Axion's misappropriation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

process of reviewing. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick. Without discovery from Axion, the full extent of the harm remains to be determined.

## THIRD AMENDED RESPONSE TO INTERROGATORY NO. 18 (July 30, 2024):

Agilent incorporates by reference its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Agilent objects to this interrogatory as containing multiple parts in violation of the limit of interrogatories that can be served on this case. *See* Fed. R. Civ. P. 33(a)(1). Agilent objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, doctrine, privilege, or immunity. Agilent objects to this interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case. Agilent further objects to this interrogatory as premature and untimely because it seeks expert opinions prior to the date or time required by the Scheduling Order. *See* D.I. 29. *See Novanta Corp. v. Iradion Laser, Inc*., Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) (holding "a court may defer [contention] interrogatories until the end of discovery"). Agilent further objects to this interrogatory as premature in that Agilent has not yet had the opportunity to review ESI produced by Axion or to take complete discovery of Axion, Dr. Ferrick, or third parties in this case. Agilent further objects to this interrogatory as overly burdensome on the grounds that Axion requests Agilent separate the value and harm of misappropriation for each individual trade secret, particularly at such an early stage of this case. *See Dasso Int'l v. Moso N. Am.*, No. 17-1574-RGA, 2021 U.S. Dist. LEXIS 146485 (D. Del. July 25, 2021) ("Moreover, to the extent defendants aver that Mr. Newman must

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

apportion damages by 'individual trade secret or bad act,' this is one of defendants' myriad assertions lacking citation to supporting case law."); *FinancialApps, LLC v. Envestnet, Inc.*, Civil Action No. 19-1337-GBW-CJB, 2023 U.S. Dist. LEXIS 164136 (D. Del. Sep. 13, 2023) ("Additionally, Defendants' attack of McDuff's opinion as being useless for failing to 'isolate what portion' of damages are attributable to the 'purported trade secrets[,]' is not availing. … "experts are not required to 'apportion damages among different trade secrets.'").

Subject to and without waiving any of the foregoing General and Specific Objections, Agilent responds as follows:

Axion's inappropriate acquisition, access, dissemination, disclosure, and use of Agilent's trade secrets and confidential information led to direct harm to Agilent, including but not limited to, loss of sales of Agilent's products, the advancement of Axion's Maestro products and related business in competition with Agilent's business, lost royalties, furtherance of sales of Axion's Maestro product line in competition with Agilent's xCELLigence product line, loss of reputation and goodwill amongst Agilent's customers, and Agilent's costs incurred in pursuing and remedying Axion's conduct. Axion's misappropriation led to the widespread access of Agilent's trade secrets and confidential information by a direct competitor damaging Agilent's market positioning.  Without complete discovery from Axion, the full extent of the harm remains to be determined.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Upon information and belief, Axion is in possession of additional documents, knowledge and information evidencing its misappropriation of Agilent's trade secrets. Accordingly, Agilent's investigation into the scope of harm resulting from Axion's misappropriation and discovery in this case are ongoing, and Agilent reserves the right to supplement its response to this interrogatory. For example, Axion has recently produced voluminous ESI, which Agilent's counsel is in the process of reviewing. As another example, Agilent has not yet had the opportunity to take depositions in this case. Moreover, the parties are in the process of agreeing on a protocol for accessing and reviewing documents preserved from Dr. Ferrick. Without discovery from Axion, the full extent of the harm remains to be determined.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiff Agilent Technologies, Inc.*

OF COUNSEL:

Peter J. Chassman
Hallie H. Wimberly
Michael J. Forbes
REED SMITH LLP
1221 McKinney Street, Suite 2100
Houston, TX  77010
(713) 469-3800

Anna M. Targowska
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL, 60606-7507
(312) 207-1000

July 30, 2024

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2024, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| John G. Day, Esquire | *VIA ELECTRONIC MAIL* |
| Andrew C. Mayo, Esquire | |
| ASHBY & GEDDES | |
| 500 Delaware Avenue, 8th Floor | |
| P.O. Box 1150 | |
| Wilmington, DE  19899 | |
| *Attorneys for Defendant Axion Biosystems, Inc.* | |

| | |
|---|---|
| David M. Maiorana, Esquire | *VIA ELECTRONIC MAIL* |
| JONES DAY | |
| 901 Lakeside Avenue | |
| Cleveland, OH 44114 | |
| *Attorneys for Defendant Axion Biosystems, Inc.* | |

| | |
|---|---|
| Ryan K. Walsh, Esquire | *VIA ELECTRONIC MAIL* |
| Geoffrey K. Gavin, Esquire | |
| Laura M. Kanouse, Esquire | |
| JONES DAY | |
| 1221 Peachtree Street, N.E., Suite 400 | |
| Atlanta, GA 30361 | |
| *Attorneys for Defendant Axion Biosystems, Inc.* | |

| | |
|---|---|
| Anna E. Raimer, Esquire | *VIA ELECTRONIC MAIL* |
| JONES DAY | |
| 717 Texas, Suite 3300 | |
| Houston, TX  77002-2712 | |
| *Attorneys for Defendant Axion Biosystems, Inc.* | |

*/s/ Travis J. Murray*
_____
Travis J. Murray (#6882)

# EXHIBITS D-G REDACTED IN THEIR ENTIRETY

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AGILENT TECHNOLOGIES, INC.,     )
     )
     Plaintiff,     )
     )
     v.     )     C.A. No. 24-300 (CJB)
     )
AXION BIOSYSTEMS, INC.,     )
     )
     Defendant.     )

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES**

WHEREAS, Plaintiff Agilent Technologies, Inc. ("Agilent") moved to compel supplemental responses to Agilent's Interrogatory No. 17 and Request for Production Nos. 133 and 134; and

WHEREAS the Court has fully considered the parties' respective letter briefs and associated papers on Agilent's Motion to Compel;

IT IS HEREBY ORDERED that Agilent's Motion to Compel is GRANTED.  Within 7 days from the date of this Order, Defendant Axion BioSystems, Inc. ("Axion") shall provide a complete response to Agilent's Interrogatory No. 7 that provides its trade secret related contentions sought by Interrogatory No. 7 and accounts for all facts currently known to Axion in support of those contentions.  This response shall be regularly supplemented as fact discovery progresses, including supplementation on or before November 14, 2024, based on the parties' October 15, 2024 ESI productions.  Axion shall separately collect and produce within 7 days from the date of this Order all non-privileged information responsive to Agilent Request for Production Nos. 133 and 134.

SO ORDERED this _____ day of _____, 2024.


_____
United States Magistrate Judge