IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., ) | |
| ) | **REDACTED PUBLIC VERSION** |
| Plaintiff, ) | |
| ) | C.A. No. 23-198-CJB |
| v. ) | |
| ) | |
| AXION BIOSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM ANDREW C. MAYO REGARDING RESPONSE TO
AGILENT'S OCTOBER 15, 2024 LETTER (D.I. 199)**

*Of Counsel:*

Ryan K. Walsh
Geoffrey K. Gavin
Laura M. Kanouse
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
(404) 521-3939

David M. Maiorana
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939

Anna E. Raimer
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2712
(832) 239-3939

Dated: October 21, 2024

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Axion BioSystems, Inc.*

{02061370;v1 }

Dear Judge Burke:

Defendant Axion submits this letter brief at the Court's direction in response to Plaintiff Agilent's letter brief (D.I. 199) regarding the parties' dispute on (1) Axion's response to Agilent's Interrogatory No. 17 and (2) Agilent's RFP Nos. 133 and 134.

**Interrogatory No. 17.** Axion has not refused to supplement its response to this interrogatory. The parties' dispute is about the timing of Axion's supplementation. (*See* Ex. 1 (Oct. 7, 2024 Letter) at 1 ("We indicated that Axion would supplement its response to Interrogatory No. 17 as fact discovery progresses. The only impasse here is Agilent's insistence that supplementation be immediate.").) Agilent demanded immediate supplementation, while Axion explained that it needed additional discovery before supplementing. In particular, Axion noted that Agilent had not yet produced any documents located as a result of the ESI searching specifically directed to Agilent's alleged trade secrets. After seeking the Court's intervention on October 8, Agilent made trade-secret-related ESI productions on October 9 and October 15, producing *approximately 256,000 documents*. The volume of Agilent's trade-secret-related production proves Axion's point. Axion needs time to evaluate this significant volume of Agilent's late-produced, trade-secret-related documents in order to meaningfully supplement its interrogatory response.

Some additional context may also be useful here. After Agilent added its trade-secret-related claims in December 2023 (D.I. 77, Counts V-VII), Axion moved to dismiss these claims (based on a failure to identify any trade secrets) and sever them (D.I. 87, D.I. 94). Axion subsequently served its Interrogatory No. 13 in late February 2024 requesting identification of Agilent's alleged trade secrets. Agilent did not provide any list of alleged trade secrets until mid-July.[1] Agilent amended its response shortly thereafter (on July 30) to add ten additional alleged trade secrets, bringing the total to 43 alleged trade secrets. Because Agilent did not identify its alleged trade secrets until mid-July, the parties' prior ESI searching and productions (that were otherwise substantially complete by June 6) were not directed to the alleged trade secrets. Thus, in mid-August 2024, the parties agreed to perform additional ESI searching related specifically to 29 of the 43 alleged trade secrets. (*See* Ex. 2.) As noted above, Agilent did not produce documents from that additional searching until October 9 and October 15.

Unlike Axion's Interrogatory No. 13 that asks Agilent to identify its own trade secrets—which articulate the bounds and scope of discovery for Agilent's trade-secret-related claims—the information Axion needs to answer Interrogatory No. 17 is almost exclusively within Agilent's possession. Prior to its October 9 and October 15 productions, Agilent had provided very little discovery regarding its alleged trade secrets. Agilent's Proposed Order (D.I. 199, Ex. H) acknowledges as much, asking the Court to order a supplementation within seven days of a prospective order granting Agilent's motion and then another supplementation by "November 14, based on the parties' October 15 ESI productions." Agilent's piecemeal proposal makes little sense though, as it would have Axion supplementing its response the first week of November and again on November 14, and it is not reasonable in view of the approximately 256,000 trade-secret-

---

[1] The documents giving rise to Agilent's trade secret misappropriation claim had been in Agilent's possession since mid-September 2023.

related documents Agilent has just produced.

