IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-198 (CJB) |
| | ) | |
| AXION BIOSYSTEMS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REVISED JOINT FINAL PRETRIAL ORDER</u>

MORRIS, NICHOLS, ARsHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Brian P. Egan (#6227)
Travis J. MmTay (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@monisnichols.com
began@monisnichols.com
tmunay@monisnichols.com

*Attorneys for Plaintiff Agilent Technologies, Inc.*

March 16, 2026

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Axion Biosystems, Inc.*

TABLE OF CONTENTS

Page

I.    Nature of the Case ........................................................................................... 2

      A.    The Parties............................................................................................ 2

      B.    Nature of the Action ........................................................................... 2

II.   Jurisdiction ...................................................................................................... 3

III.  Facts ................................................................................................................. 4

      A.    Uncontested Facts................................................................................ 4

      B.    Contested Facts ................................................................................... 4

IV.   Issues of Law.................................................................................................... 4

V.    Witnesses.......................................................................................................... 4

      A.    List of Witnesses the Plaintiff Expects to Call ........................................ 6

      B.    List of Witnesses Defendant Expects to Call............................................ 6

      C.    List of Third Party Witnesses the Parties Expect to Call ........................ 6

      D.    Procedures for Identifying and Examining Witnesses ............................ 7

      E.    Testimony by Deposition ..................................................................... 8

      F.    Impeachment with Prior Inconsistent Testimony .................................... 10

      G.    Objections to Expert Testimony ......................................................... 10

VI.   Exhibits ........................................................................................................... 10

      A.    Exhibits .............................................................................................. 10

      B.    Demonstrative Exhibits ..................................................................... 12

VII.  Brief Statement of Intended Proofs ................................................................ 13

VIII. Damages........................................................................................................... 13

IX.   Bifurcated Trial .............................................................................................. 14

X.      Motions in Limine and Related Agreements ........................................................................ 14

XI.     Discovery ........................................................................................................................ 14

XII.    Number of Jurors ........................................................................................................... 15

XIII.   Length of Trial .............................................................................................................. 15

XIV.    Motions for Judgment as a Matter of Law ..................................................................... 16

XV.     Amendments of the Pleadings ....................................................................................... 16

XVI.    Settlement ...................................................................................................................... 16

XVII.   FJC Patent Video ........................................................................................................... 16

XVII.   Miscellaneous Issues ..................................................................................................... 16

## INDEX OF EXHIBITS

| Issue | Party | Exhibit No. |
|---|---|---|
| Uncontested Facts | Joint | Exhibit 1 |
| Contested Facts | Plaintiff | Exhibit 2P |
| | Defendant | Exhibit 2D |
| Issues of Law | Plaintiff | Exhibit 3P |
| | Defendant | Exhibit 3D |
| Witnesses | Plaintiff | Exhibit 4P |
| | Defendant | Exhibit 4D |
| Deposition Designations | Plaintiff | Exhibit 5P |
| | Defendant | Exhibit 5D |
| Exhibits | Joint | Exhibit 6J |
| | Plaintiff | Exhibit 6P |
| | Defendant | Exhibit 6D |
| Statement of Intended Proofs | Plaintiff | Exhibit 7P |
| | Defendant | Exhibit 7D |
| Motions *in Limine* | Plaintiff's Motions *in Limine* | Exhibit 8P |
| | Defendant's Motions *in Limine* | Exhibit 8D |

This matter comes before the Court following a final pretrial conference held on March 13, 2026 pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiff, Agilent Technologies, Inc.'s, Counsel**:

| Name | Email | Law Firm | Address |
|---|---|---|---|
| Brian P. Egan<br>Jeremy A. Tigan<br>Travis J. Murray | began@morrisnichols.com<br>jtigan@morrisnichols.com<br>tmurray@morrisnichols.com | Morris, Nichols, Arsht & Tunnell LLP | 1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 |
| Peter J. Chassman<br>Michael J. Forbes | pchassman@reedsmith.com<br>mforbes@reedsmith.com | Reed Smith LLP | 1221 McKinney Street, Suite 2100<br>Houston, TX 77010 |
| Anna M. Targowska<br>Jacob M. Stone | atargowska@reedsmith.com<br>jstone@reedsmith.com | Reed Smith LLP | 10 South Wacker Drive, 40th Floor<br>Chicago, IL, 60606-7507 |
| Paul J. McDonnell | pmcdonnell@reedsmith.com | Reed Smith LLP | Reed Smith Centre<br>225 Fifth Avenue<br>Pittsburgh, PA 15222 |