Axion believes that initial supplementation by December 13 would be appropriate (with further supplementation permitted as fact discovery continues), giving Axion sufficient time to analyze the mountain of alleged trade-secret-related evidence Agilent just produced and leaving two more months of fact discovery (which closes February 12, 2025). In addition, Axion believes it should only be required to supplement regarding the 29 alleged trade secrets identified in Agilent's mid-August email—nos. 1-15, 23-30, 33-35, 38, 41, 42—consistent with the parties' efforts to "streamlin[e] the case." (*See* Ex. 2.)

**RFP Nos. 133 & 134.** Agilent's letter glosses over the fact that these RFPs broadly seek "[a]ll valuations of Axion" (RFP 133) and "[a]ll documents relating to any past or future, actual or potential, funding rounds or investments in Axion" (RFP 134). Axion objected to this breadth, and, indeed, Axion's primary concern is that RFPs 133 and 134 are unlimited in time and scope. Agilent has never addressed that concern. Instead, Agilent demanded Court intervention.

Agilent has also shifted its position regarding the purported relevance of documents sought by these RFPs. During the parties' meet and confer, Agilent urged that these RFPs were relevant to showing Axion's M&A activity.[2] (*See also* Ex. 3 at 2; Ex. 1 at 2.) In its letter to the Court, Agilent pivoted, now contending that the documents are relevant to Agilent's damages case for alleged trade secret misappropriation. (D.I. 199 at 2 ("withholding these documents prevents Agilent from developing its damages case"; "it is vital to Agilent's damages case to understand how the infusion of such trade secrets increased Axion's value and ability to source funding.") Agilent's potential damages theory, however, is a stretch, to say the least. To date, despite Agilent's extensive document discovery propounded on Axion and Agilent's recent deposition of Dr. David Ferrick—who Agilent alleges is the source of the alleged transfer to Axion of any of Agilent's alleged trade secrets related to acquisitions, strategic planning, etc.—Agilent has yet to identify a single company that Axion has acquired or sought to acquire as a result of having access to any alleged Agilent trade secret.

Notwithstanding the above, Axion is willing to produce valuation and funding documents with a more tailored and reasonable scope. Specifically, Axion is willing to produce (a) any valuations of the company that it has from 2020-present (RFP 133), and (b) documents pertaining to any funding rounds/investment in Axion that were related to actual or planned M&A activity from 2021-present (RFP 134). This proposed scope is more appropriate in view of Dr. Ferrick's limited time (January 2022-July 2023) at Axion.

For the above reasons, Axion therefore respectfully requests that the Court decline to enter Agilent's Proposed Order (D.I. 199, Ex. H).

Respectfully,
*/s/ Andrew C. Mayo*
Andrew C. Mayo (#5207)

cc:    All Counsel of Record (via electronic mail; w/attachments)

---

[2] As Axion noted following the meet and confer, Axion already agreed to produce documents related to Axion's acquisition activity. (*See* Ex. 1 at 2 n.1 (referring to RFP No. 135).)

# EXHIBIT 1

# JONES DAY

1221 PEACHTREE STREET, N.E. • SUITE 400 • ATLANTA, GEORGIA 30361

TELEPHONE: +1.404.521.3939 • JONESDAY.COM

Direct Number: 4045818646
ggavin@jonesday.com

October 7, 2024

VIA EMAIL

Anna M. Targowska
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
ATargowska@reedsmith.com

Re: *Agilent Technologies, Inc. v. Axion BioSystems, Inc.*, C.A. No. 23-198-CJB (D. Del.): October 1, 2024 Meet and Confer

Counsel:

We write in response to your October 1 letter and in follow up to the parties' October 1 meet and confer regarding (i) Axion's response to Agilent's Interrogatory No. 17; (ii) Axion's responses to Agilent's Fourth Set of Requests for Production (Nos. 128-141); and (iii) Agilent's responses to Axion's Fourth Set of Requests for Production (Nos. 107-134).