**Defendant, Axion BioSystems, Inc.'s, Counsel**:

| Name | Email | Law Firm | Address |
|---|---|---|---|
| John G. Day<br>Andrew C. Mayo | jday@ashbygeddes.com<br>amayo@ashbygeddes.com | Ashby & Geddes | 500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899 |
| Ryan K. Walsh<br>Geoffrey K. Gavin<br>Rachel Krutz Baker<br>Laura Kanouse Vining | rkwalsh@jonesday.com<br>ggavin@jonesday.com<br>rkbaker@jonesday.com<br>lkvining@jonesday.com | Jones Day | 1221 Peachtree Street N.E., Suite 400<br>Atlanta, GA 30361 |
| David M. Maiorana | dmaiorana@jonesday.com | Jones Day | 901 Lakeside Avenue<br>Cleveland, OH 44114 |
| Anna E. Raimer | aeraimer@jonesday.com | Jones Day | 717 Texas, Suite 3300<br>Houston, TX 77002-2712 |
| John M. Michalik<br>Collin J. Kurtenbach | jmichalik@jonesday.com<br>ckurtenbach@jonesday.com | Jones Day | 110 N. Wacker Drive Suite 4800<br>Chicago, IL 60606 |

The following matters as to the conduct of the trial scheduled to commence on March 23, 2026, have been stipulated by the parties and are hereby ordered by the Court. This Revised Final Pretrial Order shall control the subsequent course of this action as to those issues that will be tried during the March 2026 trial, unless modified by the Court. Subject to the approval of the Court, the parties reserve the right to amend this Revised Final Pretrial Order based on subsequent events or by agreement.

## I. Nature of the Case

### A. The Parties

Plaintiff, Agilent Technologies, Inc. ("Agilent"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5301 Stevens Creek Boulevard, Santa Clara, California 95051.

Defendant, Axion BioSystems, Inc. ("Axion"), is a corporation organized under the laws of the State of Delaware with a principal place of business at 171 17th Street NW, Suite 500, Atlanta, Georgia, 30363.

### B. Nature of the Action

On February 23, 2023, Agilent filed suit against Axion, alleging infringement by Axion of claims of U.S. Patent Nos. 7,192,752 (the "'752 Patent"), 7,468,255 (the "'255 Patent"), and 8,026,080 (the "'080 Patent"), along with a claim for false advertising under the Lanham Act arising out of Axion's statements related to its Maestro machines, CytoView-Z plates, and AxIS Z software, and spheroids, which Agilent alleges are false and misleading. On May 15, 2023, Agilent filed its First Amended Complaint including additional information related to Agilent's claims. On December 12, 2023, Agilent filed its Second Amended Complaint adding claims for misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA), and intentional and negligent interference with prospective economic advantage under California law. In February

2

2025, the Court dismissed Agilent's trade secret count without prejudice and Agilent's interference claims with prejudice. On March 5, 2025, Agilent moved for leave to file a Third Amended Complaint to re-plead its trade secret misappropriation count. On October 30, 2025, the Court granted Agilent's motion, and Agilent filed the Third Amended Complaint on November 4, 2025. Given the imminence of the trial on Agilent's patent infringement counts, the parties agree that Agilent's DTSA claim should be tried at a later date and not during the March 2026 trial.

Agilent contends that Axion directly and indirectly infringes claims 11, 12, 14, and 18 of the '752 Patent by use of Axion's Maestro Pro and Maestro ZHT machines, in combination with Axion's AxIS Z software with the Impedance Module, and Axion's CytoView-Z 384-well plates, and claims 1, 3, and 10 of the '080 Patent by use of Axion's Maestro Pro, Maestro Edge, Maestro Z, Maestro ZHT, and Maestro TrayZ machines, in combination with Axion's AxIS Z software with the Impedance Module, and Axion's CytoView-Z 96-well and 384-well plates (collectively, the "Accused Products") and by inducing the infringement by others through Axion's supply and other acts regarding the Accused Products. Axion denies that it infringes any of the asserted claims, either directly or indirectly and further contends that the claims are invalid as anticipated or rendered obvious by certain prior art. Agilent seeks damages for Axion's alleged infringement in the form of lost profits, which Axion denies are available, and/or a reasonable royalty. Agilent further contends that Axion's infringement is willful and that Agilent is entitled to enhanced damages and attorneys' fees, which Axion denies.