**Axion's Response to Agilent's Interrogatory No. 17.** Agilent's demand that Axion immediately supplement its response to Interrogatory No. 17 is not reasonable. This interrogatory requests that Axion "For each trade secret identified in Agilent's response to Axion's Interrogatory No. 13, state whether Axion contends that it does or does not constitute a trade secret, and state all facts supporting that contention." Despite its late February receipt of Axion's interrogatory seeking the identification of Agilent's alleged trade secrets, Agilent did not fully identify its forty-three alleged trade secrets for five months (on July 30). In August, Axion served its Fourth Set of RFPs (Nos. 107-134), seeking additional documents related to the alleged trade secrets, and Agilent agreed to conduct additional ESI searching relating specifically to the alleged trade secrets Agilent first identified in July. While you maintained during our meet and confer that Agilent has produced some documents relating to its alleged trade secrets, you were unable to identify any specific documents or production that Agilent made in response to Axion's Fourth Set of RFPs. In addition, Agilent will not be producing documents located as part of its trade-secret-related ESI searching until October 9. And no witnesses have been deposed. In short, the information Axion needs to answer this interrogatory is almost exclusively within Agilent's possession, and Agilent has provided, to date, virtually no discovery regarding its alleged trade secrets. We indicated that Axion would supplement its response to Interrogatory No. 17 as fact discovery progresses. The only impasse here is Agilent's insistence that supplementation be immediate. Finally, your claims of prejudice to Agilent ring hollow, when it is Agilent that is in possession of facts relating to the public disclosure of its alleged trade secrets, the lack of reasonable measures taken to maintain any

JONES DAY

Anna M. Targowska
October 7, 2024
Page 2

secrecy of its alleged trade secrets, and the lack of independent economic value arising from the purported secrecy of the alleged trade secrets.

**Axion's Responses to Agilent's Fourth Set of RFPs (Nos. 128-141).** RFP Nos. 133 and 134 seek "[a]ll valuations of Axion" and "[a]ll documents relating to any past or future, actual or potential, funding rounds or investments in Axion," respectively. You were unable to explain during the meet and confer how valuations/funding rounds/investments documents relate to any alleged use by Axion of any of Agilent's alleged trade secrets, although you claimed that such documents were needed to show Axion's M&A activity.[1] Your October 1 letter fares no better, stating "Axion's use of Agilent's trade secrets within Axion is going to be apparent through the discovery of Axion and that Agilent is unable to further narrow these requests without understanding what activities Axion has already undertaken. What is clear though is that Axion used, and continues to use, Agilent's trade secrets in crafting its business strategies …." Agilent is on a fishing expedition, and without a coherent explanation as to how valuation/funding rounds/investments documents are relevant to the claims at issue in this case.

For RFP No. 131, we indicated Axion would respond exactly as stated in its response to this RFP. Axion will not be producing the entire contents of its CRM system, which is what this overbroad RFP seeks. For RFP Nos. 128, 129, 131, and 135-137, contrary to your claims, Agilent has not suffered, and will not suffer, any prejudice from the production, later this month, of documents responsive to these RFPs. Agilent has yet to take a deposition, and over four months remain in fact discovery.

**Agilent's Responses to Axion's Fourth Set of RFPs (Nos. 107-134).** For RFP Nos. 113-116, 119, 121, 128-130, if Agilent ultimately chooses to pursue trade secret misappropriation claims with respect to the alleged trade secrets implicated by these RFPs (that is, Agilent's trade secret nos. 16, 20-22, 32, 37, 39, and 43), Agilent must search for and produce the narrow set of documents sought by these RFPs.

For RFP No. 112, we appreciate your agreement to investigate with Agilent whether Agilent maintains any log or similar mechanism of who had access to each of Agilent's alleged trade secrets and documents related to the same.

---

[1] Notably, Agilent's RFP No. 135 requests "[a]ll documents relating to any future potential acquisitions of Axion by a third party or future potential acquisitions of a third party by Axion," and Axion agreed to "produce non-privileged, responsive documents related to Axion's acquisition activity found after a reasonable search." (*See* Axion's Objections and Responses to Agilent's Fourth Set of RFPs, dated September 16, 2024.)