## II.    Jurisdiction

For purposes of the March 2026 trial, this is an action for patent infringement. The subject matter jurisdiction of this Court is not disputed as this Court has federal-question jurisdiction over this action because it arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. The parties do not dispute personal jurisdiction or venue for the purpose of this action.

### III.    Facts

#### A.    Uncontested Facts

Any party, with prior notice to the other party, may read any or all of the uncontested facts to the jury or Court, and will be charged for the time used to do so.

The facts that are not disputed or have been agreed to or stipulated to by the parties are attached here as **Exhibit 1**. These uncontested facts require no proof at trial and will become part of the evidentiary record in this case.

The parties reserve the right to modify or supplement the Joint Statement of Uncontested Facts to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

#### B.    Contested Facts

Agilent's Statement of Contested Issues of Fact to be litigated at trial is attached as **Exhibit 2P**.

Axion's Statement of Contested Issues of Fact to be litigated at trial is attached as **Exhibit 2D.**

### IV.    Issues of Law

Agilent's Statement of Issues of Law that remain to be litigated at trial is attached as **Exhibit 3P**.

Axion's Statement of Issues of Law that remain to be litigated at trial is attached as **Exhibit 3D.**

### V.    Witnesses

The presentation of evidence will follow the burden of proof. Agilent will go first, presenting its case-in-chief on infringement and damages. Axion then will present its rebuttal to

4

Agilent's case-in-chief and its case-in-chief on invalidity. Agilent then will present its rebuttal to Axion's case-in-chief on invalidity.

The parties have prepared good faith lists of witnesses expected to be called at trial, either live or by deposition, including a "will call" list and a "may call" list. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition. Any witness not listed will be precluded from testifying, absent good cause shown.

Each party reserves the right to amend but not supplement its trial witness list as part of the meet and confer process leading up to trial, in response to the other party's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event any of the individuals listed become unable to attend the trial or otherwise unable to provide testimony. However, by 5:00 p.m. on March 16, 2026, each party must provide a final indication of whether each fact witness, identified on either party's witness list that is an employee of that party or otherwise within the control of that party will be made available to testify live at trial. The availability of a fact witness to testify live at trial does not preclude the opposing party from designating that witness's 30(b)(6) deposition testimony to be played in its case-in-chief. The parties agree, however, that any fact witness called to testify live will only testify live once in the producing party's case. Accordingly, the scope of the cross examination of any such witness may extend beyond the scope of the direct examination of that witness. The final indication of whether a witness will be available to be called live cannot be amended absent a showing of good cause. The parties may provide brief, non-argumentative transition statements for witnesses before they are called to testify live or by deposition.

5

**A.**    **List of Witnesses the Plaintiff Expects to Call**

       **1.**    **Expert witnesses**

In **Exhibit 4P**, attached hereto, Plaintiff identifies the expert witnesses it intends to call to testify at trial and the subject matter on which it will ask the Court to recognize the witness's expertise. Defendant's objections to any identified witness are included in **Exhibit 4P**.

       **2.**    **Non-expert witnesses**

In **Exhibit 4P**, attached hereto, Plaintiff identifies the fact witnesses it intends to call to testify at trial and whether the witnesses will testify in person or by deposition. Defendant's objections to any identified witness are included in **Exhibit 4P**.

**B.**    **List of Witnesses Defendant Expects to Call**

       **1.**    **Expert witnesses**

In **Exhibit 4D**, attached hereto, Defendant identifies the expert witnesses it intends to call to testify at trial and the subject matter on which it will ask the Court to recognize the witness's expertise. Plaintiff's objections to any identified witness are included in **Exhibit 4D**.

       **2.**    **Non-expert witnesses**

In **Exhibit 4D**, attached hereto, Defendant identifies the fact witnesses it intends to call to testify at trial and whether the witnesses will testify in person or by deposition. Plaintiff's objections to any identified witness are included in **Exhibit 4D**.