JONES DAY

Anna M. Targowska
October 7, 2024
Page 3

                                                 Sincerely,

                                                 Geoffrey K. Gavin

cc (via email):  Counsel of record

# EXHIBIT 2

# Kanouse Vining, Laura

| | |
|---|---|
| **From:** | Targowska, Anna M. <ATargowska@reedsmith.com> |
| **Sent:** | Friday, August 16, 2024 8:53 PM |
| **To:** | Walsh, Ryan K.; Kanouse Vining, Laura; Mayo, Andrew C.; Axion-Biosystems |
| **Cc:** | Chassman, Peter J.; zz-RS-Agilent-Axion (S); Blumenfeld, Jack; Egan, Brian P.; Murray, Travis |
| **Subject:** | Agilent v Axion \| No. 23-198 \| Supplemental ESI Production and Supplemental ESI Searches |
| **Categories:** | Axion |

---

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

---

Counsel,

We write regarding Axion's requests for additional ESI.

**Family Members.**

Agilent has agreed to go back and produce any non-privileged family members of originally-produced e-mails, even though 1) the ESI order does not require it, and 2) it will create substantial burden on Agilent. As we have explained, production of family members will require reinstatement of a database that we believe is approximately 7 terabytes. Our understanding is that Agilent is reinstating the database, but, due to its size, it could take approximately a week to process. We will be back in touch once we have an update. Once reinstated, we will obtain family members, perform a privilege screen, and produce the documents.

**Supplemental Searching Regarding Trade Secrets Identified in Response to Axion's Interrogatory No. 13.**

While Agilent contends Axion misappropriated each of the trade secrets identified in its most recent response to Axion's Interrogatory No. 13, for purposes of streamlining the case and completing the supplemental ESI search of the trade secrets identified, Agilent proposes that the parties should focus on trade secrets nos. 1-15, 23-30, 33-35, 38, 41, 42. However, Agilent cannot predict what additional misappropriated trade secrets, if any, further discovery of Axion or third parties may reveal and reserves the right to pursue any newly discovered trade secrets.

Moreover, we have reviewed Agilent's list of originally-searched custodians in view of this narrowed list of trade secrets and have confirmed that the original set of custodians also is the appropriate set of custodians for this list of trade secrets. Thus, the same database being reinstated for family members also would be the appropriate database for supplemental searching regarding the trade secrets.

We also believe that the trade secrets can be grouped and that the parties can propose an appropriate set of search terms for each group of trade secrets. We suggest that the parties exchange proposed search terms to be used on their respective ESI early next week.

Regards,
Anna

**Anna M. Targowska**
Partner
Intellectual Property Group
*She/Her/Hers*

atargowska@reedsmith.com
D: +1 312.207.2455

M: +1 773.560.6039

**reedsmith.com**

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021

# EXHIBIT 3



**Anna M. Targowska**
Phone: +1 312 207 2455
Email: atargowska@reedsmith.com

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Main +1 312 207 1000
Fax +1 312 207 6400
reedsmith.com

October 1, 2024

**By Electronic Mail**

Geoffrey K. Gavin, Esq.
Ryan K. Walsh, Esq.
Laura M. Kanouse, Esq.
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361

Re:   *Agilent Technologies, Inc. v. Axion BioSystems, Inc.*, 1:23-cv-00198-CJB
       10/01/2024 Meet and Confer Follow Up

Counsel:

Thank you for meeting and conferring with us today on the issues referenced below.

**Axion's Response to Agilent's Interrogatory No. 17:**

Despite Axion's repeated insistence that Agilent provide a numbered list of trade secrets or else face a motion to compel, Axion has provided only a bare bones response to Agilent's Interrogatory No. 17, which fails to address each numbered trade secret *individually*. Agilent provided a detailed response, to the extent it was able to do so based upon the discovery that had been provided so far, and Axion must likewise do the same. To the extent Axion is aware of any facts supporting its broad contention that Agilent does not have any trade secrets, it must so state with specificity with respect to each identified trade secret, so Agilent can test the allegation through further discovery, including depositions.