**C.**    **List of Third Party Witnesses the Parties Expect to Call**

Any third-party witness expected to be called to testify by Plaintiff will be included in **Exhibit 4P**. Any third-party witness expected to be called to testify by Plaintiff will be included in **Exhibit 4D**.

**D.**      **Procedures for Identifying and Examining Witnesses**

A party shall identify the specific witnesses it intends to call to testify, consistent with the party's identification of witnesses as described above in Section V, in the order in which they will be called, on each trial day by 6:00 p.m. two (2) calendar days before they are to be called. Any objections to disclosed witnesses shall be provided by 6:00 p.m. one (1) calendar day before the witness will be called. The parties shall meet and confer by 9:00 p.m. that same day and should an agreement not be reached, the parties shall notify the Court of the outstanding disputes by 5:00 a.m. the day the witness is scheduled to testify.

Except for expert witnesses and a corporate representative for each party, the parties request that fact witnesses be sequestered pursuant to Federal Rule of Evidence 615 until the witness is excused and not subject to recall. Each party shall identify by email to opposing counsel its corporate representative no fewer than three (3) business days before the first day of the currently scheduled trial, i.e., by 5:00 p.m. on March 18, 2026.

An offering party may discuss with a witness his or her testimony while on direct examination, including during adjournments in the trial, breaks during the trial day and overnight. An offering party may not discuss with a witness his or her testimony after the witness is tendered for cross-examination, including during adjournments in the trial, breaks during the trial day and overnight. Once cross-examination of a witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination.

Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with one copy of a binder containing all exhibits that they intend to use with that witness on direct examination and will provide all required copies to the Court. With respect to cross examination, the party cross examining a witness shall provide

7

one copy of a binder containing all of the exhibits expected to be used during cross examination to the other party and all required copies to the Court at the start of the cross examination of that witness. The party conducting the cross-examination may collect the binder from opposing counsel if the cross-examination is not completed by the end of the trial day.

### E.    Testimony by Deposition

The deposition testimony that Plaintiff may offer into evidence is identified in **Exhibit 5P**. The deposition testimony that Defendant may offer into evidence is identified in **Exhibit 5D**.

This pretrial order, and the accompanying exhibits, contain the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

By way of example, should a fact witness previously identified as testifying live not be made available for live testimony at trial, the parties agree that there is good cause for the opposing party to designate deposition testimony of that witness, and the opposing party may designate specific pages and lines of deposition transcript that they intend to play, or if video presentation is unavailable read aloud, in lieu of the witness's appearance upon reasonable notice. To be clear, this agreement is in no way intended to supersede the witness unavailability requirements of Fed. R. Civ. P. 32(a)(4) should a party request to designate its own, non-adverse witness testimony. If a party intends to call a witness by deposition testimony, that party shall disclose the deposition testimony, exhibits, and a proposed introductory statement to be read to the jury prior to playing the designated testimony by 6:00 p.m. two (2) calendar days before offering the testimony. By 9:00 p.m. that same day, any objections, counter-designations, and additional exhibits shall be provided in response to the proposed testimony. By 6:00 p.m. one (1) calendar day before the testimony is offered, the party intending to play deposition testimony shall provide any objections

8

to counter-designations, and counter-counter designations. At 9:00 p.m. one (1) calendar day before the testimony is to be played the parties shall meet and confer regarding objections. The party offering the witness's testimony by deposition will provide the other party with the final version of the deposition video to be played to the jury by 10:00 pm the night before the testimony is to be introduced.  If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than 5:00 a.m. on the day the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

A party may play at trial the deposition testimony of an adverse witness even if that witness is appearing live at trial so long as the deposition testimony is testimony that was offered by the witness as a corporate witness under Federal Rule of Civil Procedure 30(b)(6).

All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. A designation and any corresponding counter-designations for completeness will be played by video in chronological order at the same time. The party offering the witness's testimony will be charged for all time that elapses from the time the witness

9

is called until the next witness is called, except for any time counted in the official clip report for counter-designations will be charged to the party introducing the counter-designations.

### F.    Impeachment with Prior Inconsistent Testimony

Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose. The parties agree that they may object to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

### G.    Objections to Expert Testimony

The parties agree that the Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures. Time for argument over any objection will be charged against the non-prevailing party.

## VI.    Exhibits

### A.    Exhibits

The joint list of exhibits that the parties intend to offer at trial, with the parties' respective objections, are attached as **Exhibit 6J**.