On today's meet and confer you confirmed that Axion refuses to supplement its response until further discovery, including ESI discovery, as well as depositions of Agilent witnesses, is completed. Axion's position is untenable, both parties have produced discovery. To the extent any discovery produced so far relates to Interrogatory No. 17, Axion should supplement its response. Axion's continued delay is prejudicial and inhibits Agilent's ability to take deposition with the benefit of Axion's substantive responses.

Beyond those described above, Axion was unable to provide any additional reasons for withholding this critical discovery. Accordingly, the parties at an impasse despite Agilent addressing all of Axion's concerns that were brought up during the meet and confer as detailed above.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

ReedSmith

October 1, 2024
Page 2

**Agilent's 4th Set of RFPs to Axion:**

**RFP Nos. 133** and **134** relate to Axion's use of Agilent's trade secrets in pursuing its funding and merger and acquisition strategy. Axion confirmed that it would not search for or produce documents related to these issues on the basis that the requests are overly broad. We explained during the call that the extent of Axion's use of Agilent's trade secrets within Axion is going to be apparent through the discovery of Axion and that Agilent is unable to further narrow these requests without understanding what activities Axion has already undertaken. What is clear though is that Axion used, and continues to use, Agilent's trade secrets in crafting its business strategies as shown in the ESI Axion produced to date, which, as we explained, provides the factual basis for why this discovery is not only relevant but also critical.

Despite Agilent's explanation during the meet and confer, Axion confirmed that it will not respond to these requests. Accordingly, the parties are at an impasse.

With respect to **RFP No. 131**, thank you for confirming that Axion will search for the documents found in the CRM system referenced in AXION-0343481.

With respect to the production of documents responsive to **RFP Nos. 128, 129, 131, 135, 136,** and **137**, Axion stated that is it unable to produce these documents now because it is currently focusing on ESI privilege review. However, as we pointed out these requests were served on August 16, 2024 and the cited ESI discovery could not have even begun until last week when the parties exchanged the final set of terms. Axion's continued delay is prejudicial. Accordingly, the parties are at an impasse with respect to the timing of production of responsive documents.

Finally, with respect to **RFP Nos. 130, 132, 139, 140,** and **141**, which Axion asserts are duplicative of other RFPs, Axion refused to identify the responsive documents that have already been produced. Accordingly, the parties are at an impasse on this issue.

**Axion's 4th Set of RFPs to Agilent:**

Regarding Axion's **RFPs Nos. 113-116, 119, 121, 128-130**, as we explained on the call, the parties have previously reached an agreement not to engage in additional document searching with respect to certain trade secrets implicated by these RFPs as evidenced by the parties' supplemental ESI protocol – unless further discovery (e.g., depositions) reveals additional critical information with respect to the same. Mr. Gavin asserted that he was not involved in negotiating these terms, so he will need to revert back and confirm whether Axion continues to assert any deficiencies with respect to these RFPs. Agilent emphasized on the call, however, that it is not in a position to withdraw the trade secrets to which the RFPs related, especially given Axion's failure to respond to Agilent's Interrogatory No. 17, and noted that Axion's document discovery with respect to the same trade secrets is likewise on hold pursuant to the parties' agreement.

With respect to **RFP No. 112**, Axion noted that, beyond searches related to the asserted trade secrets, it would expect searches related to any form of logging trade secrets or any form of logging of

ReedSmith

October 1, 2024
Page 3

access to the trade secrets. As explained on the call, other ongoing discovery already covers this request. Nonetheless, we agreed to investigate further with Agilent. To the extent necessary, the production will be supplemented.

* * *

    Agilent reserves all rights.

Regards,

*[signature]*

Anna M. Targowska
Reed Smith LLP
AMT/tf

cc: Counsel of record