Plaintiff's list of exhibits that it intends to offer at trial, with Defendant's objections, is attached as **Exhibit 6P**. Plaintiff reserves the right to use any exhibit identified by Defendant, and use exhibits not listed for rebuttal and impeachment.

Defendant's list of exhibits that it intends to offer at trial, with Plaintiff's objections, is attached as **Exhibit 6D**. Defendant reserves the right to use any exhibit identified by Plaintiff, and use exhibits not listed for rebuttal and impeachment.

This pretrial order contains the maximum universe of exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such objections, neither of which shall

10

be supplemented without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted unless good cause is shown.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. With the exception of exhibits proposed to be used in direct examination to which there remain no objections after parties' meet and confer and/or after raising exhibit objections with the Court, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.  Exhibits proposed to be used in direct examination to which there remain no objections after parties' meet and confer and/or after raising exhibit objections with the Court, may be published, displayed, or otherwise shown to the jury before they have been admitted into evidence.

A party will provide a list of exhibits to be used in connection with direct examination by 6:00 p.m. two calendar days before their intended use, and objections will be provided no later than 8:00 p.m. the night before their intended use.  The parties shall meet and confer at 9:00 p.m. that same night to discuss any outstanding objections.  Should an agreement not be reached, the party objecting to the exhibit shall notify the Court of the outstanding disputes by 5:00 a.m. the day the exhibit is to be used with a witness during direct examination.

**[Agilent's Proposal:** Exhibits not objected to will be received into evidence without the need for additional foundation testimony, provided they are shown to and identified by a witness. Such identification may be as part of a group of exhibits consistent with the procedure approved by the Court. *See* Pretrial Tr. at 49:19-50:13; 56:5-7.**] / [Axion's Proposal:** Exhibits not objected

11

~~to will be received into evidence without the need for additional foundation testimony, provided each exhibit is shown to a witness, identified, and moved into evidence. This procedure is not intended to allow the admission of multiple exhibits at one time based on a witness's collective identification of documents. *See* Pretrial Tr. at 40: 6 25.]~~

Counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party on or before March 20, 2026.

**B.      Demonstrative Exhibits**

The parties will exchange demonstratives to be used in opening statements by 6:00 p.m. one day before opening statements. The parties will provide any objections to such demonstratives by 8:00 p.m. one night before opening statements. Should a meet and confer be necessary, the parties shall confer at 9:00 p.m. Any unresolved objections shall be raised by 5:00 a.m. on the opening day of trial.

A party will provide demonstrative or physical exhibits for inspection to be used in connection with direct examination by 6:00 p.m. the night before their intended use, and objections will be provided no later than 8:00 p.m. the night before their intended use.  The parties shall meet and confer at 9:00 p.m. that same night to discuss any outstanding objections. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD, CD, or other digital means. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention by 5:00 a.m. on the day the demonstrative is intended to be used. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

## VII.    Brief Statement of Intended Proofs

Plaintiff's brief statement of intended proofs is set forth in **Exhibit 7P**. Defendant's brief statement of intended proofs is set forth in **Exhibit 7D**.

## VIII.    Damages

Agilent intends to seek the following relief:

a.    Lost profits resulting from alleged patent infringement from Axion. 35 U.S.C.  284.

b.    If lost profits are awarded for alleged patent infringement, an additional reasonable royalty from Axion. 35 U.S.C. § 284.

c.    If lost profits are not awarded for alleged patent infringement, a reasonable royalty from Axion. 35 U.S.C. § 284.

d.    Enhanced damages of three times actual damages for Axion's alleged willful patent infringement. 35 U.S.C. § 284.

e.    Pre-judgment and post-judgment interest, costs, and attorneys' fees. 35 U.S.C. §§ 284-285.

## IX.    Bifurcated Trial

The parties agree this trial should be bifurcated such that Agilent's claims for trade secret misappropriation and any damages associated therewith should be tried, if at all, at a later date than the March 2026 trial on Agilent's claims for patent infringement.

## X.    Motions in Limine and Related Agreements

The parties agree that neither party shall argue, or present evidence to the jury, regarding:

(1) any insurance agreements;

(2) any opinions of counsel or consultation with counsel, or lack thereof, concerning infringement, by the Accused Products, of the Asserted Patents, or invalidity of the Asserted Patents; and

(3) Dr. Fair's opinions implicating Defendant's proposed constructions for the "cell index" terms, given that such constructions were not adopted by the Court (D.I. 480).

Plaintiff's contested motions *in limine*, Defendant's oppositions, and Plaintiff's replies, as well as any exhibits, are attached as **Exhibit 8P.** Plaintiff's Motion *in limine* No. 1 was denied-in-part and denied-in-part as moot. *See* D.I. 530. Plaintiff's Motion *in limine* No. 2 was denied as moot. *See* D.I. 530.

Defendant's contested motions *in limine*, Plaintiff's oppositions, and Defendant's replies, as well as any exhibits, are attached as **Exhibit 8D.** Defendant's Motion *in limine* No. 1 was denied. *See* D.I. 526. Defendant's Motion *in limine* No. 2 was denied as moot. *See* D.I. 531. Defendant's Motion *in limine* No. 3 was granted. *See* D.I. 532.

## XI.    Discovery

Each party has completed discovery for the patent infringement claims. Certain items of discovery remain outstanding on Agilent's trade secrets count, which will be tried separately at a later date. The remaining discovery items will be addressed following the March 2026 trial.

14

## XII.    Number of Jurors

There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges for cause, and concluding with three peremptory strikes per side.

## XIII.    Length of Trial

The trial will be timed. Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, offers of proof, closing argument, affirmative deposition designations and counter-designations, and its argument on any motions for judgment as a matter of law. For arguments on objections a party raises (outside the presence of the jury) to another party's deposition designations or counter-designations, exhibits, and demonstrative exhibits, time for argument will be charged against the non-prevailing party, except for time spent on resolving objections argued from 8:30 a.m. to 9:00 a.m. on trial days. Any time spent resolving objections after 9:00 a.m. (or 30 minutes after the objections hearing begins, whichever is later) shall be charged to the losing party, subject to the Court's discretion.

The Courtroom Deputy will keep a running total of trial time used by counsel. If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation. Considering the Court's procedures for counting time, and considering the nature and extent of the parties' disputes, the parties request a five (5) day trial. Jury selection will begin on March 20, 2026, at 9:30 a.m. Trial will begin on March 23, 2026, at 9:00 a.m. and will run until approximately 5:00 p.m. on March 23, 2026, and will run from 9:00 a.m. to approximately 5:00 p.m. each day thereafter. Each party will be allotted 11 hours of trial time, including opening statements and closing arguments.

15

## XIV.    Motions for Judgment as a Matter of Law

Motions for judgment as a matter of law shall be made orally at the earliest break in the trial following the close of a party's case-in-chief on a particular claim or defense. The jury shall be out of the courtroom at the time such motions are made.

## XV.    Amendments of the Pleadings

Neither party intends to request an amendment to its pleadings at the present time.

## XVI.    Settlement

The parties hereby certify that they have engaged in a good-faith effort to explore resolution of the controversy by settlement. Counsel for the parties conducted a mediation in December 2024 and periodic discussions in 2025 and 2026 without reaching a resolution.  The parties will discuss potential resolution of the controversy by settlement before trial commences.

## XVII.    FJC Patent Video

The parties stipulate that the Federal Judicial Center Introduction to the Patent System video will be played as part of the Court's preliminary jury instructions, and that the time incurred in playing the video will not be charged to the parties.

## XVII.    Miscellaneous Issues

The parties also identify the miscellaneous issue below:

(1)    **Axion's Motion to Exclude Opinion and Testimony Related to Damages for Alleged Infringement of the '080 Patent under Fed. R. of Evid. 702, or in the Alternative to Strike Opinion as Untimely (D.I. 515).** This motion is pending and will be fully briefed upon Axion's filing of a reply brief on March 17, 2026.

16

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *rrravis J.:Murray*

_____

Jeremy A. Tigan (#5239)
Brian P. Egan (#6227)
Travis J. Munay (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jtigan@morrisnichols.com
began@mon-isnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiff Agilent Technologies, Inc.*

March 16, 2026

ASHBY & GEDDES

/s/ *}1.ncfrew C. :Mayo*

_____

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Axion Biosystems, Inc.*

 

IT IS HEREBY ORDERED that this Revised Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED:   03/17/2026

Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

17